Name : John Doe
c/o AFLC -Civil Recovery Division .
10 Brookley Ave. #8329 ,
Bolling Air Force Base
US Department of Defense
Washington DC 20032.
Phone /Fax :(614)343-6510.
Email:
info@airforcelawcenter.org



UNITED STATES AIR FORCE
NOTARIAL POWER
OF THE UNITED STATES
CONSUL AND OF
NOTARY PUBLIC
10 U.S.C. 1044a
JUDGE ADVOCATE

**US DISTRICT**
**DISTRICT OF C**

Case: 1:25–cv–03226    JURY DEMAND
Assigned To : Unassigned
Assign. Date : 9/12/2025
Description: Pro Se Gen. Civ. (F–DECK)

John Doe ,
    on behalf of himself in his individual
capacity, his U.S. Military and U.S.
Government duties, and the interests of the
United States Government/Military,

        Plaintiff

vs.

SOCIALIST REPUBLIC of VIET NAM
ISLAMIC REPUBLIC OF IRAN

TO LAM (MINISTER OF MINISTRY of
PUBLIC SECURITY )

NGUYEN VAN NHIEM ( AGENT OF
SOCIALIST REPUBLIC OF VIETNAM).
NGUYEN VAN TRUC (A US CITIZEN -AN
AGENT OF SOCIALIST REPUBLIC OF
VIETNAM ).
DANG XUAN HONG ( AN AGENT OF
SOCIALIST REPUBLIC OF VIETNAM ).
LE HONG NAM ( HEAD OF HO CHI MINH
CITY PUBLIC SECURITY DEPARTMENT).
LE QUANG DAO (INTELLIGENCE HEAD
OF HO CHI MINH CITY PUBLIC
SECURITY  DEPARTMENT).
NGUYEN QUANG THONG ( AN AGENT
OF DISTRICT 11 POLICE - HO CHI MINH
CITY )
NGO QUANG THE (CHIEF OF WARD 05

**COMPLAINT FOR DAMAGES** :

**1/REMEDIES UNDER TORTURE VICTIM
PROTECTION ACT .**
2/REMEDIES UNDER **28 U.S.C. § 1605B** .
**Justice For United States Victims Of State
Sponsored Terrorism.**
3/REMEDIES UNDER RELATED FEDERAL
CAUSES OF ACTIONS .

Request For  JURY TRIAL .
Most Remedies  will be donated to American Disabled
Veterans /Military Gold Star Family Fund -US
Department of Defense /Department of Veterans
Affairs .

RECEIVED
Mailroom

SEP 1 2 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

1

DISTRICT 11 POLICE -HO CHI MINH
CITY )
THAN TRONG BINH ( VICE CHIEF OF
WARD 05 DISTRICT 11 POLICE -HO CHI
MINH CITY ).
LUU TAN LOI ( UNDERCOVER OF HO
CHI MINH CITY POLICE DEPARTMENT)
VU MANH CUONG ( IMMIGRATION
POLICE, HO CHI MINH CITY ).
LY HOAI SON ( AGENT OF WARD 05
DISTRICT 11 HO CHI MINH CITY POLICE
).

LE HOANG BAO ( DISTRICT 07 POLICE
HO CHI MINH CITY )
LE MINH HAI ( CYBER SECURITY
DEPARTMENT OF HO CHI MINH CITY )
NGUYEN VAN HA ( CYBER SECURITY
DEPARTMENT OF HO CHI MINH CITY )
DO HOANG VIET ( UNDERCOVER
AGENT )
VU THE SON ( UNDERCOVER AGENT )
NGUYEN TUAN ANH ( UNDERCOVER
AGENT )
LE VAN TU ( UNDERCOVER AGENT )
NGUYEN NGOC SON ( COLONEL
-UNDERCOVER AGENT ).
 MOHAMED MANASTRA ( AGENT,
ISLAMIC REVOLUTIONARY GUARD
CORPS/HEZBOLLAH);
ATIR MANASTRA ( AGENT, ISLAMIC
REVOLUTIONARY GUARD
CORPS/HEZBOLLAH);

Does 1-100

Defendants.

# COMPLAINT FOR DAMAGES

**(1) Under the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350 ;**
**(2) Under the Justice Against Sponsors of Terrorism Act (JASTA), 28 U.S.C. § 1605B;**
**(3) Related Federal Causes of Actions;**

## DEMAND FOR JURY TRIAL

# INTRODUCTION

1. This civil action is brought pursuant to the **Torture Victim Protection Act (TVPA)** and the **Justice Against Sponsors of Terrorism Act (JASTA)** against the Socialist Republic of Vietnam, its agents, and associated foreign terrorist collaborators, including operatives of the Islamic Revolutionary Guard Corps (IRGC/Hezbollah).

2. Plaintiff, a United States Air Force Officer/Veteran, Federal /Military Court/State Courts - Chief Legal Officer/Investigator, and Senior Advisor to the U.S. Department of Defense / Federal Government and White House-US Congress  in some related missions and duties  , was subjected to **kidnapping, torture, attempted murder, and extrajudicial detention** in Vietnam beginning in July 2022.

3. Plaintiff comes from a family of senior officers of the U.S. Air Force/Army and the former Republic of Vietnam military, who fought against the North Vietnamese Communist invasion during the Vietnam War .Plaintiff holds more than eight academic degrees, including doctorates in Law and Technology/Engineering, earned from top U.S. universities through scholarships awarded by both the universities and the U.S. Congress  .

