UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>        v.<br><br>SOCIALIST REPUBLIC OF VIETNAM, *et al.*,<br><br>    Defendants. | Civil Action No. 25-3226 (JEB) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff is a "U.S. Military Legal Officer" who alleges that he was kidnapped and tortured in Vietnam in connection with his work in that role. See ECF No. 1 (Compl.), ¶¶ 1–5. He brought this *pro se* action against the Socialist Republic of Vietnam, agents of that government, and agents of the Islamic Republic of Iran, alleging that Defendants subjected him to "severe physical and psychological pain and suffering, including beating, poisoning, unlawful detention, and denial of medical care" and are therefore liable under 28 U.S.C. § 1350 for torture, extrajudicial detention, and attempted extrajudicial killing. Id., ¶¶ 28–29. Plaintiff further alleges that "Defendants knowingly aided, abetted, and conspired with Hezbollah, the Islamic Revolutionary Guards Corps (IRGC), and other Iranian proxy groups," making them liable under 28 U.S.C. § 1605B for "conspiracy to commit international terrorism against a U.S. national." Id., ¶¶ 30–31. Fearful that disclosure of his identity "may place him at renewed risk of retaliation, surveillance, or further harm by foreign state actors," he now moves to proceed pseudonymously. See ECF No. 2 (Mot.) at 3. The Court will grant the Motion — although it is somewhat threadbare — subject to any further consideration by the United States District Judge

1

to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiff has met his burden to show that his privacy and safety interests outweigh the public's presumptive and substantial interest in learning his identity.

First, as the Complaint makes clear, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  The Complaint describes the severe violence Plaintiff has already faced and could continue to face if his identity were made public upon filing this lawsuit.  For example, on July 27, 2022, Defendants allegedly entered Plaintiff's temporary residence, accused him of being a "fake U.S. Citizen," and proceeded to beat him. See Compl., ¶ 15.  From there, Plaintiff was transferred to a detention facility, where he "was held for three days and two nights in a 2x2 meter cell . . . [and] subjected to repeated questioning, threats, detention, and physical torture."  Id.  A subsequent medical evaluation determined that he had been poisoned and had suffered "head trauma, spinal injuries, bruising, and neurological damage."  Id.  The Complaint thus reveals Plaintiff "seek[s] to avoid much graver harms than mere annoyance and criticism."  R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.), at 3 (D.D.C. Sep. 12, 2023).

For similar reasons, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties" also counsels granting the Motion.  In re Sealed Case, 971 F.3d at 326 (citation omitted).  Plaintiff explains that he was targeted "specifically because of his affiliation with the United States Military and his legal advisory work."  Mot. at 4.  Revealing his identity "would expose him to further risks, including surveillance, harassment, or even renewed physical harm." Id.  Plaintiff supports that assertion

3

by describing specific threats of retaliation that he and his associates have received.  For instance, while carrying out investigatory and prosecutorial duties, he allegedly received a threatening call from Defendants stating, "Do not investigate or complain against us, or you will disappear."  Compl., ¶ 14.  When Plaintiff eventually left Vietnam, his associate received a similar call seeking to stymie investigations into the kidnapping and torture, saying Plaintiff "has left Saigon and Vietnam and is now residing in the United States.  You are not authorized to complain about our actions.  If you do complain, you will disappear."  Id., ¶ 20.  While the threats in the Complaint are rather sparse and "[d]iscovery may well render [Plaintiff's] concerns unsupported and unwarranted," Doe v. Federal Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023), at this early stage, the Court finds that he has made a sufficient showing with respect to the second factor.

The third factor, in contrast, supports disclosure.  Nothing in Plaintiff's Complaint or Motion suggests that his case implicates the privacy of minors.  See Mot. at 1–5; In re Sealed Case, 971 F.3d at 326.

The fourth factor bolsters the case for non-disclosure.  Plaintiff has sued only foreign governmental actors, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'"  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Although Plaintiff alleges serious wrongdoing on the part of Vietnamese and Iranian state actors, see Compl., ¶¶ 1–5, the public will be able to monitor the

4

case here regardless of whether Plaintiff uses a pseudonym because he has filed his lawsuit on the public docket, not under seal. Doe v. Islamic Republic of Iran, No. 24-2410, ECF No. 4 (Mem. Op.), at 4 (D.D.C. Aug. 30, 2024). The fourth factor therefore supports the Motion.

Finally, the fifth factor favors pseudonymity. Defendants would suffer no "risk of unfairness" if Plaintiff's Motion were granted, In re Sealed Case, 971 F.3d at 326 n.1, as he has offered "to disclose his identity to the Court and to the parties under appropriate protective order." Mot. at 4. Upon the filing of the pseudonymous Complaint, Defendants will remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiff will remain free to object.

In sum, although the third factor weighs against pseudonymity, the remaining factors favor permitting Plaintiff to proceed under a pseudonym at this stage, particularly given the serious danger and threats he has faced.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff must file:

    i. A pseudonymous version of his [2] Motion on the public docket; and

    ii. A sealed declaration containing his real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 29, 2025

5