Name  : John Doe
c/o AFLC -Civil Recovery Division .
10 Brookley Ave. #8329 ,
Bolling Air Force Base
US Department of Defense
Washington DC 20032.
Phone /Fax :(614)343-6510.
Email:
info@airforcelawcenter.org

## US DISTRICT COURT
## DISTRICT OF COLUMBIA DISTRICT COURT

|  |  |
|---|---|
| John Doe , <br> on behalf of himself in his individual capacity, his U.S. Military and U.S. Government duties, and the interests of the United States Government/Military, <br><br> Plaintiff <br> vs. <br><br> SOCIALIST REPUBLIC of VIET NAM <br> ISLAMIC REPUBLIC OF IRAN <br> TO LAM (MINISTER OF MINISTRY of PUBLIC SECURITY ) <br><br> NGUYEN VAN NHIEM ( AGENT OF SOCIALIST REPUBLIC OF VIETNAM). <br> NGUYEN VAN TRUC (A  US CITIZEN -AN AGENT OF SOCIALIST REPUBLIC OF VIETNAM ). <br> DANG XUAN HONG ( AN AGENT OF SOCIALIST REPUBLIC OF VIETNAM ). <br> LE HONG NAM ( HEAD OF HO CHI MINH CITY PUBLIC SECURITY DEPARTMENT). <br> LE QUANG DAO (INTELLIGENCE HEAD OF HO CHI MINH CITY PUBLIC SECURITY  DEPARTMENT). <br> NGUYEN QUANG THONG ( AN AGENT OF DISTRICT 11 POLICE - HO CHI MINH CITY ) | Case : 1:25-cv-03226-CJN. <br><br> **MOTION TO SEAL MOTION FOR NE EXEAT TO DEFENDANT TO LAM AND SUPPORTING DOCUMENTS** <br><br> FOR : <br><br> **COMPLAINT FOR DAMAGES** : <br><br> **1/REMEDIES UNDER TORTURE VICTIM PROTECTION ACT .** <br> 2/REMEDIES UNDER **28 U.S.C. § 1605B** . **Justice For United States Victims Of State Sponsored Terrorism.** <br> 3/REMEDIES UNDER RELATED FEDERAL CAUSES OF ACTIONS . <br><br> Request For  JURY TRIAL . <br> Most Remedies  will be donated to American Disabled Veterans /Military Gold Star Family Fund -US Department of Defense /Department of Veterans |

1

NGO QUANG THE (CHIEF OF WARD 05 DISTRICT 11 POLICE -HO CHI MINH CITY )

THAN TRONG BINH ( VICE CHIEF OF WARD 05 DISTRICT 11 POLICE -HO CHI MINH CITY ).

LUU TAN LOI ( UNDERCOVER OF HO CHI MINH CITY POLICE DEPARTMENT)

VU MANH CUONG ( IMMIGRATION POLICE, HO CHI MINH CITY ).

LY HOAI SON ( AGENT OF WARD 05 DISTRICT 11 HO CHI MINH CITY POLICE ).

LE HOANG BAO ( DISTRICT 07 POLICE HO CHI MINH CITY )

LE MINH HAI ( CYBER SECURITY DEPARTMENT OF HO CHI MINH CITY )

NGUYEN VAN HA ( CYBER SECURITY DEPARTMENT OF HO CHI MINH CITY )

DO HOANG VIET ( UNDERCOVER AGENT )

VU THE SON ( UNDERCOVER AGENT )

NGUYEN TUAN ANH ( UNDERCOVER AGENT )

LE VAN TU ( UNDERCOVER AGENT )

NGUYEN NGOC SON ( COLONEL -UNDERCOVER AGENT ).

 MOHAMED MANASTRA ( AGENT, ISLAMIC REVOLUTIONARY GUARD CORPS/HEZBOLLAH);

ATIR MANASTRA ( AGENT, ISLAMIC REVOLUTIONARY GUARD CORPS/HEZBOLLAH);

Does 1-100

Defendants.

Affairs .

2

# PLAINTIFF'S MOTION TO SEAL

## EMERGENCY MOTION FOR WRIT OF NE EXEAT AND RELATED RELIEF

Plaintiff John Doe respectfully moves, pursuant to **Local Civil Rule 5.1(j)** and the Court's inherent authority, for an Order permitting the filing under seal of Plaintiff's **Emergency Motion for Writ of Ne Exeat and Related Relief**, together with certain supporting exhibits.

# INTRODUCTION

The Emergency Motion contains **sensitive information** that, if publicly disclosed, would:

- create security risks to individuals;

- compromise potential law-enforcement and national-security review;

- reveal non-public details regarding the location, timing, and movement of a foreign official presently within the United States.

These circumstances constitute compelling reasons to permit sealing.

# LEGAL STANDARD

In the District of Columbia, a motion to seal must satisfy:

- the requirements of **Local Civil Rule 5.1(j)**; and

- the six-factor test set forth in
  *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

The Court must balance the public's right of access against the need to protect higher interests.

# APPLICATION OF THE HUBBARD FACTORS

## 1. Need for Public Access

Plaintiff recognizes the general presumption of public access to judicial records and has filed, or will file, a **redacted public version** of the Emergency Motion.

---

## 2. Extent of Previous Public Access

The sensitive information at issue:

- is not part of the public record;
- has not been previously disclosed.

---

## 3. Objections to Disclosure

Sealing is necessary to protect:

- personal safety;
- the integrity of potential law-enforcement review;
- sensitive travel and location information.

---

## 4. Strength of the Property and Privacy Interests

The sealed material implicates:

- security interests;
- law-enforcement-sensitive information;
- non-public identifying and logistical details.

Courts routinely seal records to protect such interests.

---

## 5. Possibility of Prejudice

Public disclosure at this stage would:

- risk compromising governmental review;

- create security concerns for individuals;
- defeat the purpose of the requested emergency relief.

---

## 6. Purpose for Which the Documents Were Introduced

The sealed material is submitted solely to:

- preserve the Court's jurisdiction;
- support emergency equitable relief.

Public disclosure is not necessary for the Court's resolution of the motion.

---

# NARROW TAILORING

The request to seal is **narrowly tailored**.

Plaintiff will:

- file a redacted version on the public docket;
- seal only those portions containing sensitive material.

---

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant leave to file under seal the Emergency Motion for Writ of Ne Exeat and related exhibits;

2. Permit the filing of a redacted public version;

3. Grant such further relief as the Court deems appropriate.

# RESPECTFULLY SUBMITTED

**/s/ John Doe**
John Doe
Plaintiff, Pro Se


Date: _02/19/2026 _____

# PROPOSED ORDER

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion to Seal, and for good cause shown, it is hereby:

ORDERED that the Motion is **GRANTED**; and it is further

ORDERED that Plaintiff's Emergency Motion for Writ of Ne Exeat and related exhibits may be filed **UNDER SEAL**; and it is further


SO ORDERED.