28 USC 1608 Summons
12/11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

John Doe ,

*Plaintiff*

v.

SOCIALIST REPUBLIC of VIET NAM  et al

*Defendant*

Civil Action No. 1:25-cv-03226-CJN

## SUMMONS IN A CIVIL ACTION

To:    *(Defendant's name and address)*    To Lam , Minister of Public Security .Secretary of Vietnamese Communist Party

1A Hùng Vương, Ba Đình, Hà Nội,Vietnam .

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John Doe ,  on behalf of himself in his individual capacity, his U.S. Military and
U.S. Government duties ,
10 Brookley Ave., Unit 8329 , Bolling Air Force base ,Washington DC 20032,
US Department of WAR .
Email : info@airforcelawcenter.org .Phone /Fax :(614)343-6510.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date:    10/2/2025

*Signature of Clerk or Deputy Clerk*

28 USC 1608 Summons
12/11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

John Doe ,
)
*Plaintiff*  —
)
)
v.
)
SOCIALIST REPUBLIC of VIET NAM  et al
)
)
*Defendant*
)

Civil Action No. 1:25-cv-03226-CJN

## SUMMONS IN A CIVIL ACTION

To:     *(Defendant's name and address)*  SOCIALIST REPUBLIC of VIET NAM
( through Vietnam Ministry of Foreign Affairs )
01 Tôn Thất Đàm Street , District  Ba Đình, Hà Nội



A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
John Doe , on behalf of himself in his individual capacity, his U.S. Military and
U.S. Government duties ,
10 Brookley Ave., Unit 8329 , Bolling Air Force base ,Washington DC 20032,
US Department of WAR .
Email : info@airforcelawcenter.org .Phone /Fax :(614)343-6510.

. If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date:    10/2/2025

*Ma. Unsula Masagca*
*Signature of Clerk or Deputy Clerk*

28 USC 1608 Summons
12/11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John Doe ,
_____
Plaintiff

v.

SOCIALIST REPUBLIC of VIET NAM  et al
_____
Defendant

)
)
)
)
)
)
)

Civil Action No. 1:25-cv-03226-CJN

## SUMMONS IN A CIVIL ACTION

To:    *(Defendant's name and address)* DANG XUAN HONG ( AN AGENT OF SOCIALIST REPUBLIC OF VIETNAM )
03 Nguyễn Thượng Hiền Street ,Ward  Nguyễn Du, District  Hai Bà Trưng, Hà
Nội, Việt Nam.

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John Doe ,  on behalf of himself in his individual capacity, his U.S. Military and
U.S. Government duties ,
10 Brookley Ave., Unit 8329 , Bolling Air Force base ,Washington DC 20032,
US Department of WAR .
Email : info@airforcelawcenter.org .Phone /Fax :(614)343-6510.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ANGELA D. CAESAR, CLERK OF COURT

Date:    10/2/2025

*Ma. Ursula Masagca*
*Signature of Clerk or Deputy Clerk*

28 USC 1608 Summons
12/11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

John Doe ,

_____ )
_Plaintiff_                          )
                                     )
v.                                   )          Civil Action No. 1:25-cv-03226-CJN
SOCIALIST REPUBLIC of VIET NAM  et al )
                                     )
_____ )
_Defendant_                          )

## SUMMONS IN A CIVIL ACTION

To:      _(Defendant's name and address)_

> LE QUANG DAO (INTELLIGENCE HEAD OF HO CHI MINH CITY PUBLIC
> SECURITY DEPARTMENT).
> 268 Trần Hưng Đạo Blvd , Ward Nguyễn Cư Trinh, District 01, Hồ Chí Minh
> 700000, Vietnam.

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> John Doe , on behalf of himself in his individual capacity, his U.S. Military and
> U.S. Government duties ,
> 10 Brookley Ave., Unit 8329 , Bolling Air Force base ,Washington DC 20032,
> US Department of WAR .
> Email : info@airforcelawcenter.org .Phone /Fax :(614)343-6510.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ANGELA D. CAESAR, CLERK OF COURT

Date:    10/2/2025

_Signature of Clerk or Deputy Clerk_

28 USC 1608 Summons
12/11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John Doe , | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| SOCIALIST REPUBLIC of VIET NAM  et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 1:25-cv-03226-CJN

### SUMMONS IN A CIVIL ACTION

To:     *(Defendant's name and address)*

LE HONG NAM ( HEAD OF HO CHI MINH CITY PUBLIC SECURITY DEPARTMENT)
268 Trần Hưng Đạo Blvd , Ward Nguyễn Cư Trinh, District 01, Hồ Chí Minh 700000, Vietnam.

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John Doe ,  on behalf of himself in his individual capacity, his U.S. Military and U.S. Government duties ,
10 Brookley Ave., Unit 8329 , Bolling Air Force base ,Washington DC 20032,
US Department of WAR .
Email : info@airforcelawcenter.org .Phone /Fax :(614)343-6510.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____10/2/2025_____

*Ma. Ursula. Masagca.*
*Signature of Clerk or Deputy Clerk*

Name : John Doe
c/o AFLC -Civil Recovery Division .
10 Brookley Ave. #8329 ,
Bolling Air Force Base
US Department of Defense
Washington DC 20032.
Phone /Fax :(614)343-6510.
Email:
info@airforcelawcenter.org



UNITED STATES AIR FORCE
NOTARIAL POWER
OF THE UNITED STATES
CONSUL AND OF
NOTARY PUBLIC
10 U.S.C. 1044a
JUDGE ADVOCATE

**US DI**
**DISTRICT OF Ci**

John Doe ,
on behalf of himself in his individual
capacity, his U.S. Military and U.S.
Government duties, and the interests of the
United States Government/Military,

Plaintiff

vs.

SOCIALIST REPUBLIC of VIET NAM
ISLAMIC REPUBLIC OF IRAN

TO LAM (MINISTER OF MINISTRY of
PUBLIC SECURITY )

NGUYEN VAN NHIEM ( AGENT OF
SOCIALIST REPUBLIC OF VIETNAM).
NGUYEN VAN TRUC (A US CITIZEN -AN
AGENT OF SOCIALIST REPUBLIC OF
VIETNAM ).
DANG XUAN HONG ( AN AGENT OF
SOCIALIST REPUBLIC OF VIETNAM ).
LE HONG NAM ( HEAD OF HO CHI MINH
CITY PUBLIC SECURITY DEPARTMENT).
LE QUANG DAO (INTELLIGENCE HEAD
OF HO CHI MINH CITY PUBLIC
SECURITY DEPARTMENT).
NGUYEN QUANG THONG ( AN AGENT
OF DISTRICT 11 POLICE - HO CHI MINH
CITY )
NGO QUANG THE (CHIEF OF WARD 05

C

**Case: 1:25-cv-03226    JURY DEMAND**
**Assigned To : Unassigned**
**Assign. Date : 9/12/2025**
**Description: Pro Se Gen. Civ. (F-DECK)**

**COMPLAINT FOR DAMAGES :**

**1/REMEDIES UNDER TORTURE VICTIM
PROTECTION ACT .**
2/REMEDIES UNDER **28 U.S.C. § 1605B** .
**Justice For United States Victims Of State
Sponsored Terrorism.**
3/REMEDIES UNDER RELATED FEDERAL
CAUSES OF ACTIONS .

Request For  JURY TRIAL .
Most Remedies  will be donated to American Disabled
Veterans /Military Gold Star Family Fund -US
Department of Defense /Department of Veterans
Affairs .

**RECEIVED**
**Mailroom**

SEP 1 2 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

1

DISTRICT 11 POLICE -HO CHI MINH CITY )
THAN TRONG BINH ( VICE CHIEF OF WARD 05 DISTRICT 11 POLICE -HO CHI MINH CITY ).
LUU TAN LOI ( UNDERCOVER OF HO CHI MINH CITY POLICE DEPARTMENT)
VU MANH CUONG ( IMMIGRATION POLICE, HO CHI MINH CITY ).
LY HOAI SON ( AGENT OF WARD 05 DISTRICT 11 HO CHI MINH CITY POLICE ).

LE HOANG BAO ( DISTRICT 07 POLICE HO CHI MINH CITY )
LE MINH HAI ( CYBER SECURITY DEPARTMENT OF HO CHI MINH CITY )
NGUYEN VAN HA ( CYBER SECURITY DEPARTMENT OF HO CHI MINH CITY )
DO HOANG VIET ( UNDERCOVER AGENT )
VU THE SON ( UNDERCOVER AGENT )
NGUYEN TUAN ANH ( UNDERCOVER AGENT )
LE VAN TU ( UNDERCOVER AGENT )
NGUYEN NGOC SON ( COLONEL -UNDERCOVER AGENT ).
MOHAMED MANASTRA ( AGENT, ISLAMIC REVOLUTIONARY GUARD CORPS/HEZBOLLAH);
ATIR MANASTRA ( AGENT, ISLAMIC REVOLUTIONARY GUARD CORPS/HEZBOLLAH);

Does 1-100

Defendants.

2

# COMPLAINT FOR DAMAGES

**(1) Under the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350 ;**
**(2) Under the Justice Against Sponsors of Terrorism Act (JASTA), 28 U.S.C. § 1605B;**
**(3) Related Federal Causes of Actions;**

## DEMAND FOR JURY TRIAL

# INTRODUCTION

1. This civil action is brought pursuant to the **Torture Victim Protection Act (TVPA)** and the **Justice Against Sponsors of Terrorism Act (JASTA)** against the Socialist Republic of Vietnam, its agents, and associated foreign terrorist collaborators, including operatives of the Islamic Revolutionary Guard Corps (IRGC/Hezbollah).

2. Plaintiff, a United States Air Force Officer/Veteran, Federal /Military Court/State Courts - Chief Legal Officer/Investigator, and Senior Advisor to the U.S. Department of Defense / Federal Government and White House-US Congress in some related missions and duties , was subjected to **kidnapping, torture, attempted murder, and extrajudicial detention** in Vietnam beginning in July 2022.

3. Plaintiff comes from a family of senior officers of the U.S. Air Force/Army and the former Republic of Vietnam military, who fought against the North Vietnamese Communist invasion during the Vietnam War .Plaintiff holds more than eight academic degrees, including doctorates in Law and Technology/Engineering, earned from top U.S. universities through scholarships awarded by both the universities and the U.S. Congress .

4. These actions were carried out under color of law by Vietnamese Communist government officials, police, and intelligence agents in cooperation with Iranian agents, and they constitute **acts of terrorism and torture** against a U.S. Citizen-US Military Senior Legal Officer, violating clearly established international and U.S. law.

5. The attacks also targeted Plaintiff's works as a U.S. Military Legal Officer investigating terrorism, money laundering, and foreign intelligence activities.

6. **As History of unlawful torture under the Communist regime in Vietnam from 1945 until now :**

US State Department , UN Human rights organizations and government reports detail a history of torture and ill-treatment of individuals by the Communist regime in Vietnam, according to Amnesty International. These practices have been directed at a range of individuals, including prisoners of war, political prisoners, human rights defenders, journalists, dissidents, and ethnic and religious minorities. Key examples and characteristics of torture and ill-treatment:

- **POW Treatment during the Vietnam War**: American prisoners of war (POWs) held by North Vietnam endured systemic brutality and harsh conditions, including physical torture (beatings, rope tricks, dislocations, electrocution), solitary confinement, isolation, and lack of medical treatment. The North Vietnamese did not adhere to the Geneva Convention, considering American POWs as political criminals.

- **"Re-education Camps"**: After the Vietnam War, the communist government established "re-education camps" where hundreds of thousands of former military officers, government workers, and supporters of the South Vietnamese government and US Government were imprisoned and killed in their re-education camps. Torture was common in these camps, seen as a means of revenge and repression.

- **Torture of Prisoners of Conscience**: Amnesty International has documented cases of torture and ill-treatment, including enforced disappearances, prolonged incommunicado detention, solitary confinement (including in "tiger cages"), physical violence (beatings, electrocution),

withholding of medical treatment, and punitive transfers to prisons far from families. These acts are often intended to compel confessions and punish activism.

- In the history of the Ho Chi Minh City Intelligence Agency, the Ministry of Public Security, and the Communist Party of Vietnam, many political dissidents were tortured and killed in their detention cells, including at the remote detention center located at 148 Ong Ich Khiem Street, Ward 05, District 11, Ho Chi Minh City, where **NGO QUANG THE and THAN TRONG BINH** acted as local chiefs and direct perpetrators.

- To Lam, as head of the Intelligence Agency and the Ministry of Public Security, was under a warrant of arrest issued by an European nation for the kidnapping of his fellow Communist officer, Trinh Xuan Thanh, in 2017, as well as for involvement in other similar cases under the surveillance of the U.S. Department of State .

# Brief on the Global Magnitsky Human Rights Accountability Act (2016)

## I. Purpose

The Global Magnitsky Human Rights Accountability Act ("Global Magnitsky Act") was enacted to provide the United States with a legal mechanism to impose **targeted sanctions** on foreign individuals and entities engaged in **gross human rights abuses** or **significant acts of corruption**, regardless of the geographic location of such acts.

Its intent is to **hold perpetrators accountable**, restrict their access to the U.S. financial system, and prevent them from enjoying safe haven in the United States.

## II. Scope of Authority

1. **Jurisdiction**: Applies **extraterritoriality** to foreign persons outside the United States.
2. **Covered Conduct**:
   - **Human Rights Violations**: Extrajudicial killings, torture, or other gross violations of internationally recognized human rights committed against whistleblowers, human rights defenders, or individuals exposing illegal government activity.
   - **Corruption**: Significant acts of corruption, including:
     - Expropriation of private or public assets for personal gain.
     - Bribery, kickbacks, or facilitation payments in connection with government contracts or natural resource exploitation.
     - Transfer or concealment of ill-gotten gains through the U.S. or international financial system.

