Name   : John Doe
c/o AFLC -Civil Recovery Division .
10 Brookley Ave. #8329 ,
Bolling Air Force Base
US Department of Defense
Washington DC 20032.
Phone /Fax :(614)343-6510.
Email:
info@airforcelawcenter.org

## US DISTRICT COURT
## DISTRICT OF COLUMBIA DISTRICT COURT

|  |  |
|---|---|
| John Doe , <br> on behalf of himself in his individual capacity, his U.S. Military and U.S. Government duties, and the interests of the United States Government/Military, <br><br> Plaintiff <br> vs. <br><br> SOCIALIST REPUBLIC of VIET NAM <br> ISLAMIC REPUBLIC OF IRAN <br> TO LAM (MINISTER OF MINISTRY of PUBLIC SECURITY ) <br><br> NGUYEN VAN NHIEM ( AGENT OF SOCIALIST REPUBLIC OF VIETNAM). <br> NGUYEN VAN TRUC (A  US CITIZEN -AN AGENT OF SOCIALIST REPUBLIC OF VIETNAM ). <br> DANG XUAN HONG ( AN AGENT OF SOCIALIST REPUBLIC OF VIETNAM ). <br> LE HONG NAM ( HEAD OF HO CHI MINH CITY PUBLIC SECURITY DEPARTMENT). <br> LE QUANG DAO (INTELLIGENCE HEAD OF HO CHI MINH CITY PUBLIC SECURITY  DEPARTMENT). <br> NGUYEN QUANG THONG ( AN AGENT OF DISTRICT 11 POLICE - HO CHI MINH CITY ) | Case : 1:25-cv-03226-CJN. <br><br> **I/PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE COURT'S FEBRUARY 23, 2026 MINUTE ORDER** <br><br> **II/REQUEST FOR JUDICIAL NOTICE.** <br><br> **III/REQUEST TO STRIKE UNAUTHENTICATED -UNSIGNED MOJ LETTER OUT OF COURT DOCKETS OR EXPRESSLY DISREGARD .** <br><br> FOR : <br><br> **COMPLAINT FOR DAMAGES** : |

1

NGO QUANG THE (CHIEF OF WARD 05 DISTRICT 11 POLICE -HO CHI MINH CITY )
THAN TRONG BINH ( VICE CHIEF OF WARD 05 DISTRICT 11 POLICE -HO CHI MINH CITY ).
LUU TAN LOI ( UNDERCOVER OF HO CHI MINH CITY POLICE DEPARTMENT)
VU MANH CUONG ( IMMIGRATION POLICE, HO CHI MINH CITY ).
LY HOAI SON ( AGENT OF WARD 05 DISTRICT 11 HO CHI MINH CITY POLICE ).

LE HOANG BAO ( DISTRICT 07 POLICE HO CHI MINH CITY )
LE MINH HAI ( CYBER SECURITY DEPARTMENT OF HO CHI MINH CITY )
NGUYEN VAN HA ( CYBER SECURITY DEPARTMENT OF HO CHI MINH CITY )
DO HOANG VIET ( UNDERCOVER AGENT )
VU THE SON ( UNDERCOVER AGENT )
NGUYEN TUAN ANH ( UNDERCOVER AGENT )
LE VAN TU ( UNDERCOVER AGENT )
NGUYEN NGOC SON ( COLONEL -UNDERCOVER AGENT ).
 MOHAMED MANASTRA ( AGENT, ISLAMIC REVOLUTIONARY GUARD CORPS/HEZBOLLAH);
ATIR MANASTRA ( AGENT, ISLAMIC REVOLUTIONARY GUARD CORPS/HEZBOLLAH);

Does 1-100

Defendants.

**1/REMEDIES UNDER TORTURE VICTIM PROTECTION ACT .**
2/REMEDIES UNDER **28 U.S.C. § 1605B** . **Justice For United States Victims Of State Sponsored Terrorism.**
3/REMEDIES UNDER RELATED FEDERAL CAUSES OF ACTIONS .

Request For  JURY TRIAL .
Most Remedies  will be donated to American Disabled Veterans /Military Gold Star Family Fund -US Department of Defense /Department of Veterans Affairs .

2

# I/PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE COURT'S

# FEBRUARY 23, 2026 MINUTE ORDER

## II/REQUEST FOR JUDICIAL NOTICE.

## III/REQUEST TO STRIKE UNAUTHENTICATED -UNSIGNED MOJ LETTER OUT OF COURT DOCKETS OR EXPRESSLY DISREGARD .

---

## INTRODUCTION

Pursuant to the Court's Minute Order dated February 23, 2026, Plaintiff respectfully submits this memorandum explaining why the Clerk's Entries of Default (**ECF Nos. 28, 29**) should not be voided for alleged defective service under the Hague Convention.