4. These actions were carried out under color of law by Vietnamese Communist government officials, police, and intelligence agents in cooperation with Iranian agents, and they constitute **acts of terrorism and torture** against a U.S. Citizen-US Military Senior Legal Officer, violating clearly established international and U.S. law.

5. The attacks also targeted Plaintiff's works as a U.S. Military Legal Officer investigating terrorism, money laundering, and foreign intelligence activities.

6. **As History of unlawful torture under the Communist regime in Vietnam from 1945 until now :**

US State Department , UN Human rights organizations and government reports detail a history of torture and ill-treatment of individuals by the Communist regime in Vietnam, according to Amnesty International. These practices have been directed at a range of individuals, including prisoners of war, political prisoners, human rights defenders, journalists, dissidents, and ethnic and religious minorities. Key examples and characteristics of torture and ill-treatment:

- **POW Treatment during the Vietnam War**: American prisoners of war (POWs) held by North Vietnam endured systemic brutality and harsh conditions, including physical torture (beatings, rope tricks, dislocations, electrocution), solitary confinement, isolation, and lack of medical treatment. The North Vietnamese did not adhere to the Geneva Convention, considering American POWs as political criminals.

- **"Re-education Camps"**: After the Vietnam War, the communist government established "re-education camps" where hundreds of thousands of former military officers, government workers, and supporters of the South Vietnamese government and US Government  were imprisoned and killed in their re-education camps. Torture was common in these camps, seen as a means of revenge and repression.

- **Torture of Prisoners of Conscience:** Amnesty International has documented cases of torture and ill-treatment, including enforced disappearances, prolonged incommunicado detention, solitary confinement (including in "tiger cages"), physical violence (beatings, electrocution),

4

withholding of medical treatment, and punitive transfers to prisons far from families. These acts are often intended to compel confessions and punish activism.

- In the history of the Ho Chi Minh City Intelligence Agency, the Ministry of Public Security, and the Communist Party of Vietnam, many political dissidents were tortured and killed in their detention cells, including at the remote detention center located at 148 Ong Ich Khiem Street, Ward 05, District 11, Ho Chi Minh City, where **NGO QUANG THE and THAN TRONG BINH** acted as local chiefs and direct perpetrators.

- To Lam, as head of the Intelligence Agency and the Ministry of Public Security, was under a warrant of arrest issued by an European nation for the kidnapping of his fellow Communist officer, Trinh Xuan Thanh, in 2017, as well as for involvement in other similar cases under the surveillance of the U.S. Department of State .

# Brief on the Global Magnitsky Human Rights Accountability Act (2016)

## I. Purpose

The Global Magnitsky Human Rights Accountability Act ("Global Magnitsky Act") was enacted to provide the United States with a legal mechanism to impose **targeted sanctions** on foreign individuals and entities engaged in **gross human rights abuses** or **significant acts of corruption**, regardless of the geographic location of such acts.

Its intent is to **hold perpetrators accountable**, restrict their access to the U.S. financial system, and prevent them from enjoying safe haven in the United States.

## II. Scope of Authority

1. **Jurisdiction**: Applies **extraterritoriality** to foreign persons outside the United States.

2. **Covered Conduct**:
   - **Human Rights Violations**: Extrajudicial killings, torture, or other gross violations of internationally recognized human rights committed against whistleblowers, human rights defenders, or individuals exposing illegal government activity.
   - **Corruption**: Significant acts of corruption, including:
     - Expropriation of private or public assets for personal gain.
     - Bribery, kickbacks, or facilitation payments in connection with government contracts or natural resource exploitation.
     - Transfer or concealment of ill-gotten gains through the U.S. or international financial system.

## III. Enforcement Mechanisms

1. **Sanctions**
   - **Asset Blocking**: All property and interests in property subject to U.S. jurisdiction are frozen.
   - **Visa Restrictions**: Designated individuals are ineligible to receive U.S. visas and denied admission to the United States.

2. **Administrative Oversight**
   - **President**: Holds primary designation authority.
   - **Department of the Treasury (OFAC)**: Administers financial sanctions.
   - **Department of State**: Provides foreign policy and human rights assessments.
   - **Department of Justice**: Assists in enforcement and legal compliance.

## IV. Congressional Oversight

- **Requests for Designation**: Congress may submit names of foreign individuals/entities for review and possible sanction designation.
- **Reporting**: The Executive Branch must provide reports to Congress regarding designations, implementation, and enforcement actions under the Act.

## V. Legal Authority

- Codified at **Public Law 114–328, Subtitle F (2016)**.
- Supplements existing U.S. sanctions regimes, particularly the **International Emergency Economic Powers Act (IEEPA)** and the **Immigration and Nationality Act (INA)**.

## VI. Policy Impact

- Provides a **targeted accountability mechanism** focusing on individuals and entities, not entire governments.
- Demonstrates U.S. commitment to **human rights and anti-corruption enforcement** globally.
- Has been applied against officials, oligarchs, and entities in **Russia, China, Vietnam, Myanmar, Venezuela, Saudi Arabia, and others**, signaling U.S. willingness to confront abuses beyond its borders.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to:

- **TVPA (Pub. L. 102–256)**, authorizing civil suits in U.S. courts against individuals acting in an official capacity for a foreign nation who commit torture or extrajudicial killings.