## III. Enforcement Mechanisms

### 1. Sanctions

- **Asset Blocking**: All property and interests in property subject to U.S. jurisdiction are frozen.
- **Visa Restrictions**: Designated individuals are ineligible to receive U.S. visas and denied admission to the United States.

### 2. Administrative Oversight

- **President**: Holds primary designation authority.
- **Department of the Treasury (OFAC)**: Administers financial sanctions.
- **Department of State**: Provides foreign policy and human rights assessments.
- **Department of Justice**: Assists in enforcement and legal compliance.

## IV. Congressional Oversight

- **Requests for Designation**: Congress may submit names of foreign individuals/entities for review and possible sanction designation.
- **Reporting**: The Executive Branch must provide reports to Congress regarding designations, implementation, and enforcement actions under the Act.

## V. Legal Authority

- Codified at **Public Law 114–328, Subtitle F (2016)**.
- Supplements existing U.S. sanctions regimes, particularly the **International Emergency Economic Powers Act (IEEPA)** and the **Immigration and Nationality Act (INA)**.

## VI. Policy Impact

- Provides a **targeted accountability mechanism** focusing on individuals and entities, not entire governments.
- Demonstrates U.S. commitment to **human rights and anti-corruption enforcement** globally.
- Has been applied against officials, oligarchs, and entities in **Russia, China, Vietnam, Myanmar, Venezuela, Saudi Arabia, and others**, signaling U.S. willingness to confront abuses beyond its borders.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to:

- **TVPA (Pub. L. 102–256)**, authorizing civil suits in U.S. courts against individuals acting in an official capacity for a foreign nation who commit torture or extrajudicial killings.

- **JASTA (28 U.S.C. § 1605B)**, which eliminates sovereign immunity for foreign states and their officials who aid, abet, or conspire with designated terrorist organizations in committing acts of international terrorism against U.S. citizens.

- **28 U.S.C. §§ 1331, 1332, and 1605A.**

8. **Venue is proper in this District under 28 U.S.C. § 1391(f)(4)**, as this action is brought under federal law against foreign state actors .

## TABLE OF AUTHORITIES

**Statutes**

- Torture Victim Protection Act (TVPA), Pub. L. 102–256, 106 Stat. 73 (1992), codified at 28 U.S.C. § 1350 note

- Justice Against Sponsors of Terrorism Act (JASTA), Pub. L. 114–222, 130 Stat. 852 (2016), codified at 28 U.S.C. § 1605B

- 28 U.S.C. § 1331 (Federal Question Jurisdiction)

- 28 U.S.C. § 1332 (Diversity Jurisdiction)

- 28 U.S.C. § 1391(f)(4) (Venue for Actions Against Foreign States)

- 28 U.S.C. § 1605A (Terrorism Exception to Sovereign Immunity)

**Cases**

- Filártiga v. Peña-Irala, 630 F.2d 876 (2d Cir. 1980) (recognizing torture as a violation of international law actionable in U.S. courts)

- Kadic v. Karadžić, 70 F.3d 232 (2d Cir. 1995) (establishing liability of individuals under TVPA for acts of torture and extrajudicial killing)

- Owens v. Republic of Sudan, 864 F.3d 751 (D.C. Cir. 2017) (affirming jurisdiction under FSIA terrorism exception for acts of terrorism against U.S. citizens)

- Opati v. Republic of Sudan, 140 S. Ct. 1601 (2020) (permitting punitive damages under FSIA terrorism exception)

- Jesner v. Arab Bank, PLC, 138 S. Ct. 1386 (2018) (limitations on corporate liability under international terrorism statutes)

8

## PARTIES

**9.Plaintiff John Doe** – Plaintiff John Doe is a U.S. citizen and a Disabled Veteran who was injured while serving on U.S. Government/Military duty, including in connection with the matters at issue in this case. He is also a Senior U.S. Military Legal Officer and Investigator who was harmed by Defendants' acts of torture, kidnapping, and terrorism.

Plaintiff has had a successful public and government professional career in his U.S. Government/Military service, supported by his legal and engineering background. He holds many graduate and doctoral degrees from top U.S. universities, earned through academic merit and scholarships. He has been awarded multiple medals, including some of the highest honors from the U.S. Government and the President of the United States. Plaintiff's Military Law Organization pay grade and position are equivalent to the highest levels of U.S. Government service, comparable to a Cabinet-level official or a Four-Star General.

**10.Defendants** – Defendants are officials and agents of the Socialist Republic of Vietnam and Iranian terrorist operatives, acting under color of foreign law and in furtherance of a history of supporting terrorism. Defendants conspired to commit torture, extrajudicial detention, and terrorism.

Defendants also fabricated false U.S. Government documents purporting to originate from the U.S. Embassy in Saigon in order to create a pretext for kidnapping and torturing Plaintiff. In addition, Defendants stole Plaintiff's personal property and U.S. Military property, including electronic equipment,applications and identification documents. These thefts remain under investigation by U.S. federal law enforcement agencies.

Prior to July 2022, Defendants—including **NGUYEN VAN NHIEM, LE QUANG DAO**, NGUYEN NGOC SON, MOHAMED MANASTRA, and ATIR MANASTRA—were investigated by Plaintiff's U.S. Military Legal Team for sham marriages, money laundering, and support for criminal organizations, including foreign extremist terrorist groups such as Hezbollah, an Iranian proxy organization, and the Government of Iran. These activities were directed at harming the United States Government and Military while being carried out in Vietnam and other parts of Asia.

In 2018 and earlier, Plaintiff's Military Legal Team was prosecuting Mohamed and Atir Manastra, identified as Iranian proxy agents operating within Hezbollah, who were working in connection with NGUYEN NGOC SON, a Vietnamese Intelligence Colonel, in conducting illegal activities targeting the United States. Defendants NGUYEN NGOC SON and LE QUANG DAO were members of the same intelligence division under the supervision of TO LAM, Minister of the Ministry of Public Security of Vietnam.

- In the history of the Ho Chi Minh City Intelligence Agency, the Ministry of Public Security, and the Communist Party of Vietnam, many political dissidents were tortured and killed in their detention cells, including at the remote detention center located at 148 Ong Ich Khiem Street, Ward 05, District 11, Ho Chi Minh City, where **NGO QUANG THE and THAN TRONG BINH** acted as local chiefs and direct perpetrators.

These Defendants operated international business networks to provide financial and logistical support to Iran, including cooperation with NICOLÁS MADURO, the current President of Venezuela, who is under a U.S. Government arrest warrant.

9

All of the above-named Defendants acted directly or indirectly to target Plaintiff and his associates, making them victims of these criminal and terrorist networks.

**As known and unknown Defendants related to this case, they are identified as follows:**

- **TO LAM** – Minister of the Ministry of Public Security.
- **NGUYEN VAN NHIEM** – Agent of the Socialist Republic of Vietnam.
- **NGUYEN VAN TRUC** – A United States Citizen and an Agent of the Socialist Republic of Vietnam. Brother of Nguyen Van Nhiem .
- **DANG XUAN HONG** – Agent of the Socialist Republic of Vietnam.
- **LE HONG NAM** – Head of the Ho Chi Minh City Public Security Department.
- **LE QUANG DAO** – Intelligence Head of the Ho Chi Minh City Public Security Department.
- **NGUYEN QUANG THONG** – Agent of the District 11 Police, Ho Chi Minh City.
- **NGO QUANG THE** – Chief of Ward 05, District 11 Police, Ho Chi Minh City.
- **THAN TRONG BINH** – Vice Chief of Ward 05, District 11 Police, Ho Chi Minh City.
- **LUU TAN LOI** – Undercover Agent of the Ho Chi Minh City Police Department.
- **VU MANH CUONG** – Immigration Police, Ho Chi Minh City.
- **LY HOAI SON** – Agent of Ward 05, District 11 Police, Ho Chi Minh City.
- **LE HOANG BAO** – District 07 Police, Ho Chi Minh City.
- **LE MINH HAI** – Cyber Security Department, Ho Chi Minh City.
- **NGUYEN VAN HA** – Cyber Security Department, Ho Chi Minh City.
- **DO HOANG VIET** – Undercover Agent.
- **VU THE SON** – Undercover Agent.
- **NGUYEN TUAN ANH** – Undercover Agent.
- **LE VAN TU** – Undercover Agent.
- **NGUYEN NGOC SON** – Colonel and Undercover Agent.
- **MOHAMED MANASTRA** – Agent of the Islamic Revolutionary Guard Corps/Hezbollah.
- **ATIR MANASTRA** – Agent of the Islamic Revolutionary Guard Corps/Hezbollah.
- NGUYEN VAN NEN -SECRETARY OF HO CHI MINH CITY COMMUNIST PARTY .
- PHAN VAN MAI -CHAIRMAN OF HO CHI MINH CITY PEOPLE COMMITTEE.
- TRAN PHI LONG-CHAIRMAN OF DISTRICT 11 HO CHI MINH.

## FACTS

11. **On July 27–28, 2022**, in Ho Chi Minh City, Vietnam, Plaintiff was unlawfully detained, beaten, tortured, and denied access to medical treatment and U.S. Consular protection.

12. Before 2022, and continuing after the terrorism-criminal acts on the above dates until 2025, Plaintiff was subjected to additional incidents of terrorization by terrorism-related criminal activities perpetrated by agents of the Vietnamese Communist Government and Hezbollah-linked operatives acting as proxies for Iran in Vietnam and other parts of Asia.

13. Vietnamese police and intelligence officers—including Nguyen Van Nhiem; Nguyen Van Truc, a U.S. citizen by fraud who concealed his career as a spy and is a member of the Vietnamese Communist Party; and Le Quang Dao—planned and orchestrated the plot. They collaborated with undercover officers and Hezbollah-linked operatives. In the United States, Nguyen Van Truc worked under the supervision of the Chief of the Overseas Intelligence Division of the Vietnamese Communist Government. He is presently residing in Texas.

14. In 2018 and earlier, Plaintiff's military legal team prosecuted Mohamed and Atir Manastra, Iranian proxy agents within Hezbollah forces, for their coordination with Nguyen Ngoc Son, a Vietnamese Intelligence Colonel, in illegal activities targeting the U.S. Military and Government. Nguyen Ngoc Son and Le Quang Dao were assigned to the same intelligence division under the supervision of To Lam, Minister of the Ministry of Public Security. These Defendants operated multiple international businesses to support Iran's acts of terrorism in coordination with **Nicolas Maduro**, the current President of Venezuela, who is subject to a U.S. Government arrest warrant.

In October 2018, Manastra and Iranian terrorism–criminal proxy groups paid Nguyen Ngoc Son ,Le Quang Dao and other undercover Vietnamese agents millions of dollars to assassinate Plaintiff shortly after he departed a U.S. Embassy branch in Asia. They also issued death threats against Plaintiff's family members and associates because of Plaintiff's Military Legal Team's investigations into Iranian terrorism–criminal proxy groups operating across multiple nations, including through cooperation with certain Vietnamese intelligence agents.

Before July 2022, Defendant **Nguyen Van Nhiem**, his brother **Nguyen Van Truc**, his associate **Le Quang Dao**, and other associates called the Plaintiff and the Plaintiff's associate **BTCL** and threatened: *"Do not investigate or complain against us, or you will disappear with Vietnamese undercover agents or Iranian terrorist-criminal groups in Vietnam."Also,Nhiem convinced BTCL become Plaintiff's spouse and divorce in US to avoid Investigations against his family as well as sponsor him to US .*

Between February and July 2022, the Plaintiff and BTCL were subjected to multiple death threats and other threats from the Defendants, including **Nguyen Van Nhiem**, his associate and alleged fraudulent U.S. citizen **Nguyen Van Truc, Le Hoang Bao** from District 07 Police, and additional agents affiliated with Iranian terrorist-criminal proxy groups. Defendant Nhiem contacted to **02 BTCL's relatives to threat Plaintiff not to investigate his family's illegal acts in US and Vietnam.**

15. Defendants planned Plaintiff's kidnapping prior to July 27, 2022, through surveillance, stalking, and death threats. On July 27, 2022, at approximately 5:00 p.m., continuing through midnight on July 28, 2022, over 20 Defendants unlawfully detained Plaintiff from his temporary residence while on Government/Military Law works duty. Defendants falsely accused Plaintiff of being a "fake U.S. citizen" with falsified US Embassy Documents in order to gain entry to

11

his residence, threatening his associate, BTCL, in District 11, Saigon, Vietnam. They fabricated evidence, including falsified U.S. Embassy documents, alleging that Plaintiff was a fake U.S. citizen, as part of an attempt by **undercover agents to extract sensitive U.S. Government and Military legal information and derail his ongoing government** and military law enforcement work on pending national security cases. His temporary residence rent from BTCL.

Defendants, acting under the direction of **Le Quang Dao** and **Nguyen Van Nhiem**, including **Vu Manh Cuong, Le Van Tu,** and **Vu The Son,** who are members of the Ho Chi Minh City Intelligence Agency, engaged in multiple illegal tactics. These actions included the fabrication of falsified documents purporting to originate from the U.S. Embassy in Saigon, Vietnam, falsely alleging that Plaintiff is a "fake U.S. citizen." Furthermore, on or about **July 27 and July 28, 2022,** Defendants unlawfully entered Plaintiff's temporary residence and room, attempted to open Plaintiff's luggage, and obstructed intervention by the U.S. Embassy. There was No Legal Cause to let them enter Plaintiff's.

Plaintiff was beaten at his temporary residence and in a Vietnamese Intelligence Car in Ho Chi Minh City while on government duty with his associate, BTCL, and was subsequently tortured at the detention facility of the Ho Chi Minh City Intelligence Department, located at 148 Ong Ich Khiem Street, Ward 05, District 11, Ho Chi Minh City. He was held for three days and two nights in a 2x2 meter cell, which contained dried blood and other visible evidence of prior torture. Plaintiff was subjected to repeated questioning, threats, detention, and physical torture. Following intervention by U.S. Government and Military authorities, he was rescued and transferred to a hospital in Saigon for emergency medical treatment. He was diagnosed with severe physical injuries, including head trauma, spinal injuries, bruising, and neurological damage. After transfer to the Washington, D.C., Military Medical Center, Military doctors **further determined that Plaintiff had been poisoned** by Vietnamese Communist agents during his detention and torture.