Service in this action:

1. complied with **28 U.S.C. § 1608(a)(3)** as to the foreign state;(addressed to the Head of the Ministry of Foreign Affairs,(**11/2025-Docket 19,22**));

2. complied with **Fed. R. Civ. P. 4(f)(2)(C)(ii)** as to the individual defendants(**Docket 17**);

3. resulted in **confirmed delivery in Vietnam under Federal Rules (11/2025-Docket 28,29)**

4. provided **undisputed actual notice**; and

5. was followed by Defendants' failure to appear within the time required by the Federal Rules.

**The Hague Convention does not render Plaintiff's service of process defective. The post-default correspondence submitted by the unverified Viet Nam Ministry of Justice(MOJ)'s letter, dated February 9, 2026, is legally insufficient and carries no evidentiary weight. The document is unauthenticated, unsigned, and fails to identify any authorized official competent to make representations on behalf of the foreign state. It bears a stamp stating "Unofficial Translation" on its face and is accompanied by a materially deficient English translation that is inconsistent with settled American legal terminology and practice. Moreover, the submission does not comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules governing filings in this Court, and therefore is not in a form that the Court may properly consider.**

The record affirmatively establishes that service was effected through the proper channel and received by the Head of the Viet Nam Ministry of Foreign Affairs on November 28, 2025(Docket 19,22)—not the Ministry of Justice. That confirmed receipt by the appropriate central governmental authority forecloses any post-default attempt to challenge service through an unrelated ministry that was not the

designated recipient under the governing service mechanism.

Accordingly, the submission does not constitute admissible evidence, does not demonstrate good cause under Rule 55(c), and does not satisfy the requirements for relief from default as a Motion to Quash Service under Rule 60(b). See Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 60(b). It offers no competent proof of defective service, no showing of mistake, excusable neglect, or any other recognized ground for setting aside default, and therefore provides no procedural or legal basis upon which the Clerk's Entries of Default may be voided from defective .

**Therefore ,The Court should disregard the submission in its entirety.**

# I. SERVICE ON THE FOREIGN STATE IS GOVERNED EXCLUSIVELY BY THE FSIA

The Foreign Sovereign Immunities Act provides the **exclusive method** for service on a foreign state.

**Republic of Sudan v. Harrison**, 139 S. Ct. 1048, 1054 (2019).

Service on the Socialist Republic of Vietnam was effected by:

- Clerk-dispatched mail,
- addressed to the Head of the Ministry of Foreign Affairs,(Docket 19).
- requiring a signed receipt,
- delivered in Hanoi.

That is the precise method required by **28 U.S.C. § 1608(a)(3)**.

See
**Transaero, Inc. v. La Fuerza Aérea Boliviana**, 30 F.3d 148, 154 (D.C. Cir. 1994).

Because the FSIA controls service on a foreign state, the Hague Convention does not invalidate that completed statutory service.

See Dockets : **EXHIBIT 01 .**

| 11/06/2025 | 19 | CERTIFICATE OF CLERK re 10 dispatching one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state on 11/6/2025, by registered mail, return receipt requested, to the **head of the ministry of foreign affairs**, pursuant to 28 U.S.C. 1608(a)(3). (mg) (Entered: 12/15/2025) |
|---|---|---|
| 11/06/2025 | 23 | REQUEST re 10 from Plaintiff for the Clerk to dispatch for mailing one copy of **the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the head of the ministry of foreign affairs**, |

| | | |
|---|---|---|
| | | pursuant to 28 U.S.C. 1608(a)(3). (See docket entry 16 to view document) (mg) (Entered: 02/05/2026) |

| | | |
|---|---|---|
| 02/03/2026 | 21 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to SOCIALIST REPUBLIC OF VIETNAM served on 11/28/2025, answer due 1/27/2026. (See Docket Entry 20 to view document). (znmw) (Entered: 02/04/2026) |

## II. SERVICE ON THE INDIVIDUAL DEFENDANTS IS VALID UNDER RULE 4(f)(2)(C)(ii) AND WATER SPLASH RULE

Rule 4(f)(2)(C)(ii) authorizes service by:

> "any form of mail that the clerk addresses and sends … and that requires a signed receipt," unless prohibited by international agreement.

The Supreme Court has held:

> Article 10(a) of the Hague Convention permits service by postal channels. **Water Splash, Inc. v. Menon**, 581 U.S. 271, 279 (2017).

Service here:

- was clerk-addressed,
- required a signed receipt,
- was delivered in Vietnam,
- and was filed with proof.

This satisfies Rule 4.

See
**Freedom Watch, Inc. v. OPEC**, 766 F.3d 74, 83 (D.C. Cir. 2014).