- **JASTA (28 U.S.C. § 1605B)**, which eliminates sovereign immunity for foreign states and their officials who aid, abet, or conspire with designated terrorist organizations in committing acts of international terrorism against U.S. citizens.

- **28 U.S.C. §§ 1331, 1332, and 1605A.**

8. **Venue is proper in this District under 28 U.S.C. § 1391(f)(4)**, as this action is brought under federal law against foreign state actors .

# TABLE OF AUTHORITIES

**Statutes**

- Torture Victim Protection Act (TVPA), Pub. L. 102–256, 106 Stat. 73 (1992), codified at 28 U.S.C. § 1350 note
- Justice Against Sponsors of Terrorism Act (JASTA), Pub. L. 114–222, 130 Stat. 852 (2016), codified at 28 U.S.C. § 1605B
- 28 U.S.C. § 1331 (Federal Question Jurisdiction)
- 28 U.S.C. § 1332 (Diversity Jurisdiction)
- 28 U.S.C. § 1391(f)(4) (Venue for Actions Against Foreign States)
- 28 U.S.C. § 1605A (Terrorism Exception to Sovereign Immunity)

**Cases**

- Filártiga v. Peña-Irala, 630 F.2d 876 (2d Cir. 1980) (recognizing torture as a violation of international law actionable in U.S. courts)
- Kadic v. Karadžić, 70 F.3d 232 (2d Cir. 1995) (establishing liability of individuals under TVPA for acts of torture and extrajudicial killing)
- Owens v. Republic of Sudan, 864 F.3d 751 (D.C. Cir. 2017) (affirming jurisdiction under FSIA terrorism exception for acts of terrorism against U.S. citizens)
- Opati v. Republic of Sudan, 140 S. Ct. 1601 (2020) (permitting punitive damages under FSIA terrorism exception)
- Jesner v. Arab Bank, PLC, 138 S. Ct. 1386 (2018) (limitations on corporate liability under international terrorism statutes)

## PARTIES

**9.Plaintiff John Doe** – Plaintiff John Doe is a U.S. citizen and a Disabled Veteran who was injured while serving on U.S. Government/Military duty, including in connection with the matters at issue in this case. He is also a Senior U.S. Military Legal Officer and Investigator who was harmed by Defendants' acts of torture, kidnapping, and terrorism.

Plaintiff has had a successful public and government professional career in his U.S. Government/Military service, supported by his legal and engineering background. He holds many graduate and doctoral degrees from top U.S. universities, earned through academic merit and scholarships. He has been awarded multiple medals, including some of the highest honors from the U.S. Government and the President of the United States. Plaintiff's Military Law Organization pay grade and position are equivalent to the highest levels of U.S. Government service, comparable to a Cabinet-level official or a Four-Star General.

**10.Defendants** – Defendants are officials and agents of the Socialist Republic of Vietnam and Iranian terrorist operatives, acting under color of foreign law and in furtherance of a history of supporting terrorism. Defendants conspired to commit torture, extrajudicial detention, and terrorism.

Defendants also fabricated false U.S. Government documents purporting to originate from the U.S. Embassy in Saigon in order to create a pretext for kidnapping and torturing Plaintiff. In addition, Defendants stole Plaintiff's personal property and U.S. Military property, including electronic equipment,applications  and identification documents. These thefts remain under investigation by U.S. federal law enforcement agencies.

Prior to July 2022, Defendants—including **NGUYEN VAN NHIEM, LE QUANG DAO**, NGUYEN NGOC SON, MOHAMED MANASTRA, and ATIR MANASTRA—were investigated by Plaintiff's U.S. Military Legal Team for sham marriages, money laundering, and support for criminal organizations, including foreign extremist terrorist groups such as Hezbollah, an Iranian proxy organization, and the Government of Iran. These activities were directed at harming the United States Government and Military while being carried out in Vietnam and other parts of Asia.

In 2018 and earlier, Plaintiff's Military Legal Team was prosecuting Mohamed and Atir Manastra, identified as Iranian proxy agents operating within Hezbollah, who were working in connection with NGUYEN NGOC SON, a Vietnamese Intelligence Colonel, in conducting illegal activities targeting the United States. Defendants NGUYEN NGOC SON and LE QUANG DAO were members of the same intelligence division under the supervision of TO LAM, Minister of the Ministry of Public Security of Vietnam.

- In the history of the Ho Chi Minh City Intelligence Agency, the Ministry of Public Security, and the Communist Party of Vietnam, many political dissidents were tortured and killed in their detention cells, including at the remote detention center located at 148 Ong Ich Khiem Street, Ward 05, District 11, Ho Chi Minh City, where **NGO QUANG THE and THAN TRONG BINH** acted as local chiefs and direct perpetrators.

These Defendants operated international business networks to provide financial and logistical support to Iran, including cooperation with NICOLÁS MADURO, the current President of Venezuela, who is under a U.S. Government arrest warrant.

All of the above-named Defendants acted directly or indirectly to target Plaintiff and his associates, making them victims of these criminal and terrorist networks.