**16.** On or about 9:00 p.m. on July 27, 2022, Defendants, including Than Trong Binh and Ly Hoai Son, forcibly robbed Plaintiff of his personal properties , including three cell phones, in order to prevent Plaintiff from contacting U.S. Embassy or Military personnel, the Pentagon, or the White House for intervention. Defendants also **stole U.S. Military electronic applications,$2000,property, and legal case files stored on Plaintiff's devices/wallets, including matters related to U.S. Military and Federal Court proceedings.** These illegal acts caused serious damages to US Department of Defense works which cost more  than 500 Millions Dollars .

On at least three occasions between July 27 and July 28, 2022, U.S. Embassy and Military staff attempted to contact Ward 05 authorities in District 11, Ho Chi Minh City, to confirm Plaintiff's detention and secure his release. However, Defendants—including Than Trong Binh, Ly Hoai Son, Ngo Quang The, Le Quang Dao, and Dang Xuan Hong—**refused to acknowledge Plaintiff's detention at the Vietnamese Ministry of Public Security's intelligence facility in Ho Chi Minh City (directed by Le Quang Dao).Dang Xuan Hong is a Chief of Intelligence and Foreign Affair of VN Communist Ministry of Public Security .**

17.Defendants, including **Than Trong Binh** and **Ly Hoai Son,** unlawfully seized Plaintiff's three cell phones and deleted numerous video clips and photographs that documented the kidnapping and torture committed by their agents and colleagues. Defendants further transferred Plaintiff to their intelligence cell located in Ward 05, District 11, Ho Chi Minh City, Vietnam.

They also joined the team to beat and torture the Plaintiff from 5:00 PM on July 27, 2022, until the early morning of July 29, 2022. This was witnessed by the Plaintiff himself, as well as by other witnesses who are prepared to provide statements to the U.S. Government, the U.S. Military at the U.S.

12

Embassy, and other Federal agencies in the United States.

**18.** After being released from the Intelligence Center of the Vietnamese Ministry of Public Security, Plaintiff immediately reported the incident and entered the U.S. Embassy in Vietnam, located at 4 Le Duan Street, Saigon. Plaintiff also reported the matter to the U.S. Department of Defense, the Pentagon, and the White House, and thereafter departed Saigon pursuant to U.S. Government/Military instruction. Plaintiff was treated at a U.S. Military Medical Center in Washington, D.C., where he was diagnosed with severe physical injuries, including head trauma, spinal injuries, bruising, neurological damage, and poisoning as confirmed through blood and urine testing. Plaintiff also suffered significant mental health conditions, including nightmares, depression, and anxiety.

**19.** Plaintiff's associate, **BTCL**, was subjected to intimidation, surveillance, and coercion designed to isolate Plaintiff, disrupt his U.S. Government/Military work, and undermine his team's capacity to investigate these crimes committed by Vietnamese Communist Government agents and Iran proxy groups operating in Vietnam and Asia.

**20.** In August 2022, and again on several occasions in October 2022, 2023, 2024, and 2025, after Plaintiff had departed Saigon for Washington, D.C. to receive medical treatment and report to the Pentagon, the FBI, Congress, and the White House, Plaintiff's associate, **BTCL**, was repeatedly threatened by the Ho Chi Minh City Intelligence Agency, operating under the direction of the Ministry of Public Security. BTCL was summoned for questioning regarding Plaintiff's identity, his investigations, and his reporting of Defendants' crimes. After the July 2022 incident, Defendants, including Ly Hoai Son, Le Minh Hai, Nguyen Van Ha, La Dinh Trung Hieu, Do Hoang Viet, and Nguyen Van Truc, attempted to harass and issue death threats. They also called Plaintiff's associate, BTCL, to threaten her and Plaintiff's other associates in order to obstruct Plaintiff's requests for an investigation into the kidnappings, acts of terrorism, and falsified documents carried out by these Defendants.

In 2023, 2024, and 2025, Defendants further assigned agents to visit BTCL's residence to inquire about Plaintiff. These actions were part of a scheme to fabricate a pretext for Defendants' unlawful entry into Plaintiff's temporary residence during the period of Plaintiff's official duties. Defendants, including **Le Minh Hai, Than Trong Binh, and Ly Hoai Son**, also threatened Plaintiff and BTCL through covert operations and by ordering them to appear for interrogations at intelligence facilities.

On September 26, 2022, Than Trong Binh called BTCL and witness DD and threatened: "The Plaintiff has left Saigon and Vietnam and is now residing in the United States. You are not authorized to complain about our actions. If you do complain, you will disappear."

21. On multiple occasions before and after July 27, 2022, Defendants contacted Witness BTCL and her associates to coerce statements describing fabricated illegal activities. These efforts were intended to facilitate Plaintiff's kidnapping and to issue death threats in order to obstruct Plaintiff's Military Legal team from exposing Defendants' criminal network. Additionally, Defendants, including **Nguyen Van Nhiem** and **Le Quang Dao**, threatened BTCL and her colleagues at her office in October 2022 and subsequently at her residence on Lac Long Quan Street, District 11, Ho Chi Minh City.

After the July 2022 incident, Defendant Nguyen Van Nhiem contacted certain witnesses who were associates of BTCL and admitted that he and Le Quang Dao had fabricated evidence and directed numerous agents to stage and record videos for publication on social media and other

platforms. He further admitted that they unlawfully entered Plaintiff's temporary residence to commit acts of assault, torture, and kidnapping, as later confirmed through investigations conducted by the U.S. Military and Government .

22. As a direct result of Defendants' torture, Plaintiff sustained severe physical injuries—including head trauma, spinal injuries, bruising, and neurological damage—as well as continuing psychological trauma.

23. These facts and evidentiary materials have been verified by Plaintiff as both a victim and witnesses, and corroborated by multiple additional witnesses who provided testimony to the U.S. State Department, FBI, U.S. Department of Defense, and U.S. Consulate officers in Saigon, Vietnam, from July 2022 to the present. These matters remain the subject of pending investigations by the FBI, U.S. Department of Justice, U.S. Congress, and U.S. State Department.

24. From August 2022 to the present, despite formal inquiries and requests made by the Federal Bureau of Investigation (FBI), the United States Department of Defense (DoD), the United States Department of State, and the United States Congress, the Government of Vietnam has failed and refused to prosecute this terrorism matter. **The Government of Vietnam has also failed to provide meaningful cooperation to the United States Government and United States Military authorities.**

25. As reflected in Department of Defense–related media sources, including *Criminal Investigation Offices* (available at https://www.youtube.com/@CriminalInvestigation-Offices/posts), substantial evidence exists in support of this case, including physical evidence, pending evidentiary material, and sworn witness statements. These materials collectively establish probable cause and support claims for prosecution and civil damages.

26. Since 2022, the United States Government has imposed sanctions on the Socialist Republic of Vietnam and has formally requested the extradition of identified criminal suspects to the United States for prosecution. Despite such measures, the Vietnamese Government has failed to comply with extradition requests and has engaged in acts of concealment. Specifically, Defendant **Le Minh Tri**, former Head of the National Prosecutor's Office and former Chief of the Ho Chi Minh Communist Party, together with associates within the Vietnamese Government, have acted to obstruct justice. Such acts are consistent with the historic pattern of terrorism and criminal activities attributed to the Vietnamese Communist Party during the Vietnam War. Plaintiff has further requested that the United States Government investigate Defendant Le Minh Tri and impose visa restrictions and travel bans against him.

27. To date, and based on ongoing investigations conducted by United States Government and Military authorities, more than fifty (50) officials and personnel affiliated with the Government of Vietnam— including members of the Ministry of Public Security and the Ho Chi Minh City Intelligence Agency— have been identified as participants in this terrorism matter. These operations have been conducted under the direction and supervision of Defendants **Le Quang Dao, Nguyen Van Nhiem, Dang Xuan Hong, and Le Hong Nam**, along with additional unidentified co-conspirators. Such actors have supported and coordinated with the Vietnamese Ministry of Public Security and proxy agents of the Islamic Republic of Iran, including Hezbollah operatives, in furtherance of the terrorism activities identified herein.

As reported by Plaintiff to the U.S. Embassy and the Pentagon immediately after his release from the Intelligence Center, as well as by reports submitted by BTCL to the U.S. Embassy in Saigon, Vietnam, Defendants, including Vietnamese Communist agents, assaulted Plaintiff on the third floor of his temporary residence, causing him to lose consciousness at a sofa in ground level . Plaintiff called for medical emergency assistance, but Defendants, including **Le Quang Dao** and **Than Trong Binh**, refused to transfer him to a hospital. **Nguyen Van Nhiem** confirmed, in the presence of witnesses, that he and **Le Quang Dao** assigned agents to take photographs and video recordings of these events for the purpose of carrying out additional illegal retaliatory acts and posting them publicly, including on social media.

During the forced transfer of Plaintiff by Communist agents in an unmarked vehicle, four agents beat and strangled Plaintiff, causing near loss of consciousness. Plaintiff's physical and mental health deteriorated severely as a direct result of these terrorism-related criminal acts.

Before and during the unlawful entry of Defendants into Plaintiff's temporary residence, Plaintiff contacted his Pentagon Legal Team and U.S. Embassy Assistance Team. Plaintiff was advised to instruct Defendants to meet at the U.S. Embassy in Saigon to resolve matters under diplomatic and military duty immunity while overseas. However, Defendants refused to speak by telephone and repeatedly violated Plaintiff's consular protection as a U.S. military/government officer on official duty abroad.

After Plaintiff's release, beginning in July 2022, Defendants continued to engage in illegal and terrorism-related acts in order to conceal their crimes. In August 2022,They compelled BTCL to appear at the Intelligence Agency for interviews and interrogations, amounting to psychological terror.

While detained in the Intelligence Cell, Defendants threatened, tortured, and injected Plaintiff with toxic substances intended to poison him. Plaintiff himself, along with other witnesses, provided evidence of these acts. Plaintiff's electronic monitoring devices—embedded in his body for official purposes—were not discovered by the Communist agents, preventing them from seizing or destroying critical evidence, including his cell phones and wallets be robbed by them.

From August 2022 until the present, the Defendants, including **Nguyen Van Truc**, a U.S. citizen by fraud with concealed Communist affiliation, have committed numerous illegal acts in the United States. These acts include hacking into Plaintiff's phone and using Plaintiff's pictures and videos taken at his Military Office to post on social media in an attempt to distract the public from these terrorism-criminal cases and to spread disinformation as well as for their retaliatory purports.As a result of Plaintiff's direct observations and further investigations, it was determined that, on at least ten occasions before and after the terrorism-criminal incidents of July 2022, Defendant **Nguyen Van Nhiem**, together with **Nguyen Van Truc** and their Communist undercover agents under the supervision of **Le Quang Dao**, repeatedly contacted Plaintiff, Plaintiff's associate **BTCL**, and BTCL's relatives. Defendants maliciously fabricated claims, insisting that Plaintiff was a "fake U.S. citizen" who allegedly sought to travel to Vietnam to oppose the Communist government and extort Nguyen Van Nhiem, despite the fact that Plaintiff had no contact with him or his Communist family members under investigation in the United States before 2022 and until now .

Defendant Nhiem maintained numerous extramarital mistresses in addition to his Communist wife, **Nguyen Thi Thu Van**, Chief of District 07 Communist Party, one of whom included BTCL. Nhiem attempted to use BTCL to obstruct Plaintiff's investigation into his Communist family' Crimes.

15

# CAUSES OF ACTION

### 28. COUNT I – Torture (TVPA)

Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

Defendants, acting under color of authority of the Vietnamese Communist Government, subjected Plaintiff to severe physical and psychological pain and suffering, including beating, poisoning, unlawful detention, and denial of medical care while he was losing consciousnesses many times from their tortures.

These acts constitute "torture" as defined by the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350 .

Also , Defendants, acting under color of Vietnamese Communist Government , seized all of his personal and Government Properties included all phones  to prevent contact with US Consulate Supports and His Military Legal Team/Pentagon Staff with out any legal causes , subjected Plaintiff to severe physical and psychological pain and suffering, constituting torture under the TVPA.

*[handwritten margin note: Not translated into Vietnamese language]*

### 29. COUNT II – Extrajudicial Detention and Attempted Extrajudicial Killing (TVPA)

Defendants unlawfully detained Plaintiff without due process, denied him access to the U.S. Consulate, threatened his life, and attempted to kill him through torture and poisoning.

Such conduct constitutes extrajudicial detention and attempted extrajudicial killing under the TVPA.

*[handwritten margin note: Inconsistent with VN translation]*

### 30. COUNT III – Civil Liability for International Terrorism (JASTA)

Defendants knowingly aided, abetted, and conspired with Hezbollah, the Islamic Revolutionary Guard Corps (IRGC), and other Iranian proxy groups to target Plaintiff, a U.S. citizen, through acts of terrorism.

Defendants' actions caused Plaintiff injury to his person, business, and property, establishing liability under JASTA, 28 U.S.C. § 1605

### 31. COUNT IV – Conspiracy and Aiding and Abetting Terrorism (JASTA, 28 U.S.C. § 1605B(b))

Defendants conspired with and provided material support to Iranian terrorist operatives and Hezbollah-linked networks in Vietnam, Venezuela, and Asia.

Defendants' coordinated actions with Iranian terrorist operatives constitute a conspiracy to commit international terrorism against a U.S. national.

### 32. COUNT V – Intentional Infliction of Emotional Distress

Defendants' actions caused Plaintiff severe emotional distress, humiliation, and psychological trauma.