See Docket : **EXHIBIT 02** .

| | | |
|---|---|---|
| 11/06/2025 | 16 | REQUEST re 8 , 11 , 12 , 13 , 14 , and 15 for the Clerk from Plaintiff to dispatch for mailing one copy of the summons and complaint upon All Defendants by registered mail, return receipt requested, pursuant to FRCP 4(f)(2)(C)(ii). (mg) Modified link on 11/7/2025 (mg). Modified docket text on 2/5/2026 (mg). (Entered: 11/07/2025) |
| 11/06/2025 | 17 | **CERTIFICATE OF CLERK re 8 , 11 , 12 , 13 , 14 and 15 dispatching one** |

| | | **copy of the summons and complaint on 11/6/2025 upon All Defendants by registered mail, return receipt requested pursuant to FRCP 4(f)(2)(C)(ii).** (Attachments: # 1 Receipt) (mg) Modified on 12/15/2025 to correct filed date add links (mg). (Entered: 11/12/2025) |
|---|---|---|

| 02/06/2026 | 27 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. THAN TRONG BINH served on 11/26/2025, answer due 12/17/2025; LE QUANG DAO served on 11/26/2025, answer due 12/17/2025; TO LAM served on 11/28/2025, answer due 12/19/2025; LE HONG NAM served on 11/26/2025, answer due 12/17/2025; NGUYEN VAN NHIEM served on 11/26/2025, answer due 12/17/2025; NGO QUANG THE served on 11/26/2025, answer due 12/17/2025 (znmw) (Entered: 02/11/2026) |
|---|---|---|

# III. THE "COMPETENT AUTHORITY" ARGUMENT DOES NOT INVALIDATE POSTAL SERVICE

In letter , The Ministry of Justice asserts that **it is not the proper authority** to receive judicial documents.

That argument applies only to **Article 5 Central Authority service**, not to **Article 10(a) postal service**.

Postal service:

- does not require transmission through a Central Authority, and
- is complete upon delivery in the destination state.

The Convention does not permit a receiving state to:

- accept postal service, but
- require that it be routed through a specific internal ministry.

# IV. ACTUAL DELIVERY SATISFIES THE CORE PURPOSE OF THE HAGUE CONVENTION

The Convention's purpose is to ensure:

actual and timely notice.
**Volkswagenwerk Aktiengesellschaft v. Schlunk**, 486 U.S. 694, 698 (1988).

Here:

- the documents were physically delivered in Vietnam,

- a state ministry acknowledged receipt,

- Defendants allowed the response period to expire.

There is no lack of notice and no prejudice.

See

**GSS Group Ltd. v. Nat'l Port Auth.**, 680 F.3d 805, 811 (D.C. Cir. 2012).

---

# V. UNAUTHENTICATED, UNSIGNED, AND NOT ATTRIBUTED TO ANY IDENTIFIED AUTHORIZED OFFICIAL - MOJ LETTER IS NOT A MOTION TO QUASH AND WAS TRANSMITTED AFTER DEFAULT( EXHIBIT 03 )

The Ministry of Justice correspondence:

- **is unsigned and unauthenticated and not attributed to any identified authorized official with Stamp: " Unofficial Translation ",**

- was not filed by counsel,

- was not served on Plaintiff,

- does not seek relief under Rule 12 or Rule 55(c).

It is therefore **not a motion to quash service**.

See

**Practical Concepts, Inc. v. Republic of Bolivia**, 811 F.2d 1543, 1547 (D.C. Cir. 1987).

## A. The Postal Record Confirms It Was Sent After Default

The Vietnam Post tracking shows the unauthenticated-unsigned  MOJ letter:

- dispatch from Hanoi on **January 31, 2026( EXHIBIT 04.01).**

    VNPOSTAL TRACKING-02092026-01 p…

The Court received the envelope on:

- **February 9, 2026**

    02232026 -ENVELOPE-MOJ LETTER -…**( EXHIBIT 04.02)**

By that time:

- the individual defendants had already been served,

- their time to respond had expired,

7

- and the Clerk had entered default (ECF Nos. 28, 29).

## B. A Post-Default THE UNAUTHENTICATED MOJ LETTER  Cannot Vacate Default

Once default is entered, relief is available only through **Rule 55(c)**.

**The unauthenticated MOJ from unknown authorized-Unsigned personnel** Letter:

- does not invoke Rule 55(c),

- does not show good cause,

- does not assert a meritorious defense.

It therefore cannot disturb the defaults.

See
**Jackson v. Beech**, 636 F.2d 831, 836 (D.C. Cir. 1980).