**As known and unknown Defendants related to this case, they are identified as follows:**

- **TO LAM** – Minister of the Ministry of Public Security.
- **NGUYEN VAN NHIEM** – Agent of the Socialist Republic of Vietnam.
- **NGUYEN VAN TRUC** – A United States Citizen and an Agent of the Socialist Republic of Vietnam. Brother of Nguyen Van Nhiem .
- **DANG XUAN HONG** – Agent of the Socialist Republic of Vietnam.
- **LE HONG NAM** – Head of the Ho Chi Minh City Public Security Department.
- **LE QUANG DAO** – Intelligence Head of the Ho Chi Minh City Public Security Department.
- **NGUYEN QUANG THONG** – Agent of the District 11 Police, Ho Chi Minh City.
- **NGO QUANG THE** -- Chief of Ward 05, District 11 Police, Ho Chi Minh City.
- **THAN TRONG BINH** – Vice Chief of Ward 05, District 11 Police, Ho Chi Minh City.
- **LUU TAN LOI** – Undercover Agent of the Ho Chi Minh City Police Department.
- **VU MANH CUONG** – Immigration Police, Ho Chi Minh City.
- **LY HOAI SON** – Agent of Ward 05, District 11 Police, Ho Chi Minh City.
- **LE HOANG BAO** – District 07 Police, Ho Chi Minh City.
- **LE MINH HAI** – Cyber Security Department, Ho Chi Minh City.
- **NGUYEN VAN HA** – Cyber Security Department, Ho Chi Minh City.
- **DO HOANG VIET** – Undercover Agent.
- **VU THE SON** – Undercover Agent.
- **NGUYEN TUAN ANH** – Undercover Agent.
- **LE VAN TU** – Undercover Agent.
- **NGUYEN NGOC SON** – Colonel and Undercover Agent.
- **MOHAMED MANASTRA** – Agent of the Islamic Revolutionary Guard Corps/Hezbollah.
- **ATIR MANASTRA** – Agent of the Islamic Revolutionary Guard Corps/Hezbollah.
- NGUYEN VAN NEN -SECRETARY OF HO CHI MINH CITY COMMUNIST PARTY .
- PHAN VAN MAI -CHAIRMAN OF HO CHI MINH CITY PEOPLE COMMITTEE.
- TRAN PHI LONG-CHAIRMAN OF DISTRICT 11 HO CHI MINH.

# FACTS

**11. On July 27–28, 2022,** in Ho Chi Minh City, Vietnam, Plaintiff was unlawfully detained, beaten, tortured, and denied access to medical treatment and U.S. Consular protection.

12. Before 2022, and continuing after the terrorism-criminal acts on the above dates until 2025, Plaintiff was subjected to additional incidents of terrorization by terrorism-related criminal activities perpetrated by agents of the Vietnamese Communist Government and Hezbollah-linked operatives acting as proxies for Iran in Vietnam and other parts of Asia.

13. Vietnamese police and intelligence officers—including Nguyen Van Nhiem; Nguyen Van Truc, a U.S. citizen by fraud who concealed his career as a spy and is a member of the Vietnamese Communist Party; and Le Quang Dao—planned and orchestrated the plot. They collaborated with undercover officers and Hezbollah-linked operatives. In the United States, Nguyen Van Truc worked under the supervision of the Chief of the Overseas Intelligence Division of the Vietnamese Communist Government. He is presently residing in Texas.

14. In 2018 and earlier, Plaintiff's military legal team prosecuted Mohamed and Atir Manastra, Iranian proxy agents within Hezbollah forces, for their coordination with Nguyen Ngoc Son, a Vietnamese Intelligence Colonel, in illegal activities targeting the U.S. Military and Government. Nguyen Ngoc Son and Le Quang Dao were assigned to the same intelligence division under the supervision of To Lam, Minister of the Ministry of Public Security. These Defendants operated multiple international businesses to support Iran's acts of terrorism in coordination with **Nicolas Maduro**, the current President of Venezuela, who is subject to a U.S. Government arrest warrant.

In October 2018, Manastra and Iranian terrorism–criminal proxy groups paid Nguyen Ngoc Son ,Le Quang Dao and other undercover Vietnamese agents millions of dollars to assassinate Plaintiff shortly after he departed a U.S. Embassy branch in Asia. They also issued death threats against Plaintiff's family members and associates because of Plaintiff's Military Legal Team's investigations into Iranian terrorism–criminal proxy groups operating across multiple nations, including through cooperation with certain Vietnamese intelligence agents.

Before July 2022, Defendant **Nguyen Van Nhiem**, his brother **Nguyen Van Truc**, his associate **Le Quang Dao**, and other associates called the Plaintiff and the Plaintiff's associate **BTCL** and threatened: *"Do not investigate or complain against us, or you will disappear with Vietnamese undercover agents or Iranian terrorist-criminal groups in Vietnam."Also,Nhiem convinced BTCL become Plaintiff's spouse and divorce in US  to avoid Investigations against his family as well as sponsor him to US .*

Between February and July 2022, the Plaintiff and BTCL were subjected to multiple death threats and other threats from the Defendants, including **Nguyen Van Nhiem**, his associate and alleged fraudulent U.S. citizen **Nguyen Van Truc**, **Le Hoang Bao** from District 07 Police, and additional agents affiliated with Iranian terrorist-criminal proxy groups. Defendant Nhiem contacted to **02 BTCL's relatives to threat Plaintiff not to investigate his family's illegal acts in US and Vietnam**.