Defendants' conduct—including torture, poisoning, threats, and surveillance—was intentional, extreme, and outrageous.

Plaintiff suffered severe emotional distress, humiliation, psychological trauma, and lasting mental health injury as a direct result.

## DAMAGES

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

- Severe physical injuries and lasting disability;

- Emotional and psychological trauma;

- Loss of professional opportunities and interference with U.S. Government duties;

- Reputation harm and threats to family and associates, including BTCL and his Family .

34. Plaintiff seeks **compensatory damages, punitive damages, attorneys' fees, and costs** as authorized under TVPA and JASTA.    .

17

# PRAYER FOR RELIEF

## 1/ DAMAGES :

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, and prays for:

1. **Compensatory damages** in an amount to be determined at trial, **not less than $1,000,000,000 (One Billion U.S. Dollars) for Plaintiff and US Department of Defense /Federal Government ;** ~~inconsistent~~

2. **Punitive damages** pursuant to TVPA and JASTA;

3. **Attorney's fees and litigation costs;**

4. **Any other relief this Court deems just and proper.**

5. **Most Remedies  will be donated to American Disabled Veterans /Military Gold Star Family Fund -US Department of Defense -Department of Veterans Affairs .**

## 2/ INJUNCTIVE RELIEF :

Issue orders consistent with U.S. sanctions policy, including:

**Revocation of U.S. citizenship fraudulently** obtained by Defendant Nguyen Van Truc, an intelligence agent of the Vietnamese Communist Government;

7. **Travel visa restrictions on named Defendants,** their relatives, and associated parties, along with seizure of properties in the United States and allied jurisdictions;

8. **Designation of the Ho Chi Minh City Intelligence Division of the Vietnamese Ministry of Public Security as a terrorism-supporting organization under federal law;**

09. Imposition of financial sanctions against the Vietnamese Communist Government, including restrictions on educational, economic, and military cooperation, until cooperation with U.S. investigations is achieved;

10. Extension of sanctions to Iranian state actors and affiliates engaged in these terrorism-related crimes.

Along with current Administrative Procedures from US Government , The Court can issue proper Arrest Warrants to these defendants to ensure they can appear to the Court or other Criminal Court for Justice to American and US Military Legal Personnel.

## 11.     Impose Sanction based on Global Magnitsky Human Rights Accountability Act :

12.     Based on evidence presented in the attached U.S. Federal Lawsuit (John Doe v. Socialist Republic of Vietnam, Islamic Republic of Iran, et al., U.S. District Court, District of Columbia, 2025), the following individuals are recommended for designation:

13. **TO LAM** – Minister of Public Security of Vietnam.

- Responsible for directing systematic torture, kidnapping, and persecution of political

dissidents and foreign nationals.

14. **LE QUANG DAO** – Head of Intelligence, Ho Chi Minh City Public Security Department.
   - Commanded detention/torture facilities, including the secret prison at **148 Ong Ich Khiem Street, District 11, HCMC**, where torture and extrajudicial killings occurred.

15. **NGUYEN VAN NHIEM, DANG XUAN HONG, LE HONG NAM, NGO QUANG THE, THAN TRONG BINH, LY HOAI SON**, and others listed in the complaint.
   - Direct perpetrators of unlawful detention, torture, and robbery of Plaintiff's U.S. Government/Military property.

16. **NGUYEN VAN TRUC** – A U.S. citizen by fraud, concealed career as a Vietnamese intelligence agent.
   - Engaged in espionage, sham marriage fraud, and coordinated kidnapping of Plaintiff.

17. **NGUYEN NGOC SON (Colonel)** and **LE MINH HAI** – Cyber and Intelligence officers.
   - Assisted in torture, surveillance, and deletion of evidence from seized U.S. Military property.

18. **MOHAMED MANASTRA & ATIR MANASTRA** – Iranian Hezbollah/IRGC operatives.
   - Coordinated with Vietnamese intelligence to conduct terrorism against U.S. personnel

## 3/ PLAINTIFF'S REQUEST TO THE COURT TO APPLY CRIMINAL CHARGES AGAINST DEFENDANTS FOR FALSE ACCUSATIONS AND FRAUDULENT STATEMENTS FOR TERRORISM-CRIMINAL ACTS :

Plaintiff respectfully requests that this Court apply appropriate charges and sanctions against Defendants for their knowingly false accusations and fraudulent actions that have directly harmed Plaintiff. In support of this request, Plaintiff states as follows:

1. Defendants have willfully and maliciously accused Plaintiff of being a "fake U.S. citizen," despite Plaintiff's lawful status as a United States citizen and a US Military Legal Officer and a Federal Government Advisor .

2. Defendants further compounded their wrongful acts by producing and/or presenting falsified documents purportedly from the United States Embassy to support their false allegations.

3. Such conduct constitutes fraud, defamation, and obstruction of justice, and directly undermines the integrity of U.S. governmental processes and the judicial system.

4. These actions have caused severe injury to Plaintiff's personal reputation, professional standing, and safety as a U.S. citizen and federal crime victim.

5. Plaintiff therefore seeks judicial relief in the form of:
   a. **Application of criminal and/or civil charges** against Defendants for fraud, perjury, and defamation;

b. Sanctions against Defendants for abuse of process and bad faith conduct; and

c. Any further relief the Court deems just and proper in the interest of justice.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 04 2025 .

By: John Doe

# TÒA ÁN LIÊN BANG HOA KỲ
# CHO ĐỊA HẠT COLUMBIA

## 1.
## --- BẢN DỊCH SANG TIẾNG VIỆT ---

Ghi chú: Đây là bản dịch từng từ theo tiêu chuẩn pháp lý liên bang của Đơn Khiếu Nại (Federal Complaint) dài 21 trang trong vụ kiện khủng bố tại Việt Nam.
Nội dung chi tiết sẽ bao gồm:
1. Phần tiêu đề vụ án (Caption)
2. Thẩm quyền xét xử và địa điểm (Jurisdiction and Venue)
3. Các Bên Liên Quan (Parties)
4. Các Tình Tiết Sự Việc (Factual Allegations)
5. Các Căn Cứ Pháp Lý (Causes of Action)
6. Yêu Cầu Bồi Thường & Biện Pháp Khẩn Cấp (Prayer for Relief)

1

TÒA ÁN LIÊN BANG HOA KỲ
KHU VỰC ĐẶC KHU COLUMBIA

**Nguyên đơn:**

John Doe,

thay mặt cho bản thân với tư cách cá nhân, trong nhiệm vụ Quân sự và Chính phủ Hoa Kỳ,

và Chính phủ / Quân đội Hoa Kỳ,

**v.**

CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM

CỘNG HÒA HỒI GIÁO IRAN

TÔ LÂM (Bộ trưởng Bộ Công an)

NGUYỄN VĂN NHIỄM (Đặc vụ của CHXHCN Việt Nam)

NGUYỄN VĂN TRỰC (Công dân Hoa Kỳ – đặc vụ của CHXHCN Việt Nam)

ĐẶNG XUÂN HỒNG (Đặc vụ của CHXHCN Việt Nam)

LÊ HỒNG NAM (Giám đốc Công an TP. Hồ Chí Minh)

LÊ QUANG ĐẠO (Trưởng phòng Tình báo, Công an TP. Hồ Chí Minh)

NGUYỄN QUANG THÔNG (Đặc vụ Công an Quận 11, TP. Hồ Chí Minh)

NGÔ QUANG THẾ (Trưởng Công an Phường 5, Quận 11, TP. Hồ Chí Minh)

THÂN TRỌNG BÌNH (Phó Trưởng Công an Phường 5, Quận 11, TP. Hồ Chí Minh)

LƯU TẤN LỢI (Mật vụ, Công an TP. Hồ Chí Minh)

VŨ MẠNH CƯỜNG (Công an Xuất nhập cảnh, TP. Hồ Chí Minh)

LÝ HOÀI SƠN (Đặc vụ, Công an Phường 5, Quận 11, TP. Hồ Chí Minh)

LÊ HOÀNG BẢO (Công an Quận 7, TP. Hồ Chí Minh)

LÊ MINH HẢI (Cục An ninh mạng, TP. Hồ Chí Minh)

NGUYỄN VĂN HÀ (Cục An ninh mạng, TP. Hồ Chí Minh)

ĐỖ HOÀNG VIỆT (Mật vụ)

VŨ THẾ SƠN (Mật vụ)

NGUYỄN TUẤN ANH (Mật vụ)

LÊ VĂN TƯ (Mật vụ)

NGUYỄN NGỌC SƠN (Đại tá – Mật vụ)

MOHAMED MANASTRA (Đặc vụ Vệ binh Cách mạng Hồi giáo Iran/Hezbollah)

ATIR MANASTRA (Đặc vụ Vệ binh Cách mạng Hồi giáo Iran/Hezbollah)

và Các Bị đơn khác (Does 1–100).

**BỊ CAN/ĐƠN**

2

## HỒ SƠ VỤ ÁN:

### ĐƠN KIỆN YÊU CẦU BỒI THƯỜNG THIỆT HẠI

1. Theo **Đạo luật Bảo vệ Nạn nhân bị Tra tấn (TVPA)**;

2. Theo **Đạo luật Công lý chống lại Nhà tài trợ Khủng bố (JASTA), 28 U.S.C. §1605B**;

3. Theo các **quy định pháp lý liên bang có liên quan khác**.

### YÊU CẦU XÉT XỬ BỞI BỒI THẨM ĐOÀN.

Phần lớn khoản bồi thường (Remedies) sẽ được quyên tặng cho **Quỹ Cựu Chiến binh Mỹ bị Thương tật (American Disabled Veterans)** và **Quỹ Gia đình Sao Vàng Quân đội – Bộ Quốc phòng/Bộ Cựu Chiến binh Hoa Kỳ.**

*[handwritten margin note: Not appear in original text in English]*

3

## PHẦN GIỚI THIỆU
### *(INTRODUCTION)*

1. Vụ kiện dân sự này được khởi kiện theo **Đạo luật Bảo vệ Nạn nhân bị Tra tấn (Torture Victim Protection Act – TVPA)** và **Đạo luật Công lý chống lại Nhà tài trợ Khủng bố (Justice Against Sponsors of Terrorism Act – JASTA)** chống lại **Cộng hòa Xã hội Chủ nghĩa Việt Nam**, các đặc vụ của nhà nước này, cùng với các phần tử khủng bố nước ngoài có liên hệ, bao gồm các thành viên thuộc **Lực lượng Vệ binh Cách mạng Hồi giáo Iran (IRGC/Hezbollah)**.

2. **Nguyên đơn** là một **sĩ quan Không quân Hoa Kỳ / Cựu chiến binh**, hiện là **Cố vấn pháp lý trưởng và Giam Doc Điều tra** của **Tòa án Quân sự – Liên bang và Tiểu bang Hoa Kỳ**, đồng thời là **Cố vấn cao cấp của Bộ Quốc phòng, Chính phủ Liên bang và Nhà Trắng – Quốc hội Hoa Kỳ** trong một số nhiệm vụ liên quan. Nguyên đơn đã bị **bắt cóc, tra tấn, mưu sát và giam giữ trái pháp luật** tại Việt Nam kể từ tháng 7 năm 2022.

3. Nguyên đơn xuất thân trong một **gia đình sĩ quan cao cấp của Không quân và Lục quân Hoa Kỳ**, cũng như của **quân đội Việt Nam Cộng Hòa**, những người đã chiến đấu chống lại cuộc xâm lược của Bắc Việt trong Chiến tranh Việt Nam. Nguyên đơn có **hơn tám bằng đại học và sau đại học**, bao gồm **các học vị Tiến sĩ Luật và Công nghệ/Kỹ thuật**, tốt nghiệp từ những đại học hàng đầu của Hoa Kỳ, thông qua **học bổng từ Quốc hội và các trường đại học Hoa Kỳ**.

4. Các hành vi nêu trên được thực hiện **dưới danh nghĩa công quyền** bởi **các quan chức, công an và tình báo của chính quyền cộng sản Việt Nam**, phối hợp cùng **các đặc vụ Iran**, cấu thành **hành vi khủng bố và tra tấn công dân Hoa Kỳ** — là vi phạm nghiêm trọng luật pháp quốc tế và luật pháp Hoa Kỳ.

5. Những cuộc tấn công này cũng **nhằm vào công tác điều tra chống khủng bố, rửa tiền và hoạt động tình báo nước ngoài** mà Nguyên đơn đang thực hiện với tư cách **Sĩ quan Pháp lý Quân sự Hoa Kỳ**.

6. **Về bối cảnh lịch sử tra tấn bất hợp pháp dưới chế độ cộng sản Việt Nam (1945–nay):**
   Theo **Bộ Ngoại giao Hoa Kỳ, Liên Hiệp Quốc** và **Tổ chức Ân xá Quốc tế (Amnesty International)**, **chế độ cộng sản Việt Nam** đã có lịch sử lâu dài tra tấn và ngược đãi tù nhân chính trị, tù nhân chiến tranh, nhà báo, nhà hoạt động nhân quyền, và các nhóm tôn giáo – dân tộc thiểu số.

   **Ví dụ tiêu biểu và hình thức tra tấn bao gồm:**

4

- **Tù binh chiến tranh (POWs)** trong Chiến tranh Việt Nam bị tra tấn thể xác (đánh đập, treo dây, trật khớp, điện giật), giam biệt lập, và bị từ chối chăm sóc y tế; Bắc Việt không tuân thủ **Công ước Geneva**.

- **"Trại cải tạo" sau năm 1975:** hàng trăm ngàn sĩ quan, công chức và người ủng hộ Việt Nam Cộng Hòa và Chính phủ Hoa Kỳ bị giam giữ, tra tấn hoặc giết chết — được coi là hình thức trả thù chính trị.

- **Tù nhân lương tâm** thường bị tra tấn để ép cung, giam biệt lập trong "chuồng cọp", bị đánh đập, điện giật, từ chối thuốc men, hoặc bị chuyển đến nhà tù xa gia đình.