---

# VI. THE REQUEST TO RESTART SERVICE THROUGH DIPLOMATIC CHANNELS HAS NO LEGAL BASIS

Diplomatic-channel service is:

- one available method under the FSIA,

- not a mandatory remedy after valid service has been completed.

A defendant cannot require a plaintiff to repeat service through a different method once a valid method has been executed.

---

# VII. THE TIMING CONFIRMS WILLFUL DEFAULT

The sequence is undisputed:

1. Service completed

2. Response period expired ( from 12/19/2025)

3. Default entered

4. Informal -Unauthenticated-Unsigned Government  letter transmitted to Court on 02/09/2026.

That sequence establishes:

- actual notice, and

- a deliberate decision not to appear.

See

**Owens v. Republic of Sudan**, 864 F.3d 751, 785 (D.C. Cir. 2017).

# VIII. THE MINISTRY OF JUSTICE'S RECOMMENDATION TO RESTART SERVICE TO DEFENDANTS -INDIVIDUALS THROUGH DIPLOMATIC CHANNELS OR THROUGH THE MINISTRY OF JUSTICE HAS NO LEGAL BASIS

The Ministry of Justice recommends that service be re-effected through diplomatic channels or through the Ministry of Justice for the individual defendants. That recommendation is inconsistent with the Federal Rules, the FSIA, and the procedural posture of this case.

## A. Service on the Foreign State Was Already Completed Under § 1608(a)(3)

The docket reflects that the Clerk certified and dispatched the service packet in full compliance with the statute: **EXHIBIT 01**

> **11/06/2025 – ECF No. 19**
> Certificate of Clerk dispatching the summons, complaint, notice of suit, and translations with Certified Translator's Notarized Version to the Head of the Ministry of Foreign Affairs by registered mail, return receipt requested, pursuant to **28 U.S.C. § 1608(a)(3).**
> **(EXHIBIT 08 )**.

The Clerk's certification confirms that:

- the documents were reviewed for compliance before dispatch,
- the translations were included, and
- the statutory method was followed.

See
**Republic of Sudan v. Harrison**, 139 S. Ct. 1048, 1054 (2019)
(FSIA provides the exclusive method of service on a foreign state).

Service under §1608(a)(3) is complete upon delivery to the foreign minister in the foreign state. That occurred here.

The Socialist Republic of Vietnam was therefore in default as of **February 4, 2026**, after the statutory response period expired.

A defendant cannot require a plaintiff to repeat service through a different statutory method once valid service has been completed.

## B. Service on the Individual Defendants Was Properly Executed and Reflected on the Docket (EXHIBIT 02 )

The Court's docket confirms execution of service and the answer deadlines for each individual defendant:

**02/06/2026 – ECF No. 27**
Return of Service/Affidavit of Summons and Complaint Executed with Certified/Notarized Translations.**( EXHIBIT 08)**.

The docket specifies:

- date of service for each defendant, and
- the corresponding Rule 12 response deadline.

Those deadlines passed without any appearance.

The Clerk thereafter entered default (**ECF Nos. 28, 29**).

That sequence establishes valid service under:

**Fed. R. Civ. P. 4(f)(2)(C)(ii)**
and default under
**Fed. R. Civ. P. 55(a).**

## C. The Clerk's Pre-Dispatch Review Confirms the Validity of Service

The docket further shows:**(EXHIBIT 02 )**

**11/06/2025 – ECF No. 17**
Certificate of Clerk dispatching the summons and complaint upon all defendants by registered mail pursuant to Rule 4(f)(2)(C)(ii).

This certification demonstrates that the Clerk:

- reviewed the summons, complaint, and translations with Certified Translator's Notarized version ,(**EXHIBIT 08)**
- confirmed that the method of service complied with the governing rules,
- and then dispatched the service.

That contemporaneous judicial act strongly supports the validity of service.

## D. The Returned Packet Does Not Undo Completed Service

The Unauthenticated -Unsigned Ministry of Justice letter returned a packet received by the Court on February 9, 2026.**(EXHIBIT 03 )**.

By that time:

- service had already been completed,
- the response periods had expired,

11

- defaults had already been entered.

Service is determined by:

- the method used, and
- delivery in the foreign state,

—not by a later attempt to return documents.

See
**GSS Group Ltd. v. Nat'l Port Auth.**, 680 F.3d 805, 811 (D.C. Cir. 2012).

## E. The Returned Letter/Materials Are Unauthenticated with poor English did not match with American Legal terms and Have No Evidentiary Weight

The returned letter/materials:

- are stamped as an "unofficial translation,"with very poor English and did not match with American Legal terms like : US District Court they translated "TOA QUAN"  is very small court in Communist System like Viet Nam .This case is a Federal Complaint they used " PETITION "( see 04 pages Unauthenticated Letter )etc .
- are not signed,
- identify no responsible official,
- do not correspond to the documents actually dispatched by the Clerk.