15. Defendants planned Plaintiff's kidnapping prior to July 27, 2022, through surveillance, stalking, and death threats. On July 27, 2022, at approximately 5:00 p.m., continuing through midnight on July 28, 2022, over 20 Defendants unlawfully detained Plaintiff from his temporary residence while on Government/Military Law works duty. Defendants falsely accused Plaintiff of being a "fake U.S. citizen" with  falsified US Embassy Documents in order to gain entry to

his residence, threatening his associate, BTCL, in District 11, Saigon, Vietnam. They fabricated evidence, including falsified U.S. Embassy documents, alleging that Plaintiff was a fake U.S. citizen, as part of an attempt by **undercover agents to extract sensitive U.S. Government and Military legal information and derail his ongoing government** and military law enforcement work on pending national security cases. His temporary residence rent from BTCL.

Defendants, acting under the direction of **Le Quang Dao** and **Nguyen Van Nhiem**, including **Vu Manh Cuong, Le Van Tu,** and **Vu The Son**, who are members of the Ho Chi Minh City Intelligence Agency, engaged in multiple illegal tactics. These actions included the fabrication of falsified documents purporting to originate from the U.S. Embassy in Saigon, Vietnam, falsely alleging that Plaintiff is a "fake U.S. citizen." Furthermore, on or about **July 27 and July 28, 2022**, Defendants unlawfully entered Plaintiff's temporary residence and room, attempted to open Plaintiff's luggage, and obstructed intervention by the U.S. Embassy. There was No Legal Cause to let them enter Plaintiff's.

Plaintiff was beaten at his temporary residence and in a Vietnamese Intelligence Car in Ho Chi Minh City while on government duty with his associate, BTCL, and was subsequently tortured at the detention facility of the Ho Chi Minh City Intelligence Department, located at 148 Ong Ich Khiem Street, Ward 05, District 11, Ho Chi Minh City. He was held for three days and two nights in a 2x2 meter cell, which contained dried blood and other visible evidence of prior torture. Plaintiff was subjected to repeated questioning, threats, detention, and physical torture. Following intervention by U.S. Government and Military authorities, he was rescued and transferred to a hospital in Saigon for emergency medical treatment. He was diagnosed with severe physical injuries, including head trauma, spinal injuries, bruising, and neurological damage. After transfer to the Washington, D.C., Military Medical Center, Military doctors **further determined that Plaintiff had been poisoned** by Vietnamese Communist agents during his detention and torture.

**16.** On or about 9:00 p.m. on July 27, 2022, Defendants, including Than Trong Binh and Ly Hoai Son, forcibly robbed Plaintiff of his personal properties , including three cell phones, in order to prevent Plaintiff from contacting U.S. Embassy or Military personnel, the Pentagon, or the White House for intervention. Defendants also **stole U.S. Military electronic applications,$2000,property, and legal case files stored on Plaintiff's devices/wallets, including matters related to U.S. Military and Federal Court proceedings**. These illegal acts caused serious damages to US Department of Defense works which cost more  than 500 Millions Dollars .

On at least three occasions between July 27 and July 28, 2022, U.S. Embassy and Military staff attempted to contact Ward 05 authorities in District 11, Ho Chi Minh City, to confirm Plaintiff's detention and secure his release. However, Defendants—including Than Trong Binh, Ly Hoai Son, Ngo Quang The, Le Quang Dao, and Dang Xuan Hong—**refused to acknowledge Plaintiff's detention at the Vietnamese Ministry of Public Security's intelligence facility in Ho Chi Minh City (directed by Le Quang Dao).Dang Xuan Hong is a Chief of Intelligence and Foreign Affair of VN Communist Ministry of Public Security .**

**17.**Defendants, including **Than Trong Binh** and **Ly Hoai Son**, unlawfully seized Plaintiff's three cell phones and deleted numerous video clips and photographs that documented the kidnapping and torture committed by their agents and colleagues. Defendants further transferred Plaintiff to their intelligence cell located in Ward 05, District 11, Ho Chi Minh City, Vietnam.

They also joined the team to beat and torture the Plaintiff from 5:00 PM on July 27, 2022, until the early morning of July 29, 2022. This was witnessed by the Plaintiff himself, as well as by other witnesses who are prepared to provide statements to the U.S. Government, the U.S. Military at the U.S.

Embassy, and other Federal agencies in the United States.

**18.** After being released from the Intelligence Center of the Vietnamese Ministry of Public Security, Plaintiff immediately reported the incident and entered the U.S. Embassy in Vietnam, located at 4 Le Duan Street, Saigon. Plaintiff also reported the matter to the U.S. Department of Defense, the Pentagon, and the White House, and thereafter departed Saigon pursuant to U.S. Government/Military instruction. Plaintiff was treated at a U.S. Military Medical Center in Washington, D.C., where he was diagnosed with severe physical injuries, including head trauma, spinal injuries, bruising, neurological damage, and poisoning as confirmed through blood and urine testing. Plaintiff also suffered significant mental health conditions, including nightmares, depression, and anxiety.

**19.** Plaintiff's associate, **BTCL**, was subjected to intimidation, surveillance, and coercion designed to isolate Plaintiff, disrupt his U.S. Government/Military work, and undermine his team's capacity to investigate these crimes committed by Vietnamese Communist Government agents and Iran proxy groups operating in Vietnam and Asia.