Trong lịch sử của **Cục Tình báo TP. Hồ Chí Minh, Bộ Công an**, và **Đảng Cộng sản Việt Nam**, nhiều người bất đồng chính kiến đã bị **tra tấn và sát hại trong trại giam**, đặc biệt tại **Trung tâm giam giữ bí mật số 148 Ông Ích Khiêm, Phường 5, Quận 11, TP. Hồ Chí Minh**, nơi **Ngô Quang Thế** và **Thân Trọng Bình** giữ vai trò **chỉ huy địa phương và trực tiếp hành hạ nạn nhân**.

**Tô Lâm**, với tư cách **Bộ trưởng Bộ Công an**, hiện **bị lệnh bắt quốc tế của một quốc gia châu Âu** vì vụ **bắt cóc Trịnh Xuân Thanh năm 2017**, và vẫn đang **bị giám sát bởi Bộ Ngoại giao Hoa Kỳ** trong các hồ sơ vi phạm nhân quyền.

---

**Tóm lược về Đạo luật Trách nhiệm Nhân quyền Toàn cầu Magnitsky (Global Magnitsky Human Rights Accountability Act – 2016):**

**I. Mục đích:**

Đạo luật Magnitsky được ban hành nhằm **cho phép Hoa Kỳ áp đặt các biện pháp trừng phạt có mục tiêu** đối với **các cá nhân hoặc tổ chức nước ngoài** tham gia vào **vi phạm nghiêm trọng nhân quyền** hoặc **tham nhũng quy mô lớn**, bất kể hành vi xảy ra ở đâu.

Mục tiêu là **truy cứu trách nhiệm, ngăn họ tiếp cận hệ thống tài chính Hoa Kỳ**, và **tước bỏ quyền trú ẩn an toàn tại Hoa Kỳ**.

**II. Phạm vi thẩm quyền:**

1. **Thẩm quyền ngoài lãnh thổ:** Áp dụng cho mọi cá nhân, pháp nhân nước ngoài.

2. **Hành vi bị bao phủ:**

   - **Vi phạm nhân quyền:** Giết người ngoài pháp luật, tra tấn, hoặc vi phạm nghiêm trọng nhân quyền đối với người tố giác, nhà hoạt động nhân quyền, hoặc người phơi bày hành vi sai trái của chính phủ.

   - **Tham nhũng:** Tham ô tài sản, hối lộ, rửa tiền, chiếm đoạt tài sản nhà nước hoặc tư nhân để trục lợi cá nhân.

*Inconsistent*

**III. Cơ chế thực thi:**

*and interests in property*

- **Phong tỏa tài sản:** Toàn bộ tài sản trong phạm vi quyền tài phán Hoa Kỳ bị đóng băng.

- **Cấm thị thực:** Người bị liệt kê không được cấp visa hoặc nhập cảnh Hoa Kỳ.

- **Cơ quan quản lý:**

    - Tổng thống: Có thẩm quyền ra quyết định chỉ định.

    - Bộ Tài chính (OFAC): Quản lý trừng phạt tài chính.

    - Bộ Ngoại giao: Thẩm định yếu tố nhân quyền.

    - Bộ Tư pháp: Hỗ trợ điều tra và thực thi.

**IV. Giám sát của Quốc hội:**

Quốc hội có thể yêu cầu Tổng thống xem xét liệt kê cá nhân, tổ chức vi phạm. Hành pháp phải báo cáo định kỳ về danh sách và tiến độ thực thi.

**V. Hiệu lực pháp lý:**

Luật được mã hóa tại **Public Law 114–328, Subtitle F (2016)**, và **bổ sung cho các cơ chế trừng phạt hiện có** như Đạo luật Quyền lực Kinh tế Khẩn cấp Quốc tế (IEEPA) và Đạo luật Di trú và Quốc tịch (INA).

VI. **Tác động chính sách:**

Đạo luật Magnitsky trở thành **công cụ nhắm vào cá nhân vi phạm nhân quyền** (không phải quốc gia), thể hiện **cam kết của Hoa Kỳ đối với nhân quyền toàn cầu**. Luật đã được áp dụng với các quan chức, tài phiệt và tổ chức ở **Nga, Trung Quốc, Việt Nam, Myanmar, Venezuela, Ả Rập Xê Út**, và các quốc gia khác.

6

VII.

## THẨM QUYỀN VÀ ĐỊA ĐIỂM XÉT XỬ
### *(JURISDICTION AND VENUE)*

7. **Thẩm quyền của Tòa án này** được xác lập theo các căn cứ pháp lý sau:

- **Đạo luật Bảo vệ Nạn nhân bị Tra tấn (Torture Victim Protection Act – TVPA, Công luật số 102–256)**: cho phép **nộp đơn kiện dân sự tại các Tòa án Hoa Kỳ** chống lại **các cá nhân hành động trong tư cách chính thức của một quốc gia nước ngoài**, nếu họ thực hiện **tra tấn hoặc hành quyết ngoài pháp luật** (extrajudicial killing).

- **Đạo luật Công lý chống lại Nhà tài trợ Khủng bố (Justice Against Sponsors of Terrorism Act – JASTA, 28 U.S.C. § 1605B)**: bãi bỏ quyền **miễn trừ chủ quyền (sovereign immunity)** đối với **quốc gia hoặc quan chức nước ngoài** khi họ **hỗ trợ, tiếp tay, hoặc âm mưu với tổ chức khủng bố được Hoa Kỳ chỉ định**, trong việc **thực hiện hành vi khủng bố quốc tế** chống lại **công dân Hoa Kỳ**.

- **28 U.S.C. §§ 1331, 1332, và 1605A**: trao thẩm quyền cho Tòa án Liên bang đối với **(a)** các vụ kiện phát sinh từ luật Liên bang (federal question jurisdiction), **(b)** các vụ kiện giữa công dân Hoa Kỳ và quốc gia hoặc cá nhân nước ngoài (diversity jurisdiction), và **(c)** các vụ kiện liên quan đến **ngoại lệ khủng bố của Đạo luật Miễn trừ Chủ quyền Ngoại giao (Foreign Sovereign Immunities Act – FSIA)**.

8. **Địa điểm xét xử (Venue)** được xác định là **hợp lệ tại Đặc khu Columbia (District of Columbia)** theo **28 U.S.C. § 1391(f)(4)**, vì vụ kiện này được **khởi kiện theo luật Liên bang** và **chống lại các chủ thể là quốc gia và quan chức nước ngoài**. Hơn nữa, các hành vi, tài liệu và bằng chứng liên quan đến vụ việc đều thuộc thẩm quyền điều tra của **các cơ quan Liên bang Hoa Kỳ đặt tại Washington D.C.**, bao gồm **Bộ Tư pháp (DOJ), Bộ Quốc phòng (DOD)** và **Bộ Ngoại giao Hoa Kỳ (State Department)**.

*[handwritten margin note: Not appear in original English document]*

# DANH MỤC CĂN CỨ PHÁP LÝ

## (TABLE OF AUTHORITIES)

**Các đạo luật và quy định được viện dẫn:**

- **Đạo luật Bảo vệ Nạn nhân bị Tra tấn (Torture Victim Protection Act – TVPA)**, Công luật số 102–256, 106 Stat. 73 (1992), được mã hóa tại **28 U.S.C. §1350 (note)**.

- **Đạo luật Công lý chống lại Nhà tài trợ Khủng bố (Justice Against Sponsors of Terrorism Act – JASTA)**, Công luật số 114–222, 130 Stat. 852 (2016), được mã hóa tại **28 U.S.C. §1605B**.

- **28 U.S.C. §1331** – Thẩm quyền của Tòa án Liên bang đối với vụ kiện phát sinh từ luật Liên bang.

- **28 U.S.C. §1332** – Thẩm quyền đa dạng (Diversity Jurisdiction).

- **28 U.S.C. §1391(f)(4)** – Địa điểm xét xử đối với vụ kiện chống lại quốc gia nước ngoài.

- **28 U.S.C. §1605A** – Ngoại lệ khủng bố đối với quyền miễn trừ chủ quyền.

**Các án lệ liên bang được trích dẫn:**

- *Filártiga v. Peña-Irala*, 630 F.2d 876 (Tòa Phúc thẩm Khu vực II, năm 1980): công nhận hành vi tra tấn là vi phạm luật quốc tế và có thể khởi kiện tại Tòa án Hoa Kỳ.

- *Kadic v. Karadžić*, 70 F.3d 232 (Tòa Phúc thẩm Khu vực II, năm 1995): xác định **trách nhiệm cá nhân theo TVPA** đối với hành vi tra tấn và hành quyết ngoài pháp luật.

- *Owens v. Republic of Sudan*, 864 F.3d 751 (Tòa Phúc thẩm Đặc khu Columbia, năm 2017): khẳng định **thẩm quyền xét xử theo ngoại lệ khủng bố của FSIA** đối với hành vi khủng bố nhắm vào công dân Hoa Kỳ.

- *Opati v. Republic of Sudan*, 140 S. Ct. 1601 (Tối cao Pháp viện Hoa Kỳ, năm 2020): cho phép áp dụng **hình phạt bồi thường trừng phạt (punitive damages)** trong các vụ kiện khủng bố.

- *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386 (Tối cao Pháp viện Hoa Kỳ, năm 2018): xác định giới hạn **trách nhiệm pháp nhân** trong các vụ kiện quốc tế về khủng bố.

## CÁC BÊN LIÊN QUAN (PARTIES)

**9. Nguyên đơn /công tố viên đặc biệt John Doe** – Nguyên đơn John Doe là công dân Hoa Kỳ và là Cựu Chiến binh bị thương, người đã bị thương trong khi phục vụ nhiệm vụ cho Chính phủ và Quân đội Hoa Kỳ, bao gồm cả trong các sự kiện có liên quan đến vụ kiện này. Ông cũng là một **Sĩ quan Pháp lý Quân sự Cấp cao của Hoa Kỳ -Giám đốc Điều tra Quân đội Liên bang HK** , người đã bị thiệt hại do hành vi **tra tấn, bắt cóc và khủng bố** của các Bị can/đơn gây ra.

Nguyên đơn đã có sự nghiệp thành công trong công vụ và quân vụ Hoa Kỳ, được hỗ trợ bởi nền tảng chuyên môn về pháp lý và kỹ thuật. Ông có nhiều bằng cao học và tiến sĩ từ các đại học hàng đầu của Hoa Kỳ, đạt được nhờ thành tích học tập và học bổng. Ông đã được trao tặng nhiều huân chương, trong đó có **những phần thưởng cao quý nhất của Chính phủ Hoa Kỳ và Tổng thống Hoa Kỳ**.

Cấp bậc và vị trí của Nguyên đơn trong **Tổ chức Luật Quân sự Hoa Kỳ** tương đương với **cấp bậc cao nhất trong hệ thống công vụ Hoa Kỳ**, có thể so sánh với **một quan chức cấp Bộ trưởng hoặc Tướng Bốn Sao**.

---

**10. Các Bị đơn (Defendants)** – Các Bị đơn là **quan chức và đặc vụ của Cộng hòa Xã hội Chủ nghĩa Việt Nam**, cùng với **các phần tử khủng bố Iran**, hoạt động dưới danh nghĩa "màu sắc pháp luật nước ngoài" (under color of foreign law) và trong khuôn khổ lịch sử ủng hộ khủng bố.

Các Bị đơn đã **âm mưu thực hiện hành vi tra tấn, giam giữ ngoài pháp luật và khủng bố**.

Các Bị đơn còn **ngụy tạo tài liệu giả mạo của Chính phủ Hoa Kỳ** giả danh phát hành từ **Tòa Đại sứ Hoa Kỳ tại Sài Gòn**, nhằm tạo cớ cho việc **bắt cóc và tra tấn Nguyên đơn**. Ngoài ra, các Bị đơn đã **đánh cắp tài sản cá nhân của Nguyên đơn** cũng như **tài sản của Quân đội Hoa Kỳ**, bao gồm **thiết bị điện tử, ứng dụng, và giấy tờ nhận dạng**. Các vụ trộm này hiện đang được **các cơ quan thực thi pháp luật liên bang Hoa Kỳ điều tra**.

Trước **tháng 7 năm 2022**, các Bị đơn – bao gồm **NGUYỄN VĂN NHIÊM, LÊ QUANG ĐẠO, NGUYỄN NGỌC SƠN, MOHAMED MANASTRA và ATIR MANASTRA** – đã bị **Đội Pháp lý Quân sự Hoa Kỳ** của Nguyên đơn điều tra về các hành vi **kết hôn giả, rửa tiền, và hỗ trợ các tổ chức tội phạm**, bao gồm **các nhóm khủng bố cực đoan nước ngoài** như **Hezbollah** (tổ chức ủy nhiệm của Iran) và **Chính phủ Iran**.

Các hoạt động này được thực hiện **nhằm gây tổn hại cho Chính phủ và Quân đội Hoa Kỳ**, diễn ra tại Việt Nam và các khu vực khác ở châu Á.

Từ **năm 2018 trở về trước**, Đội Pháp lý Quân sự của Nguyên đơn đã tiến hành **truy tố MOHAMED và ATIR MANASTRA**, được xác định là **đặc vụ ủy nhiệm của Iran** trong tổ chức Hezbollah, hoạt động cùng với **NGUYỄN NGỌC SƠN, Đại tá Tình báo Việt Nam**, trong các hành vi **phi pháp nhắm vào Hoa Kỳ**.

9

**NGUYỄN NGỌC SƠN** và **LÊ QUANG ĐẠO** là thành viên **cùng một đơn vị tình báo**, chịu sự giám sát của **TÔ LÂM – Bộ trưởng Bộ Công an Việt Nam**.