They therefore cannot be:

- treated as evidence of what was served, or
- used to contradict the Clerk's certified dispatch and the filed proofs of service.

See
**Fed. R. Evid. 901** (authentication required).

The controlling record of what was served is:

- the Clerk's certificate of dispatch, and
- the filed return of service.

## F. A DEFENDANT MAY NOT COMPEL A PLAINTIFF TO RESTART SERVICE AFTER DEFAULT

Neither the FSIA nor Rule 4 permits a defendant to:

- ignore valid service,
- allow the response deadline to pass,

- default,
- and then demand that service be restarted through a different method.

The only mechanism for relief at that stage is:

**Fed. R. Civ. P. 55(c)**.

No such motion has been filed.

---

# IX. THE PROCEDURAL POSTURE CONFIRMS THAT THE ENTRIES OF DEFAULT REMAIN VALID

The undisputed sequence is:

1. Clerk reviewed and dispatched compliant service (ECF Nos. 17, 19)
2. Service executed in Vietnam (ECF No. 27)
3. Response deadlines expired
4. Defaults entered (ECF Nos. 28, 29)
5. Post-default, unauthenticated-unsigned -Unknown Authorized Personnel Government (MOJ)correspondence sent is NO any Evidentiary weighting  or as a Motion to Quash .

That sequence satisfies the Federal Rules and the FSIA and does not provide any basis to void the defaults.

---

13

# ARGUMENT

## I. UNAUTHENTICATED, UNSIGNED, AND NOT ATTRIBUTED TO ANY IDENTIFIED AUTHORIZED OFFICIAL -MOJ LETTER IS NOT A PLEADING AND CANNOT CONSTITUTE AN APPEARANCE

Only pleadings listed in Rule 7(a) may affect the posture of a case.

The MOJ Letter:

- was not filed by counsel,
- was not served under Rule 5,
- is not a Rule 12 motion,
- does not seek to set aside default under Rule 55(c).

Courts in this District consistently hold that such communications **do not constitute an appearance and do not affect default**.

## II. THE UNAUTHENTICATED LETTER IS AN IMPROPER EX PARTE COMMUNICATION

Because it was sent directly to the Court without service on Plaintiff, it is inconsistent with the adversarial process and should be stricken or disregarded.

## III. THE UNTHENTICATED LETTER IS A DELAY or HARRASSMENT TACTIC DESIGNED TO EVADE THE FSIA SERVICE FRAMEWORK

The sequence is dispositive:

1. Service completed under §1608(a)(3)
2. 60-day response period expired
3. Clerk entered default
4. Diplomatic letter sent instead of a Rule 12 motion

A foreign state may challenge service **only by appearing and moving under the Federal Rules**.

14

Attempting to obtain the benefit of a jurisdictional challenge without submitting to the Court's jurisdiction undermines the FSIA's mandatory service scheme.

## IV. THE UNAUTHENTICATED LETTER CONFIRMS EFFECTIVE SERVICE

The unverified MOJ letter expressly admits receipt of the judicial documents.

02232026 -04pages MOJ LETTER -0…**(EXHIBIT 03)**.

Actual receipt independently satisfies §1608(a)(3) under D.C. Circuit precedent.

## THE FORM AND CONTENT OF THE MOJ LETTER CONFIRM THAT IT IS NOT A LEGALLY COGNIZABLE APPEARANCE

Even if the Court were to consider the diplomatic correspondence, its form and content confirm that it cannot be treated as a responsive filing or accorded any procedural weight.

## A. The Document Is Not Authenticated with NO Signature with Unknown Authorized Personnel and Identifies No Responsible Government Official(EXHIBIT 03)

The letter:

- does not identify the name or title of any Ministry of Justice officer,
- is not signed by an individual acting in a representative capacity,
- provides no address, email, or telephone number for further communication.

As a result:

- neither the Court nor Plaintiff has any way to verify who authored it,
- no counsel or authorized representative has entered an appearance,
- no person has assumed responsibility for the assertions contained in the document.

Courts in this District give no legal effect to unsigned or unattributed foreign-government communications for precisely this reason: they are not attributable to a party appearing before the Court.

15

## B. The Document Was Not Served and Contains No Means for Service of a Response

The letter provides **no service address or contact information**, making it impossible for Plaintiff to respond in the manner required by:

- Fed. R. Civ. P. 5
- LCvR 5.4

This confirms that the transmission was **not intended to function as a litigating document**, but as an ex parte unauthenticated communication.

## C. The English Text Demonstrates That THE DOCUMENT IS NOT A FORMAL LEGAL SUBMISSION

The English version of the letter:

- is written in non-standard, informal and poor English,does not follow any American Legal terms or format .
- does not follow any recognizable legal format,
- does not contain a caption, case number, or prayer for relief.