**20.** In August 2022, and again on several occasions in October 2022, 2023, 2024, and 2025, after Plaintiff had departed Saigon for Washington, D.C. to receive medical treatment and report to the Pentagon, the FBI, Congress, and the White House, Plaintiff's associate, **BTCL**, was repeatedly threatened by the Ho Chi Minh City Intelligence Agency, operating under the direction of the Ministry of Public Security. BTCL was summoned for questioning regarding Plaintiff's identity, his investigations, and his reporting of Defendants' crimes. After the July 2022 incident, Defendants, including Ly Hoai Son, Le Minh Hai, Nguyen Van Ha, La Dinh Trung Hieu, Do Hoang Viet, and Nguyen Van Truc, attempted to harass and issue death threats. They also called Plaintiff's associate, BTCL, to threaten her and Plaintiff's other associates in order to obstruct Plaintiff's requests for an investigation into the kidnappings, acts of terrorism, and falsified documents carried out by these Defendants.

In 2023, 2024, and 2025, Defendants further assigned agents to visit BTCL's residence to inquire about Plaintiff. These actions were part of a scheme to fabricate a pretext for Defendants' unlawful entry into Plaintiff's temporary residence during the period of Plaintiff's official duties. Defendants, including **Le Minh Hai, Than Trong Binh, and Ly Hoai Son**, also threatened Plaintiff and BTCL through covert operations and by ordering them to appear for interrogations at intelligence facilities.

On September 26, 2022, Than Trong Binh called BTCL and witness DD and threatened: "The Plaintiff has left Saigon and Vietnam and is now residing in the United States. You are not authorized to complain about our actions. If you do complain, you will disappear."

21. On multiple occasions before and after July 27, 2022, Defendants contacted Witness BTCL and her associates to coerce statements describing fabricated illegal activities. These efforts were intended to facilitate Plaintiff's kidnapping and to issue death threats in order to obstruct Plaintiff's Military Legal team from exposing Defendants' criminal network. Additionally, Defendants, including **Nguyen Van Nhiem** and **Le Quang Dao**, threatened BTCL and her colleagues at her office in October 2022 and subsequently at her residence on Lac Long Quan Street, District 11, Ho Chi Minh City.

After the July 2022 incident, Defendant Nguyen Van Nhiem contacted certain witnesses who were associates of BTCL and admitted that he and Le Quang Dao had fabricated evidence and directed numerous agents to stage and record videos for publication on social media and other

13

platforms. He further admitted that they unlawfully entered Plaintiff's temporary residence to commit acts of assault, torture, and kidnapping, as later confirmed through investigations conducted by the U.S. Military and Government .

**22.** As a direct result of Defendants' torture, Plaintiff sustained severe physical injuries—including head trauma, spinal injuries, bruising, and neurological damage—as well as continuing psychological trauma.

**23.** These facts and evidentiary materials have been verified by Plaintiff as both a victim and witnesses, and corroborated by multiple additional witnesses who provided testimony to the U.S. State Department, FBI, U.S. Department of Defense, and U.S. Consulate officers in Saigon, Vietnam, from July 2022 to the present. These matters remain the subject of pending investigations by the FBI, U.S. Department of Justice, U.S. Congress, and U.S. State Department.

**24.** From August 2022 to the present, despite formal inquiries and requests made by the Federal Bureau of Investigation (FBI), the United States Department of Defense (DoD), the United States Department of State, and the United States Congress, the Government of Vietnam has failed and refused to prosecute this terrorism matter. **The Government of Vietnam has also failed to provide meaningful cooperation to the United States Government and United States Military authorities.**

**25.** As reflected in Department of Defense–related media sources, including *Criminal Investigation Offices* (available at https://www.youtube.com/@CriminalInvestigation-Offices/posts), substantial evidence exists in support of this case, including physical evidence, pending evidentiary material, and sworn witness statements. These materials collectively establish probable cause and support claims for prosecution and civil damages.

**26.** Since 2022, the United States Government has imposed sanctions on the Socialist Republic of Vietnam and has formally requested the extradition of identified criminal suspects to the United States for prosecution. Despite such measures, the Vietnamese Government has failed to comply with extradition requests and has engaged in acts of concealment. Specifically, Defendant **Le Minh Tri**, former Head of the National Prosecutor's Office and former Chief of the Ho Chi Minh Communist Party, together with associates within the Vietnamese Government, have acted to obstruct justice. Such acts are consistent with the historic pattern of terrorism and criminal activities attributed to the Vietnamese Communist Party during the Vietnam War. Plaintiff has further requested that the United States Government investigate Defendant Le Minh Tri and impose visa restrictions and travel bans against him.

**27.** To date, and based on ongoing investigations conducted by United States Government and Military authorities, more than fifty (50) officials and personnel affiliated with the Government of Vietnam—including members of the Ministry of Public Security and the Ho Chi Minh City Intelligence Agency—have been identified as participants in this terrorism matter. These operations have been conducted under the direction and supervision of Defendants **Le Quang Dao, Nguyen Van Nhiem, Dang Xuan Hong, and Le Hong Nam**, along with additional unidentified co-conspirators. Such actors have supported and coordinated with the Vietnamese Ministry of Public Security and proxy agents of the Islamic Republic of Iran, including Hezbollah operatives, in furtherance of the terrorism activities identified herein.