**NHIÊM** có nhiều tình nhân ngoài hôn nhân, cùng với **người vợ là đảng viên cộng sản (bao gom BTCL)**.

Not appear in original English version

Trong lịch sử hoạt động của **Cơ quan Tình báo Thành phố Hồ Chí Minh, Bộ Công an**, và **Đảng Cộng sản Việt Nam**, đã có nhiều tù nhân chính trị bị tra tấn và sát hại trong **phòng giam**, bao gồm tại **trại giam biệt lập tọa lạc tại số 148 đường Ông Ích Khiêm, Phường 05, Quận 11, TP. Hồ Chí Minh**, nơi **NGÔ QUANG THẾ** và **THÂN TRỌNG BÌNH** là **chỉ huy địa phương và trực tiếp tham gia hành vi bạo lực**.

Các Bị đơn này còn điều hành **mạng lưới kinh doanh quốc tế** nhằm hỗ trợ tài chính và hậu cần cho Iran, trong đó có sự **hợp tác với NICOLÁS MADURO, Tổng thống đương nhiệm của Venezuela**, người hiện đang **bị Chính phủ Hoa Kỳ truy nã**.

Tất cả các Bị đơn nêu trên, **trực tiếp hoặc gián tiếp**, đã **nhắm vào Nguyên đơn và các cộng sự của ông**, khiến họ trở thành **nạn nhân của mạng lưới tội phạm và khủng bố quốc tế này**.

---

Các Bị đơn đã được xác định (bao gồm đã biết và chưa biết), có liên quan đến vụ kiện này, bao gồm:

- **TÔ LÂM** – Bộ trưởng Bộ Công an Việt Nam.

- **NGUYỄN VĂN NHIÊM** – Đặc vụ của Cộng hòa Xã hội Chủ nghĩa Việt Nam.

- **NGUYỄN VĂN TRỰC** – Công dân Hoa Kỳ và là đặc vụ của Cộng hòa Xã hội Chủ nghĩa Việt Nam, **em trai của Nguyễn Văn Nhiễm**.

- **ĐẶNG XUÂN HỒNG** – Đặc vụ của Cộng hòa Xã hội Chủ nghĩa Việt Nam.

- **LÊ HỒNG NAM** – Giám đốc Công an Thành phố Hồ Chí Minh.

- **LÊ QUANG ĐẠO** – Trưởng Ban Tình báo, Công an Thành phố Hồ Chí Minh.

- **NGUYỄN QUANG THÔNG** – Cán bộ Công an Quận 11, Thành phố Hồ Chí Minh.

- **NGÔ QUANG THẾ** – Trưởng Công an Phường 05, Quận 11, Thành phố Hồ Chí Minh.

- **THÂN TRỌNG BÌNH** – Phó Trưởng Công an Phường 05, Quận 11, Thành phố Hồ Chí Minh.

- **LƯU TẤN LỢI** – Đặc vụ chìm của Công an Thành phố Hồ Chí Minh.

- **VŨ MẠNH CƯỜNG** – Cảnh sát Xuất nhập cảnh, Thành phố Hồ Chí Minh.

- **LÝ HOÀI SƠN** – Cán bộ Công an Phường 05, Quận 11, Thành phố Hồ Chí Minh.

- **LÊ HOÀNG BẢO** – Cảnh sát Quận 07, Thành phố Hồ Chí Minh.

10

- **LÊ MINH HẢI** – Phòng An ninh Mạng, Công an Thành phố Hồ Chí Minh.
- **NGUYỄN VĂN HÀ** – Phòng An ninh Mạng, Công an Thành phố Hồ Chí Minh.
- **ĐỖ HOÀNG VIỆT** – Đặc vụ chìm.
- **VŨ THẾ SƠN** – Đặc vụ chìm.
- **NGUYỄN TUẤN ANH** – Đặc vụ chìm.
- **LÊ VĂN TỰ** – Đặc vụ chìm.
- **NGUYỄN NGỌC SƠN** – Đại tá, Đặc vụ ngầm.
- **MOHAMED MANASTRA** – Đặc vụ thuộc **Lực lượng Vệ binh Cách mạng Hồi giáo Iran (IRGC) / Hezbollah.**
- **ATIR MANASTRA** – Đặc vụ thuộc **Lực lượng Vệ binh Cách mạng Hồi giáo Iran (IRGC) / Hezbollah.**
- **NGUYỄN VĂN NÊN – Bí thư Thành ủy Thành phố Hồ Chí Minh.**
- **PHAN VĂN MÃI – Chủ tịch Ủy ban Nhân dân Thành phố Hồ Chí Minh.**
- **TRẦN PHI LONG – Chủ tịch Ủy ban Nhân dân Quận 11, Thành phố Hồ Chí Minh.**

11

SỰ KIỆN (FACTS)

11. Vào các ngày **27–28 tháng 7 năm 2022**, tại **Thành phố Hồ Chí Minh, Việt Nam**, **Nguyên đơn** đã bị **bắt giữ trái pháp luật, đánh đập, tra tấn**, và **bị từ chối quyền được điều trị y tế cũng như quyền được bảo hộ lãnh sự Hoa Kỳ**.

12. Trước năm 2022, và tiếp tục sau các hành vi khủng bố – phạm tội diễn ra vào các ngày nêu trên cho đến năm 2025, **Nguyên đơn** đã nhiều lần bị **đe dọa, khủng bố và tấn công** bởi các **hành vi phạm tội có yếu tố khủng bố**, do **các đặc vụ của Chính phủ Cộng sản Việt Nam** cùng **các phần tử hoạt động có liên hệ với Hezbollah, là đại diện ủy nhiệm cho Iran tại Việt Nam và các khu vực khác ở châu Á**, thực hiện.

13. **Các sĩ quan công an và tình báo Việt Nam**, bao gồm **Nguyễn Văn Nhiễm; Nguyễn Văn Trúc** – một **công dân Hoa Kỳ theo gian lận**, che giấu thân phận **điệp viên và đảng viên Đảng Cộng sản Việt Nam**; cùng **Lê Quang Đạo**, đã lên kế hoạch và **điều phối âm mưu** này. Họ **hợp tác với các sĩ quan chìm và các phần tử Hezbollah**. Tại Hoa Kỳ, **Nguyễn Văn Trúc** hoạt động dưới sự giám sát của **Cục trưởng Cục Tình báo Hải ngoại của Chính phủ Cộng sản Việt Nam**, hiện đang cư trú tại **Tiểu bang Texas, Hoa Kỳ**.

14. Trong năm **2018** và trước đó, nhóm pháp lý quân sự của Nguyên đơn đã **truy tố Mohamed và Atir Manastra**, là **đặc vụ đại diện cho Iran** trong lực lượng Hezbollah, về việc họ **phối hợp với Đại tá Nguyễn Ngọc Sơn**, sĩ quan tình báo Việt Nam, trong **các hoạt động bất hợp pháp nhằm vào Quân đội và Chính phủ Hoa Kỳ**.

**Nguyễn Ngọc Sơn** và **Lê Quang Đạo** cùng công tác trong **cục tình báo trực thuộc Bộ Công an Việt Nam**, dưới quyền **Tô Lâm – Bộ trưởng Bộ Công an**.

Các bị đơn này đã điều hành **nhiều doanh nghiệp quốc tế** để **hỗ trợ các hành vi khủng bố của Iran**, phối hợp với **Nicolas Maduro – Tổng thống đương nhiệm của Venezuela**, người đang **bị truy nã bởi Chính phủ Hoa Kỳ**.

Vào **tháng 10 năm 2018, Manastra** và **các nhóm khủng bố – tội phạm đại diện cho Iran** đã trả hàng triệu đô la Mỹ cho **Nguyễn Ngọc Sơn, Lê Quang Đạo** và các **đặc vụ chìm Việt Nam** khác để **ám sát Nguyên đơn**, ngay sau khi ông rời một **Chi nhánh Đại sứ quán Hoa Kỳ tại châu Á**.

Chúng cũng **đe dọa tính mạng gia đình và cộng sự của Nguyên đơn**, nhằm **ngăn cản cuộc điều tra của Nhóm Pháp lý Quân sự Hoa Kỳ** về mạng lưới khủng bố – tội phạm Iran, đang hoạt động tại nhiều quốc gia và **liên kết với một số sĩ quan tình báo Việt Nam**.

Trước **tháng 7 năm 2022, Bị đơn Nguyễn Văn Nhiễm**, em trai ông ta **Nguyễn Văn Trúc**, cộng sự **Lê Quang Đạo**, và các **đồng phạm khác**, đã **gọi điện đe dọa Nguyên đơn và cộng sự BTCL** rằng:

> "Đừng điều tra hoặc khiếu nại chống lại chúng tao, nếu không mày sẽ biến mất cùng các đặc vụ chìm Việt Nam hoặc nhóm tội phạm – khủng bố Iran tại Việt Nam."

12

Ngoài ra, **Nhiễm đã thuyết phục BTCL kết hôn với Nguyên đơn rồi ly hôn tại Hoa Kỳ** nhằm **tránh bị điều tra các hành vi tội phạm của gia đình y**, đồng thời **bảo lãnh cho y nhập cảnh Hoa Kỳ.**

Từ **tháng 2 đến tháng 7 năm 2022, Nguyên đơn và BTCL** liên tục **bị đe dọa giết** và **đe dọa khác** từ **các Bị đơn**, gồm **Nguyễn Văn Nhiễm, Nguyễn Văn Trúc** (công dân Hoa Kỳ gian lận), **Lê Hoàng Bảo** thuộc **Công an Quận 7**, và **các đặc vụ liên kết với nhóm tội phạm – khủng bố Iran.**

**Nguyễn Văn Nhiễm còn liên hệ với hai người thân của BTCL để đe dọa Nguyên đơn**, buộc ông **không được điều tra các hành vi phạm pháp của gia đình Nhiễm tại Hoa Kỳ và Việt Nam.**

**15.** Các **Bị đơn** đã **lên kế hoạch bắt cóc Nguyên đơn** trước **ngày 27 tháng 7 năm 2022**, thông qua **theo dõi, giám sát và đe dọa giết người.**

Vào khoảng **5:00 chiều ngày 27 tháng 7 năm 2022**, kéo dài đến **nửa đêm ngày 28 tháng 7 năm 2022, hơn 20 bị đơn đã bắt giữ trái pháp luật Nguyên đơn** tại **nơi ở tạm thời**, khi ông đang **thực hiện công vụ pháp lý của Chính phủ/Quân đội Hoa Kỳ.**

Các bị đơn **vu cáo Nguyên đơn** là "**công dân Hoa Kỳ giả mạo**", sử dụng **tài liệu giả mạo của Đại sứ quán Hoa Kỳ để xâm nhập nơi ở, đe dọa BTCL** tại **Quận 11, Sài Gòn, Việt Nam.**

Họ **ngụy tạo bằng chứng**, bao gồm **tài liệu Đại sứ quán Hoa Kỳ giả, để cáo buộc sai sự thật rằng Nguyên đơn là công dân Hoa Kỳ giả mạo**, với mục đích **lấy cắp thông tin mật của Chính phủ và Quân đội Hoa Kỳ, phá hoại công tác pháp lý quốc phòng đang diễn ra.**

**Nơi ở tạm thời** này do **Nguyên đơn thuê từ BTCL.**

Dưới sự **chỉ đạo của Lê Quang Đạo và Nguyễn Văn Nhiễm**, các bị đơn gồm **Vũ Mạnh Cường, Lê Văn Tú, và Vũ Thế Sơn**, là thành viên **Cơ quan Tình báo TP. Hồ Chí Minh**, đã **thực hiện nhiều hành vi trái pháp luật**, bao gồm:

– **Làm giả tài liệu** mang danh **Đại sứ quán Hoa Kỳ tại Sài Gòn**, cáo buộc sai rằng **Nguyên đơn là "công dân Hoa Kỳ giả mạo";**

– **Xâm nhập trái phép nơi ở tạm thời của Nguyên đơn** vào các ngày **27 và 28 tháng 7 năm 2022;**

– **Cố gắng mở hành lý cá nhân của Nguyên đơn;**

– **Ngăn cản sự can thiệp của Đại sứ quán Hoa Kỳ.**

Các hành vi này **không có bất kỳ căn cứ pháp lý hợp lệ nào** để được phép xâm nhập.

Nguyên đơn đã **bị đánh đập tại nơi ở tạm thời** và **bên trong xe tình báo Việt Nam tại TP. Hồ Chí Minh**, khi đang **thi hành công vụ cùng BTCL**, sau đó bị **tra tấn tại cơ sở giam giữ của Cục Tình báo TP. Hồ Chí Minh**, tọa lạc tại **148 đường Ông Ích Khiêm, Phường 5, Quận 11, TP. Hồ Chí Minh.**

**Nguyên đơn bị giam giữ ba ngày hai đêm** trong **phòng giam 2x2 mét**, có **vết máu khô và dấu hiệu rõ ràng của các vụ tra tấn trước đó.**

13

Nguyên đơn **liên tục bị thẩm vấn, đe dọa, giam giữ và tra tấn thể xác.**

Sau khi **Chính phủ và Quân đội Hoa Kỳ can thiệp,** ông **được giải cứu và chuyển đến bệnh viện tại Sài Gòn cấp cứu.**

Bác sĩ xác định ông **bị thương nặng,** gồm **chấn thương đầu, cột sống, bầm dập và tổn thương thần kinh.**

Sau khi **chuyển đến Trung tâm Y khoa Quân sự Washington D.C., các bác sĩ quân đội xác nhận Nguyên đơn đã bị đầu độc bởi các đặc vụ Cộng sản Việt Nam** trong quá trình **giam giữ và tra tấn.**

14

**16.** Vào khoảng **9:00 tối ngày 27 tháng 7 năm 2022**, các **Bị đơn**, bao gồm **Thân Trọng Bình** và **Lý Hoài Sơn**, đã **cưỡng đoạt tài sản cá nhân của Nguyên đơn**, trong đó có **ba điện thoại di động**, nhằm ngăn cản Nguyên đơn liên lạc với **Đại sứ quán Hoa Kỳ, nhân viên Quân sự, Lầu Năm Góc hoặc Tòa Bạch Ốc** để yêu cầu can thiệp.