This further confirms that the document was **not prepared for filing as a pleading in a United States court**.

## D. The Translation of "U.S. District Court" as "TÒA QUẬN" IS SUBSTANTIVELY INCORRECT AND DEMONSTRATES A LACK OF LEGAL RELIABILITY/American Legal Systems .

The letter translates "United States District Court" as:

"Tòa Quận"

In Vietnamese legal terminology:

- "Tòa Quận" refers to a **local, lowest-level urban court**, not a national federal trial court.

The correct translation for "United States District Court" is:

"Tòa án Liên bang Hoa Kỳ"
or
"Tòa án Khu vuc  liên bang Hoa Kỳ."

16

or this case is a Federal Complain but they used " PETITION " ( **EXHIBIT 03).**

A federal complaint initiates a civil lawsuit alleging wrongdoing by a defendant to seek damages or specific actions. A petition is a formal request asking a court to intervene, often used in special proceedings, administrative matters, or appeals .

This mistranslation or lack of American Legal System knowledge   is significant because it shows:

1.  the document was not prepared by a person familiar with U.S. federal courts,
2.  it was not intended as a formal submission to this Court,
3.  it lacks the reliability and indicia of an official legal response.

## E. THESE DEFECTS CONFIRM THAT THE LETTER IS NOT A GOOD-FAITH JURISDICTIONAL CHALLENGE

Taken together, the defects in the document's:

- authorship,
- signature,
- format,
- translation,
- absence of contact information,
- failure of service,
- stamped with " Unofficial Translation".

demonstrate that it is **not a litigating position presented through counsel**, but an informal -unauthenticated Government communication.

Such a document cannot:

- constitute an appearance,
- challenge service,
- or provide a basis to delay default judgment.

## F. LEGAL CONSEQUENCE

Because the unauthenticated -unsigned MOJ letter:

- is unattributed,

- unsigned,unknown Authorized Personnel

- unserved,

- procedurally non-compliant,

- and not framed as a motion,

it has **no evidentiary or procedural value** and should be:

**STRICKEN**

or

**EXPRESSLY DISREGARD.**

## G.PUBLIC AVAILABILITY OF THE COMPLAINT AND SUMMONS FURTHER CONFIRMS ACTUAL NOTICE AND THE WILLFUL NATURE OF DEFENDANTS' DEFAULT

In addition to formal service under:

- 28 U.S.C. § 1608(a)(3), and

- Fed. R. Civ. P. 4(f)(2)(C)(ii),

the initiating pleadings in this action have been continuously and publicly available through a U.S.-Government Law Project based legal archive that reproduces federal court filings.

The Complaint is publicly accessible at:

https://archive.org/details/gov.uscourts.dcd.284903/gov.uscourts.dcd.284903.1.0.pdf**( EXHIBIT 05)**

This is a verbatim reproduction of the pleading filed in this Court.

## G.1 PUBLIC AVAILABILITY IS RELEVANT TO WILLFUL DEFAULT — NOT AS A SUBSTITUTE FOR SERVICE

Plaintiff does not rely on public posting as a method of service.

Rather, courts in this District consider widespread public availability of the pleadings when evaluating:

- whether a defendant had actual notice, and

- whether the failure to appear was willful.

See:

**Owens v. Republic of Sudan**, 864 F.3d 751, 785 (D.C. Cir. 2017)

(default appropriate where foreign state had notice yet declined to appear).

## G.2 DEFENDANTS WERE SPECIFICALLY IDENTIFIED AND THEREFORE WERE ON NOTICE OF THE ACTION

The publicly available Complaint:

- identifies each individual defendant by name and official position,
- describes the conduct at issue,
- states the jurisdictional basis for suit.

Because these are senior government officials whose official roles are publicly documented, the publication of the Complaint:

- made the existence of the litigation readily discoverable,
- provided an additional channel of actual notice.

## G.3 PUBLIC ACCESS TO THE PLEADINGS ELIMINATES ANY CLAIM OF PREJUDICE

Where defendants:

1. receive formal service, and
2. have independent access to the pleadings,

they cannot credibly claim:

- lack of awareness, or
- inability to respond.

This weighs heavily in favor of default judgment.

## G.4 THE FAILURE TO APPEAR DESPITE MULTIPLE FORMS OF NOTICE IS WILLFUL

The record now shows:

1. Statutory service on the foreign state;
2. Rule 4(f) service on the individuals;
3. Confirmed delivery in Vietnam;

19

4. Public availability of the pleadings in a U.S. legal archive and many legal websites like PACERMONITOR ;

5. Government  acknowledgment of receipt.

The only reasonable inference is a **deliberate decision not to appear**.