14

As reported by Plaintiff to the U.S. Embassy and the Pentagon immediately after his release from the Intelligence Center, as well as by reports submitted by BTCL to the U.S. Embassy in Saigon, Vietnam, Defendants, including Vietnamese Communist agents, assaulted Plaintiff on the third floor of his temporary residence, causing him to lose consciousness at a sofa in ground level . Plaintiff called for medical emergency assistance, but Defendants, including **Le Quang Dao** and **Than Trong Binh**, refused to transfer him to a hospital. **Nguyen Van Nhiem** confirmed, in the presence of witnesses, that he and **Le Quang Dao** assigned agents to take photographs and video recordings of these events for the purpose of carrying out additional illegal retaliatory acts and posting them publicly, including on social media.

During the forced transfer of Plaintiff by Communist agents in an unmarked vehicle, four agents beat and strangled Plaintiff, causing near loss of consciousness. Plaintiff's physical and mental health deteriorated severely as a direct result of these terrorism-related criminal acts.

Before and during the unlawful entry of Defendants into Plaintiff's temporary residence, Plaintiff contacted his Pentagon Legal Team and U.S. Embassy Assistance Team. Plaintiff was advised to instruct Defendants to meet at the U.S. Embassy in Saigon to resolve matters under diplomatic and military duty immunity while overseas. However, Defendants refused to speak by telephone and repeatedly violated Plaintiff's consular protection as a U.S. military/government officer on official duty abroad.

After Plaintiff's release, beginning in July 2022, Defendants continued to engage in illegal and terrorism-related acts in order to conceal their crimes. In August 2022,They compelled BTCL to appear at the Intelligence Agency for interviews and interrogations, amounting to psychological terror.

While detained in the Intelligence Cell, Defendants threatened, tortured, and injected Plaintiff with toxic substances intended to poison him. Plaintiff himself, along with other witnesses, provided evidence of these acts. Plaintiff's electronic monitoring devices—embedded in his body for official purposes—were not discovered by the Communist agents, preventing them from seizing or destroying critical evidence, including his cell phones and wallets be robbed by them.

From August 2022 until the present, the Defendants, including **Nguyen Van Truc**, a U.S. citizen by fraud with concealed Communist affiliation, have committed numerous illegal acts in the United States. These acts include hacking into Plaintiff's phone and using Plaintiff's pictures and videos taken at his Military Office to post on social media in an attempt to distract the public from these terrorism–criminal cases and to spread disinformation as well as for their retaliatory purports.As a result of Plaintiff's direct observations and further investigations, it was determined that, on at least ten occasions before and after the terrorism-criminal incidents of July 2022, Defendant **Nguyen Van Nhiem**, together with **Nguyen Van Truc** and their Communist undercover agents under the supervision of **Le Quang Dao**, repeatedly contacted Plaintiff, Plaintiff's associate **BTCL**, and BTCL's relatives. Defendants maliciously fabricated claims, insisting that Plaintiff was a "fake U.S. citizen" who allegedly sought to travel to Vietnam to oppose the Communist government and extort Nguyen Van Nhiem, despite the fact that Plaintiff had no contact with him or his Communist family members under investigation in the United States before 2022 and until now .

Defendant Nhiem maintained numerous extramarital mistresses in addition to his Communist wife, **Nguyen Thi Thu Van**, Chief of District 07 Communist Party, one of whom included BTCL. Nhiem attempted to use BTCL to obstruct Plaintiff's investigation into his Communist family'Crimes.

15

# CAUSES OF ACTION

## 28. COUNT I – Torture (TVPA)

Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

Defendants, acting under color of authority of the Vietnamese Communist Government, subjected Plaintiff to severe physical and psychological pain and suffering, including beating, poisoning, unlawful detention, and denial of medical care while  he was losing  consciousnesses many times from their tortures.

These acts constitute "torture" as defined by the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350 .

Also , Defendants, acting under color of Vietnamese Communist Government , seized all of his personal and Government Properties included all phones  to prevent contact with US Consulate Supports and His Military Legal Team/Pentagon Staff with out any legal causes , subjected Plaintiff to severe physical and psychological pain and suffering, constituting torture under the TVPA.

## 29. COUNT II – Extrajudicial Detention and Attempted Extrajudicial Killing (TVPA)

Defendants unlawfully detained Plaintiff without due process, denied him access to the U.S. Consulate, threatened his life, and attempted to kill him through torture and poisoning.

Such conduct constitutes extrajudicial detention and attempted extrajudicial killing under the TVPA.

## 30. COUNT III – Civil Liability for International Terrorism (JASTA)

Defendants knowingly aided, abetted, and conspired with Hezbollah, the Islamic Revolutionary Guard Corps (IRGC), and other Iranian proxy groups to target Plaintiff, a U.S. citizen, through acts of terrorism.

Defendants' actions caused Plaintiff injury to his person, business, and property, establishing liability under JASTA, 28 U.S.C. § 1605

## 31. COUNT IV – Conspiracy and Aiding and Abetting Terrorism (JASTA, 28 U.S.C. § 1605B(b))

Defendants conspired with and provided material support to Iranian terrorist operatives and Hezbollah-linked networks in Vietnam, Venezuela, and Asia.

Defendants' coordinated actions with Iranian terrorist operatives constitute a conspiracy to commit international terrorism against a U.S. national.

## 32. COUNT V – Intentional Infliction of Emotional Distress

Defendants' actions caused Plaintiff severe emotional distress, humiliation, and psychological trauma.