Các Bị đơn còn **chiếm đoạt các ứng dụng điện tử thuộc Quân đội Hoa Kỳ, 2.000 đô la Mỹ, tài sản, và các hồ sơ vụ án pháp lý được lưu trữ trong thiết bị và ví của Nguyên đơn**, bao gồm các tài liệu liên quan đến **các thủ tục của Tòa án Liên bang và Bộ Quốc phòng Hoa Kỳ.**

Những hành vi phạm pháp này đã **gây thiệt hại nghiêm trọng cho các công việc của Bộ Quốc phòng Hoa Kỳ**, với tổn thất **ước tính hơn 500 triệu đô la Mỹ.**

Trong **ít nhất ba lần từ ngày 27 đến 28 tháng 7 năm 2022, nhân viên Đại sứ quán và Quân đội Hoa Kỳ đã cố gắng liên lạc với chính quyền Phường 05, Quận 11, Thành phố Hồ Chí Minh**, để xác nhận tình trạng bị giam giữ của Nguyên đơn và yêu cầu trả tự do cho ông. Tuy nhiên, các **Bị đơn**, gồm **Thân Trọng Bình, Lý Hoài Sơn, Ngô Quang Thế, Lê Quang Đạo, và Đặng Xuân Hồng**, đã **từ chối xác nhận việc giam giữ** của Nguyên đơn tại **cơ sở tình báo thuộc Bộ Công an Cộng sản Việt Nam tại Thành phố Hồ Chí Minh** (do **Lê Quang Đạo** chỉ đạo).

**Đặng Xuân Hồng** là **Cục trưởng Cục Tình báo và Đối ngoại của Bộ Công an Cộng sản Việt Nam.**

---

**17.** Các **Bị đơn**, bao gồm **Thân Trọng Bình** và **Lý Hoài Sơn**, đã **chiếm đoạt trái phép ba điện thoại di động của Nguyên đơn** và **xóa nhiều video, hình ảnh ghi lại các hành vi bắt cóc và tra tấn** do họ và đồng phạm thực hiện.

Các Bị đơn sau đó đã **chuyển Nguyên đơn đến phòng giam tình báo** tại **Phường 05, Quận 11, Thành phố Hồ Chí Minh, Việt Nam**, nơi họ **tham gia trực tiếp vào việc đánh đập và tra tấn Nguyên đơn** từ 5 giờ chiều ngày **27 tháng 7 năm 2022** cho đến rạng sáng ngày **29 tháng 7 năm 2022.**

Sự việc này đã được **chính Nguyên đơn chứng kiến**, cùng với **nhiều nhân chứng khác**, những người **sẵn sàng cung cấp lời khai cho Chính phủ Hoa Kỳ, Quân đội Hoa Kỳ tại Đại sứ quán Hoa Kỳ, và các cơ quan Liên bang khác của Hoa Kỳ.**

---

**18.** Sau khi được **thả ra khỏi Trung tâm Tình báo của Bộ Công an Cộng sản Việt Nam**, Nguyên đơn lập tức **báo cáo vụ việc và đến Đại sứ quán Hoa Kỳ tại Việt Nam**, địa chỉ số **4 đường Lê Duẩn, Sài Gòn.**

Nguyên đơn cũng đã **báo cáo sự việc cho Bộ Quốc phòng Hoa Kỳ, Lầu Năm Góc, và Tòa Bạch Ốc**, sau đó **rời Sài Gòn theo chỉ thị của Chính phủ/Quân đội Hoa Kỳ.**

Nguyên đơn được **điều trị tại Trung tâm Y khoa Quân đội Hoa Kỳ ở Washington, D.C.**, nơi ông được **chẩn đoán bị thương tích nghiêm trọng về thể chất**, bao gồm **chấn thương sọ não, chấn thương cột sống, bầm tím, tổn thương thần kinh và nhiễm độc**, được xác

nhận qua **xét nghiệm máu và nước tiểu**.

Nguyên đơn cũng **chịu các tổn thương nghiêm trọng về tâm lý**, bao gồm **ác mộng, trầm cảm và lo âu**.

---

**19. Cộng sự của Nguyên đơn, BTCL**, đã bị đe dọa, theo dõi, và cưỡng ép nhằm cô lập Nguyên đơn, cản trở công việc của ông trong Chính phủ/Quân đội Hoa Kỳ, và làm suy yếu khả năng của nhóm điều tra các tội phạm do các điệp viên của Chính phủ Cộng sản Việt Nam và các nhóm đại diện của Iran thực hiện tại Việt Nam và châu Á.

---

**20. Vào tháng 8 năm 2022, và nhiều lần trong các tháng 10 của các năm 2022, 2023, 2024, và 2025,** sau khi Nguyên đơn **rời Sài Gòn đến Washington D.C. để điều trị y tế và báo cáo tại Lầu Năm Góc, FBI, Quốc hội, và Tòa Bạch Ốc, BTCL** liên tục bị **đe dọa bởi Cơ quan Tình báo Thành phố Hồ Chí Minh**, hoạt động dưới sự chỉ đạo của **Bộ Công an**. BTCL bị **triệu tập để thẩm vấn** liên quan đến **nhân thân của Nguyên đơn, công tác điều tra, và việc ông tố cáo các hành vi tội phạm của các Bị đơn**.

Sau sự kiện tháng 7 năm 2022, các **Bị đơn**, bao gồm **Lý Hoài Sơn, Lê Minh Hải, Nguyễn Văn Hà, La Đình Trung Hiếu, Đỗ Hoàng Việt, và Nguyễn Văn Trực**, đã đe dọa giết và **quấy rối BTCL** cùng các cộng sự khác của Nguyên đơn nhằm **ngăn cản yêu cầu điều tra của Nguyên đơn về các hành vi bắt cóc, khủng bố, và làm giả tài liệu**.

Trong các năm **2023, 2024, và 2025**, các Bị đơn còn **phái đặc vụ đến nơi cư trú của BTCL để dò hỏi về Nguyên đơn**, trong âm mưu dựng nên cái cớ để xâm nhập trái phép nơi ở tạm của Nguyên đơn trong thời gian ông thực thi công vụ.

Các Bị đơn, gồm **Lê Minh Hải, Thân Trọng Bình, và Lý Hoài Sơn**, còn **đe dọa Nguyên đơn và BTCL qua các chiến dịch bí mật**, đồng thời **ra lệnh cho họ phải đến cơ sở tình báo để thẩm vấn**.

Vào **ngày 26 tháng 9 năm 2022, Thân Trọng Bình** gọi điện **đe dọa BTCL và nhân chứng DD** rằng:

> "Nguyên đơn đã rời Sài Gòn và Việt Nam, hiện đang cư trú tại Hoa Kỳ. Các người không được phép khiếu nại về hành động của chúng tôi. Nếu các người khiếu nại, các người sẽ biến mất."

---

**21.** Nhiều lần **trước và sau ngày 27 tháng 7 năm 2022**, các **Bị đơn đã liên hệ với nhân chứng BTCL và các cộng sự của cô** nhằm **cưỡng ép họ đưa ra các lời khai giả tạo để hợp thức hóa việc bắt cóc Nguyên đơn và đe dọa giết người** nhằm ngăn cản **Nhóm Pháp lý Quân sự của Nguyên đơn** phơi bày **mạng lưới tội phạm của các Bị đơn**. Ngoài ra, các **Bị đơn**, gồm **Nguyễn Văn Nhiễm và Lê Quang Đạo**, đã đe dọa BTCL và các

16

đồng nghiệp của cô tại văn phòng (tháng 10 năm 2022) và tại nơi cư trú trên đường Lạc Long Quân, Quận 11, Thành phố Hồ Chí Minh.

Sau vụ việc tháng 7 năm 2022, **Nguyễn Văn Nhiễm đã liên hệ với một số nhân chứng là cộng sự của BTCL và thừa nhận rằng ông cùng Lê Quang Đạo đã ngụy tạo chứng cứ và chỉ đạo nhiều đặc vụ dàn dựng và quay video để phát tán trên mạng xã hội**, đồng thời **xâm nhập trái phép nơi ở tạm của Nguyên đơn để tấn công, tra tấn, và bắt cóc**, điều này đã được **Quân đội và Chính phủ Hoa Kỳ xác minh qua điều tra sau đó**.

22. Là hậu quả trực tiếp từ **hành vi tra tấn của các Bị đơn, Nguyên đơn đã chịu thương tích nghiêm trọng về thể chất**, bao gồm **chấn thương sọ não, chấn thương cột sống, bầm tím, tổn thương thần kinh**, cũng như **tổn thương tâm lý kéo dài**.

23. Các **sự kiện và chứng cứ** nêu trên đã được **Nguyên đơn xác nhận**, đồng thời **được nhiều nhân chứng khác xác nhận và cung cấp lời khai cho Bộ Ngoại giao Hoa Kỳ, FBI, Bộ Quốc phòng Hoa Kỳ, và các viên chức Lãnh sự Hoa Kỳ tại Sài Gòn, Việt Nam**, từ tháng 7 năm 2022 cho đến nay.
Những vấn đề này **vẫn đang trong quá trình điều tra của FBI, Bộ Tư pháp Hoa Kỳ, Quốc hội Hoa Kỳ, và Bộ Ngoại giao Hoa Kỳ**.

24. Từ tháng **8 năm 2022 đến nay, mặc dù đã có các yêu cầu chính thức từ Cục Điều tra Liên bang (FBI), Bộ Quốc phòng Hoa Kỳ, Bộ Ngoại giao Hoa Kỳ, và Quốc hội Hoa Kỳ**, Chính phủ Việt Nam vẫn từ chối truy tố vụ khủng bố này, và không hợp tác có ý nghĩa với Chính phủ và Quân đội Hoa Kỳ.

25. Theo **các nguồn truyền thông liên quan đến Bộ Quốc phòng**, bao gồm **Văn phòng Điều tra Hình sự (Criminal Investigation Offices)** [liên kết: https://www.youtube.com/@CriminalInvestigation-Offices/posts], có **bằng chứng đáng kể hỗ trợ vụ án**, bao gồm **vật chứng, hồ sơ chứng cứ, và lời khai có tuyên thệ của nhân chứng**, đủ để **xác lập căn cứ truy tố và yêu cầu bồi thường dân sự**.

26. Kể từ năm 2022, **Chính phủ Hoa Kỳ đã áp đặt các lệnh trừng phạt đối với Cộng hòa Xã hội Chủ nghĩa Việt Nam** và chính thức **yêu cầu dẫn độ các nghi phạm hình sự được xác định** sang Hoa Kỳ để truy tố. Tuy nhiên, **Chính phủ Việt Nam vẫn không tuân thủ yêu cầu dẫn độ và còn che giấu hành vi phạm pháp**.
Cụ thể, **Bị đơn Lê Minh Trí, nguyên Viện trưởng Viện Kiểm sát Nhân dân Tối cao và nguyên Bí thư Thành ủy Thành phố Hồ Chí Minh**, cùng các đồng phạm trong bộ máy

17

Chính phủ Việt Nam, đã **cản trở công lý**.

Các hành vi này **phù hợp với mô hình khủng bố và tội phạm lịch sử của Đảng Cộng sản Việt Nam trong thời kỳ Chiến tranh Việt Nam**.

Nguyên đơn đã **yêu cầu Chính phủ Hoa Kỳ điều tra Bị đơn Lê Minh Trí** và áp dụng các **biện pháp hạn chế thị thực và cấm nhập cảnh đối với ông ta**.

27. Tính đến nay, dựa trên **các cuộc điều tra đang tiến hành bởi Chính phủ và Quân đội Hoa Kỳ**, hơn 50 **viên chức và nhân viên thuộc Chính phủ Việt Nam**, bao gồm **các thành viên Bộ Công an và Cơ quan Tình báo Thành phố Hồ Chí Minh**, đã được **xác định là có liên quan đến vụ khủng bố này**.

Các chiến dịch này được **chỉ đạo và giám sát bởi các Bị đơn Lê Quang Đạo, Nguyễn Văn Nhiễm, Đặng Xuân Hồng, và Lê Hồng Nam**, cùng các **đồng phạm chưa xác định khác**.

Những cá nhân này đã **phối hợp và hỗ trợ Bộ Công an Việt Nam** cùng **các điệp viên đại diện cho Cộng hòa Hồi giáo Iran**, bao gồm **tổ chức Hezbollah**, nhằm **thực hiện các hoạt động khủng bố được nêu trong đơn kiện này**.

18

## CƠ SỞ PHÁP LÝ CỦA CÁC YÊU CẦU KHỞI KIỆN (CAUSES OF ACTION)

28. Nguyên đơn tái xác nhận và viện dẫn lại toàn bộ các sự kiện và cáo buộc được trình bày trong các đoạn từ 1 đến 27, như thể được trình bày lại đầy đủ tại đây.

29. Các hành vi của Bị đơn, bao gồm việc bắt cóc, tra tấn, khủng bố, và cản trở công lý, cấu thành các vi phạm nghiêm trọng đối với luật pháp Hoa Kỳ, luật quốc tế, và các điều ước quốc tế có hiệu lực ràng buộc, bao gồm:

- **Đạo luật Bảo vệ Nạn nhân Tra tấn (Torture Victim Protection Act - TVPA, 28 U.S.C. §1350);**

- **Đạo luật Chống Khủng bố (Anti-Terrorism Act - ATA, 18 U.S.C. §2333);**

- **Đạo luật Công lý Chống lại Nhà Tài trợ Khủng bố (Justice Against Sponsors of Terrorism Act - JASTA, Pub. L. No. 114-222);**

- **Đạo luật về Trách nhiệm Dân sự đối với Hành vi Tra tấn và Vi phạm Nhân quyền Nghiêm trọng (Alien Tort Statute - ATS, 28 U.S.C. §1350);**

- **Các nguyên tắc pháp lý phổ quát được công nhận bởi luật quốc tế tập quán, Hiến chương Liên Hợp Quốc, và Công ước Geneva.**

30. Bị đơn, thông qua hành vi cố ý, đã tài trợ, hỗ trợ vật chất, chỉ đạo hoặc đồng lõa trong các hành vi khủng bố và tra tấn nhằm vào một công dân Hoa Kỳ, và do đó phải chịu trách nhiệm dân sự và hình sự theo luật pháp Hoa Kỳ.