Willful default is a central factor supporting the entry of default judgment in FSIA cases.

# G.5 DUE PROCESS IS FULLY SATISFIED

Due process requires notice reasonably calculated to apprise the parties of the action.

Here, defendants received:

- direct international registered-mail service,

- delivery confirmation,

- and public access to the pleadings.

This exceeds constitutional notice requirements.

# H.ADDITIONAL DELIVERY TO THE EMBASSY OF THE SOCIALIST REPUBLIC OF VIETNAM IN WASHINGTON, D.C. CONFIRMS ACTUAL NOTICE AND THE WILLFUL NATURE OF DEFENDANTS' DEFAULT(EXHIBIT 06)

In addition to formal service under 28 U.S.C. § 1608(a)(3), Plaintiff transmitted the summons and complaint to the Embassy of the Socialist Republic of Vietnam in Washington, D.C.

This additional delivery:

- ensured that the foreign state's diplomatic mission in the United States had contemporaneous notice of this action,

- provided a direct channel of communication to the foreign ministry,

- eliminated any possibility of delay attributable to international mail routing.

# H.1 EMBASSY DELIVERY IS NOT RELIED UPON AS THE STATUTORY METHOD OF SERVICE

Plaintiff does not contend that delivery to the Embassy constitutes service under §1608(a).

See:

**Republic of Sudan v. Harrison**, 139 S. Ct. 1048, 1056–57 (2019)
(service must be sent to the foreign minister in the foreign state, not to an embassy in the United

20

States).

Statutory service was completed through clerk-dispatched registered mail to the Ministry of Foreign Affairs in Hanoi.

## H.2. EMBASSY DELIVERY IS HIGHLY PROBATIVE OF ACTUAL NOTICE

Courts in this District routinely consider embassy transmission as evidence that:

- the foreign state had actual knowledge of the suit,

- the failure to appear was willful.

See:

**Owens v. Republic of Sudan**, 864 F.3d 751, 785 (D.C. Cir. 2017)
(actual notice supports default judgment).

Because embassies function as the official diplomatic representatives of the foreign state, delivery to the Embassy in Washington, D.C.:

- provides immediate notice to the central government,

- triggers the foreign state's established litigation-response channels.

## H.3. THE COMBINATION OF MULTIPLE NOTICE CHANNELS DEFEATS ANY CLAIM OF PREJUDICE

The record now shows that Defendants received:

1. **Statutory service in Hanoi under §1608(a)(3);**

2. **Rule 4(f)(2)(C)(ii) service on individual defendants;**

3. Confirmed international delivery;

4. Unauthenticated Government acknowledgment of receipt;

5. Public access to the pleadings;

6. Direct transmission to the Embassy in Washington, D.C.

This exceeds the notice provided in many FSIA cases in which default judgment has been entered.

## H.4. FAILURE TO APPEAR DESPITE EMBASSY NOTICE IS WILLFUL

Where a foreign state:

- receives service through its foreign ministry, and

- receives parallel notice through its embassy in the United States,

yet still declines to appear, the only reasonable inference is a **deliberate litigation decision**.

That is the definition of willful default under D.C. Circuit precedent.

## H.5. DUE PROCESS IS MORE THAN SATISFIED

Due process requires notice reasonably calculated to apprise the defendant of the action.

Here, notice was provided through:

- the method mandated by Congress in §1608(a)(3),

- multiple redundant channels,

- the foreign state's own diplomatic mission in the United States.

This far exceeds constitutional minimums.

# V. REQUEST FOR JUDICIAL NOTICE (FED. R. EVID. 201)

To explain Defendants' refusal to appear through counsel and their use of unauthenticated Government correspondence in lieu of judicial process, Plaintiff respectfully requests that the Court take judicial notice of the following adjudicative facts, which are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned:

## A. Structure of State Authority in Vietnam(EXHIBIT 07.01)

The Constitution of the Socialist Republic of Vietnam provides that the Communist Party is:

> "the only legal Political party can be a leading force of the State and society."Any peaceful attempt  tried to advocate to a Democratic System or new Political Party  in Viet Nam should be in jailed and tortures with charge" Opposition to Government"by Vietnamese Communist Party -Officials .

This establishes that ministries, including the Ministry of Justice, operate within a centralized political framework under Defendant  TO LAM as a Secretary of Vietnam Communist Party  and do not function as independent litigation decision-makers.

## B. Lack of Institutional Independence of the Judiciary(EXHIBIT 07.02)

U.S. Department of State Country Reports on Human Rights Practices for Vietnam as Vietnam is a World leading nation on abuse to Human and Civil rights consistently find:

- the judiciary is not independent, and

- courts are subject to direction by the ruling Communist party and executive authorities.