Defendants' conduct—including torture, poisoning, threats, and surveillance—was intentional, extreme, and outrageous.

Plaintiff suffered severe emotional distress, humiliation, psychological trauma, and lasting mental health injury as a direct result.

16

## DAMAGES

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

- Severe physical injuries and lasting disability;

- Emotional and psychological trauma;

- Loss of professional opportunities and interference with U.S. Government duties;

- Reputation harm and threats to family and associates, including BTCL and his Family .

34. Plaintiff seeks **compensatory damages, punitive damages, attorneys' fees, and costs** as authorized under TVPA and JASTA.

17

# PRAYER FOR RELIEF

## 1/ DAMAGES :

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, and prays for:

1. **Compensatory damages** in an amount to be determined at trial, **not less than $1,000,000,000 (One Billion U.S. Dollars) for Plaintiff and US Department of Defense /Federal Government ;**

2. **Punitive damages** pursuant to TVPA and JASTA;

3. **Attorney's fees and litigation costs;**

4. **Any other relief this Court deems just and proper.**

5. **Most Remedies  will be donated to American Disabled Veterans /Military Gold Star Family Fund -US Department of Defense -Department of Veterans Affairs .**

## 2/ INJUNCTIVE RELIEF :

Issue orders consistent with U.S. sanctions policy, including:

**Revocation of U.S. citizenship fraudulently** obtained by Defendant Nguyen Van Truc, an intelligence agent of the Vietnamese Communist Government;

7. **Travel visa restrictions on named Defendants,** their relatives, and associated parties, along with seizure of properties in the United States and allied jurisdictions;

8. **Designation of the Ho Chi Minh City Intelligence Division of the Vietnamese Ministry of Public Security as a terrorism-supporting organization under federal law;**

09. Imposition of financial sanctions against the Vietnamese Communist Government, including restrictions on educational, economic, and military cooperation, until cooperation with U.S. investigations is achieved;

10. Extension of sanctions to Iranian state actors and affiliates engaged in these terrorism-related crimes.

Along with current Administrative Procedures from US Government , The Court can issue proper Arrest Warrants to these defendants to ensure they can appear to the Court or other Criminal Court for Justice to American and US Military Legal Personnel.

11. **Impose Sanction based on Global Magnitsky Human Rights Accountability Act :**

12. Based on evidence presented in the attached U.S. Federal Lawsuit (John Doe v. Socialist Republic of Vietnam, Islamic Republic of Iran, et al., U.S. District Court, District of Columbia, 2025), the following individuals are recommended for designation:

13. **TO LAM** – Minister of Public Security of Vietnam.

   - Responsible for directing systematic torture, kidnapping, and persecution of political

dissidents and foreign nationals.

14. **LE QUANG DAO** – Head of Intelligence, Ho Chi Minh City Public Security Department.
   - Commanded detention/torture facilities, including the secret prison at **148 Ong Ich Khiem Street, District 11, HCMC**, where torture and extrajudicial killings occurred.

15. **NGUYEN VAN NHIEM, DANG XUAN HONG, LE HONG NAM, NGO QUANG THE, THAN TRONG BINH, LY HOAI SON**, and others listed in the complaint.
   - Direct perpetrators of unlawful detention, torture, and robbery of Plaintiff's U.S. Government/Military property.

16. **NGUYEN VAN TRUC** – A U.S. citizen by fraud, concealed career as a Vietnamese intelligence agent.
   - Engaged in espionage, sham marriage fraud, and coordinated kidnapping of Plaintiff.

17. **NGUYEN NGOC SON (Colonel)** and **LE MINH HAI** – Cyber and Intelligence officers.
   - Assisted in torture, surveillance, and deletion of evidence from seized U.S. Military property.

18. **MOHAMED MANASTRA & ATIR MANASTRA** – Iranian Hezbollah/IRGC operatives.
   - Coordinated with Vietnamese intelligence to conduct terrorism against U.S. personnel

### 3/ PLAINTIFF'S REQUEST TO THE COURT TO APPLY CRIMINAL CHARGES AGAINST DEFENDANTS FOR FALSE ACCUSATIONS AND FRAUDULENT STATEMENTS FOR TERRORISM-CRIMINAL ACTS :

Plaintiff respectfully requests that this Court apply appropriate charges and sanctions against Defendants for their knowingly false accusations and fraudulent actions that have directly harmed Plaintiff. In support of this request, Plaintiff states as follows:

1. Defendants have willfully and maliciously accused Plaintiff of being a "fake U.S. citizen," despite Plaintiff's lawful status as a United States citizen and a US Military Legal Officer and a Federal Government Advisor .

2. Defendants further compounded their wrongful acts by producing and/or presenting falsified documents purportedly from the United States Embassy to support their false allegations.

3. Such conduct constitutes fraud, defamation, and obstruction of justice, and directly undermines the integrity of U.S. governmental processes and the judicial system.

4. These actions have caused severe injury to Plaintiff's personal reputation, professional standing, and safety as a U.S. citizen and federal crime victim.

5. Plaintiff therefore seeks judicial relief in the form of:
   a. **Application of criminal and/or civil charges** against Defendants for fraud, perjury, and defamation;

b. Sanctions against Defendants for abuse of process and bad faith conduct; and

c. Any further relief the Court deems just and proper in the interest of justice.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 04 2025 .

By: John Doe