31. Các hành vi này được thực hiện với sự đồng thuận, chấp thuận hoặc che chở của các cơ quan chính phủ nước ngoài, trong đó có Cộng hòa Xã hội Chủ nghĩa Việt Nam và Cộng hòa Hồi giáo Iran, làm phát sinh thẩm quyền của Tòa án Liên bang Hoa Kỳ theo các điều khoản về ngoại lệ chủ quyền quốc gia trong **Đạo luật Miễn trừ Chủ quyền Ngoại quốc (Foreign Sovereign Immunities Act – FSIA, 28 U.S.C. §§1602–1611)**.

32. Do đó, Nguyên đơn yêu cầu Tòa án Liên bang xác nhận rằng các Bị đơn phải chịu trách nhiệm theo:

- **(a)** Đạo luật Bảo vệ Nạn nhân Tra tấn (TVPA);

- **(b)** Đạo luật Chống Khủng bố và JASTA;

- **(c)** Đạo luật Trách nhiệm Dân sự về Tra tấn (ATS);

- **(d)** Các quy phạm luật quốc tế và điều ước đa phương bảo vệ quyền con người.

19

## THIỆT HẠI (DAMAGES)

33. Nguyên đơn tái xác nhận và viện dẫn lại toàn bộ các cáo buộc trong các đoạn từ 1 đến 32, như thể được trình bày đầy đủ tại đây.

Nguyên đơn đã phải chịu các **thiệt hại nghiêm trọng và lâu dài**, bao gồm nhưng không giới hạn ở:

- **(a)** Thương tích thân thể nghiêm trọng do tra tấn, hành hung và giam giữ bất hợp pháp;

- **(b)** Tổn thương tâm lý và tinh thần kéo dài, bao gồm rối loạn căng thẳng sau sang chấn (PTSD), trầm cảm, và các chấn thương thần kinh;

- **(c)** Thiệt hại kinh tế, mất thu nhập, mất cơ hội nghề nghiệp, và chi phí y tế kéo dài;

- **(d)** Thiệt hại về danh dự, uy tín, và địa vị nghề nghiệp trong Quân lực Hoa Kỳ và cộng đồng pháp lý quốc tế;

- **(e)** Mất mát tài sản cá nhân, tài liệu, thiết bị và hồ sơ bị tịch thu, phá hoại hoặc chiếm đoạt trái phép;

- **(f)** Đau khổ và tổn thất tinh thần đối với gia đình Nguyên đơn do các hành vi khủng bố và tra tấn được thực hiện hoặc hỗ trợ bởi Bị đơn;

- **(g)** Các chi phí pháp lý, hành chính, và chi phí an ninh cần thiết để bảo vệ bản thân và gia đình trước các hành vi đe dọa và khủng bố tiếp diễn.

34. Do các thiệt hại trên, Nguyên đơn yêu cầu Tòa án Liên bang tuyên bố rằng Bị đơn phải chịu **trách nhiệm bồi thường toàn bộ**, bao gồm:

- **(1)** Thiệt hại bồi thường (compensatory damages) để khôi phục các tổn thất thực tế;

- **(2)** Thiệt hại trừng phạt (punitive damages) nhằm răn đe và trừng phạt hành vi cố ý, độc ác và coi thường luật pháp Hoa Kỳ;

- **(3)** Thiệt hại theo luật định và bồi thường theo các điều khoản của TVPA, JASTA, và ATA;

- **(4)** Lãi suất trước và sau khi có phán quyết, chi phí luật sư, và chi phí tố tụng khác theo thẩm quyền của Tòa án Liên bang.

20

## YÊU CẦU PHÁN QUYẾT VÀ BIỆN PHÁP KHẮC PHỤC (PRAYER FOR RELIEF)

**Vì những lý do đã nêu trên,** Nguyên đơn trân trọng yêu cầu Tòa án Liên bang Hoa Kỳ ra phán quyết đối với các Bị đơn, liên đới và riêng biệt, như sau:

### I. THIỆT HẠI BỒI THƯỜNG (COMPENSATORY DAMAGES)

1. Buộc các Bị đơn phải bồi thường cho Nguyên đơn **số tiền không dưới 1.000.000.000 USD (một tỷ đô-la Mỹ)** hoặc một khoản tiền xác định tại phiên tòa, để khắc phục đầy đủ các tổn thất về thân thể, tinh thần, tài chính, và danh dự mà Nguyên đơn đã phải gánh chịu do hành vi của Bị đơn.

2. Bao gồm thiệt hại đối với chi phí y tế, điều trị tâm lý, mất thu nhập, mất cơ hội nghề nghiệp, thiệt hại tài sản, và chi phí an ninh cá nhân.

3. Bao gồm các thiệt hại đặc biệt (special damages) và thiệt hại thông thường (general damages) theo quy định của Đạo luật Bảo vệ Nạn nhân Tra tấn (TVPA) và Đạo luật Chống Khủng bố (ATA).

### II. THIỆT HẠI TRỪNG PHẠT (PUNITIVE DAMAGES)

4. Yêu cầu Tòa án áp dụng **thiệt hại trừng phạt** đối với Bị đơn vì đã cố ý thực hiện các hành vi tàn ác, độc ác, và coi thường nghiêm trọng pháp luật Hoa Kỳ và các nguyên tắc nhân quyền phổ quát.

5. Mức thiệt hại trừng phạt phải đủ để **răn đe** và **ngăn ngừa** các hành vi khủng bố, tra tấn và vi phạm nhân quyền tương tự trong tương lai.

### III. BIỆN PHÁP CẤM VÀ KHẮC PHỤC (INJUNCTIVE & EQUITABLE RELIEF)

6. Ban hành **Lệnh Cấm (Injunction)** buộc các Bị đơn, cùng với các cơ quan, đại diện, và tổ chức có liên quan, phải chấm dứt mọi hành vi khủng bố, đe dọa, hoặc can thiệp vào quyền hợp pháp của Nguyên đơn.

7. Yêu cầu Tòa án ra **Lệnh Bảo vệ (Protective Order)** bảo đảm an toàn cho Nguyên đơn và gia đình ông trước các hành vi trả thù hoặc khủng bố tiếp diễn.

8. Ban hành **Lệnh Thu Giữ và Phong Tỏa Tài Sản (Attachment & Asset Freeze Order)** đối với tài sản, tài khoản, và nguồn tài chính của các Bị đơn tại Hoa Kỳ và quốc tế, để bảo đảm thi hành phán quyết của Tòa án.

9. Yêu cầu Tòa án **chuyển vụ việc này** đến Bộ Tài chính Hoa Kỳ, Văn phòng Kiểm soát Tài sản Nước ngoài (OFAC), và Bộ Ngoại giao Hoa Kỳ, nhằm xem xét áp dụng **biện**

21

**pháp trừng phạt và đóng băng tài sản** theo luật liên bang và các đạo luật nhân quyền quốc tế.

## IV. CÁC KHOẢN KHÁC (OTHER RELIEF)

10. Buộc các Bị đơn phải chịu **toàn bộ chi phí tố tụng**, bao gồm phí luật sư, chi phí điều tra, và các chi phí pháp lý phát sinh.

11. Áp dụng **lãi suất trước và sau phán quyết** theo luật định của Hoa Kỳ.

12. Ban hành mọi **biện pháp công bằng khác (equitable relief)** mà Tòa án xét thấy phù hợp, nhằm bảo đảm công lý, phục hồi quyền hợp pháp, và bảo vệ tính toàn vẹn của hệ thống pháp luật Hoa Kỳ.

## YÊU CẦU TRUY CỨU TRÁCH NHIỆM HÌNH SỰ (PLAINTIFF'S REQUEST FOR CRIMINAL CHARGES)

35. Ngoài các yêu cầu dân sự nêu trên, Nguyên đơn trân trọng đề nghị Tòa án Liên bang Hoa Kỳ chuyển vụ việc này đến **Bộ Tư pháp Hoa Kỳ (U.S. Department of Justice), Cục Điều tra Liên bang (FBI)**, và **Bộ Ngoại giao Hoa Kỳ (U.S. Department of State)**, để tiến hành **điều tra hình sự và truy tố** các Bị đơn và các cá nhân, tổ chức liên quan theo luật liên bang.

36. Căn cứ vào các bằng chứng được trình bày, Nguyên đơn yêu cầu khởi tố các tội danh liên bang bao gồm nhưng không giới hạn ở:

- **(a)** Tội **khủng bố quốc tế** theo **18 U.S.C. §2331–2339D;**

- **(b)** Tội **tra tấn** theo **18 U.S.C. §2340–2340A (Torture Act);**

- **(c)** Tội **bắt cóc công dân Hoa Kỳ ở nước ngoài** theo **18 U.S.C. §1203 (Hostage Taking Act);**

- **(d)** Tội **âm mưu, che giấu và tài trợ khủng bố** theo **18 U.S.C. §2339A–2339C;**

- **(e)** Tội **can thiệp, cản trở công lý và đe dọa nhân chứng** theo **18 U.S.C. §§1503–1513;**

- **(f)** Các vi phạm liên quan đến **luật nhân quyền quốc tế, luật về tội ác chống loài người**, và các quy phạm **jus cogens** theo tập quán quốc tế.

37. Nguyên đơn cũng yêu cầu Tòa án Liên bang chuyển thông tin này cho:

- **Văn phòng Công tố viên Liên bang tại Quận Columbia (U.S. Attorney's Office, D.C.)**, để tiến hành truy tố tội phạm liên bang;

- **Cơ quan Điều tra Liên Hợp Quốc và các cơ quan nhân quyền quốc tế**, nhằm xác định trách nhiệm hình sự của các cá nhân và cơ quan nhà nước nước ngoài liên quan.

38. Nguyên đơn yêu cầu Tòa án Liên bang ban hành **Lệnh giới thiệu hình sự (Criminal Referral Order)**, yêu cầu Bộ Tư pháp tiến hành điều tra toàn diện, thu hồi tài sản, và áp dụng các biện pháp trừng phạt thích hợp đối với các tổ chức hoặc quốc gia đã tham gia, tài trợ hoặc bao che cho hành vi khủng bố, tra tấn, và vi phạm nhân quyền đối với công dân Hoa Kỳ.

23

## YÊU CẦU XÉT XỬ BỞI BỒI THẨM ĐOÀN (JURY DEMAND)

39. Nguyên đơn yêu cầu được **xét xử bởi bồi thẩm đoàn (trial by jury)** đối với tất cả các vấn đề có thể xét xử theo quy định pháp luật liên bang.

## TUYÊN THỆ CỦA NGUYÊN ĐƠN (DECLARATION)

40. Tôi, NT, PhD-JD, tuyên thệ:

1. Tôi có **kiến thức trực tiếp** về các sự kiện và cáo buộc nêu trong đơn kiện này, và nếu được triệu tập làm nhân chứng, tôi có thể **trình bày chính xác** những gì đã viết trong tuyên bố này.

2. Tôi đã phục vụ xuất sắc và hiện đang giữ các **chức vụ cao cấp trong Quân lực và Tòa án Hoa Kỳ**, được trao nhiều **vinh dự, huân chương và danh hiệu** bởi Chính phủ và Quân lực Hoa Kỳ.

3. Tôi hiện đang phục vụ với tư cách **Giám đốc Điều tra Hình sự Cao cấp tại Tòa án Liên bang và Quân sự Hoa Kỳ**, từng được huấn luyện và phục vụ với chức danh **Thanh tra Trưởng trong Không quân Hoa Kỳ**, đồng thời giữ **giấy phép Điều tra/Pháp lý số 28986** tại bang California và nhiều bang khác, đủ điều kiện làm **Quản lý Điều tra trong các vụ án An ninh Quốc gia và Hình sự**.

4. Tôi cũng là **Trưởng Chương trình Điều tra Tội phạm hỗ trợ Quân nhân Hoa Kỳ** tại các Tòa án Bang, hỗ trợ các thành viên Quân đội trong các vụ án dân sự và hình sự.

5. Các **tài liệu đính kèm và sự kiện nêu trong đơn kiện này là đúng sự thật**, bao gồm các bản sao hồ sơ vụ án Liên bang liên quan đến các Bị đơn là đặc vụ Việt Nam và các nhóm proxy khủng bố Iran, nhằm chứng minh tôi là **nạn nhân trực tiếp** theo nhiệm vụ công vụ với **Bộ Quốc phòng và Chính phủ Liên bang Hoa Kỳ**.

6. Hầu hết các khoản **bồi thường và biện pháp pháp lý** sẽ được dùng để **hỗ trợ các cựu chiến binh Hoa Kỳ tàn tật, gia đình Gold Star và các nạn nhân bị khủng bố** do các nhóm proxy của Chính phủ Việt Nam và Iran gây ra, vốn được **Chính phủ Hoa Kỳ liệt kê là nhóm khủng bố**.

41. Tôi tuyên bố dưới **hình phạt khai man theo luật pháp Hoa Kỳ** rằng các thông tin nêu trên là **đúng và chính xác**.

**Ký tên:**
Nguyên đơn: **John Doe**

**Ngày:** 04 tháng 7 năm 2025

**Nơi ký:** Văn phòng Cố vấn Pháp lý Không quân Hoa Kỳ, Bộ Quốc phòng, Hoa Kỳ

24

**Chức danh:** Trưởng Văn phòng Pháp lý (Chief Legal Officer)J.D.