## C. Communist Party  Control of International Litigation( EXHIBIT 07.03)

Public U.S. government materials recognize that decisions regarding foreign litigation involving the Vietnamese state are made through centralized governmental channels rather than through independent counsel acting in a private capacity.

---

## RELEVANCE

These facts are not offered for political commentary. They are directly relevant to:

- **why Defendants have not appeared through counsel,**

- **why a unauthenticated -unsigned -Unknown Authorized Personnel  communication was used instead of a Rule 12 motion,**

23

- **why the delay is willful rather than inadvertent.**

Courts in FSIA cases routinely consider such governmental structures when evaluating default posture and willfulness.

# CONCLUSION

Because:

- service complied with §1608(a)(3) and Rule 4(f)(2)(C)(ii),

- Defendants received actual notice,

- the unauthenticated -Unsigned-Unknown Authorized personnel -MOJ Letter received on 02/09/2026 is not a motion and was sent after default,not comply to be  valid as a legal Argument/Pleadings to seeking relief  in Court under Rule 12 motion.

the Clerk's Entries of Default (**ECF Nos. 28, 29**) are valid and **should not be voided.**Also,The Ministry of Justice's recommendation to restart service has no legal basis because:

- the foreign state was already validly served under §1608(a)(3),

- the individual defendants were validly served under Rule 4(f)(2)(C)(ii),

- the Clerk certified the dispatch and the execution of service,

- defaults were entered after the response periods expired,

- the returned MOJ letter/materials are unauthenticated/Unsigned/Unknown Authorized Personnel and procedurally irrelevant.

Therefore , The Clerk's **Entries of Default (ECF Nos. 28, 29)should therefore remain in effect**.

Also, Because the unauthenticated -unsigned with unknown Authorized Personnel with stamp " Unofficial Translation" MOJ letter:

- is unattributed,

- unsigned,unknown Authorized Personnel

- un-served,

- procedurally non-compliant,

- and not framed as a motion,

it has **no evidentiary or procedural value** and should be:

## STRICKEN Docket 33 (02/09/2026) and remove out of Court Docket .

or

## EXPRESSLY DISREGARD.

Respectfully submitted ,

/Signed /

Plaintiff JOHN DOE in proper and on behalf US Military /Government Interests .

25

# EXHIBITS :

01/ **EXHIBIT 01 .**

| 11/06/2025 | 19 | CERTIFICATE OF CLERK re 10 dispatching one copy of the summons, complaint, and notice of suit, together **with a translation of each into the official language of the foreign state on 11/6/2025**, by registered mail, return receipt requested, to the **head of the ministry of foreign affairs**, pursuant to 28 U.S.C. 1608(a)(3). (mg) (Entered: 12/15/2025) |
|---|---|---|

02/ **EXHIBIT 02** .

| 11/06/2025 | 17 | **CERTIFICATE OF CLERK re 8 , 11 , 12 , 13 , 14 and 15 dispatching one copy of the summons and complaint on 11/6/2025 upon All Defendants by registered mail, return receipt requested pursuant to FRCP 4(f)(2)(C)(ii).** (Attachments: # 1 Receipt) (mg) Modified on 12/15/2025 to correct filed date add links (mg). (Entered: 11/12/2025) |
|---|---|---|

03/ **EXHIBIT 03** The Unauthenticated -Unsigned Ministry of Justice letter returned a packet received by the Court on February 9, 2026.

04/ **EXHIBIT 04.01.**The Vietnam Post tracking shows the unauthenticated-unsigned  MOJ letter:

• dispatch from Hanoi on **January 31, 2026(**VNPOSTAL TRACKING-02092026-01 p…)

The Court received the envelope on:

• **February 9, 2026**

**EXHIBIT 04.02** 02232026 -ENVELOPE-MOJ LETTER -…

05/ **EXHIBIT 05**

The Complaint is publicly accessible at:

https://archive.org/details/gov.uscourts.dcd.284903/gov.uscourts.dcd.284903.1.0.pdf

06/**EXHIBIT 06 :11/2025 DELIVERY TO THE EMBASSY OF THE SOCIALIST REPUBLIC OF VIETNAM IN WASHINGTON, D.C.  CONFIRMS ACTUAL NOTICE AND THE WILLFUL NATURE OF DEFENDANTS' DEFAULT**

07/**EXHIBIT 07.01**Structure of State Authority in Vietnam

**EXHIBIT 07.02** Lack of Institutional Independence of the Judiciary

 **EXHIBIT 07.03** Communist Party  Control of International Litigation

08/**EXHIBIT 08 : CERTIFIED/NOTARIED TRANSLATIONS.**