**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, *Plaintiff*, v. SOCIALIST REPUBLIC OF VIETNAM, *et al.*, *Defendants*. | Civil Action No. 1:25-cv-03226 (CJN) |

## ORDER

This matter is before the Court on its review of Plaintiff's memorandum, ECF 34, in defense of several entries of default[1] and his motions for the issuance of subpoenas, ECF 9; ECF 18. For the reasons that follow, the Court sets aside the default against the Socialist Republic of Vietnam, ECF 22; orders Plaintiff to clarify whether a signed receipt of delivery exists for each Individual Defendant against whom he seeks default, *see* ECF 28; ECF 29; ECF 44; ECF 45; and denies the requests for subpoenas, ECF 9; ECF 18.

Plaintiff John Doe, proceeding pseudonymously, sues the Socialist Republic of Vietnam and numerous Individual Defendants—among them a sitting government minister—under the Torture Victim Protection Act and the Justice Against Sponsors of Terrorism Act. ECF 1. He

---

[1] The Court's Minute Order directing Plaintiff to address whether the "Entries of Default should . . . be voided due to defective service under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters" explicitly mentioned only the defaults at Docket Entries 28 and 29 against six Individual Defendants. Min. Order of Feb. 23, 2026. Plaintiff's response discussed both those defaults, as well as the default at Docket Entry 22 against the Socialist Republic of Vietnam. *See* ECF 34 at 3–4, 10. Plaintiff later sought and received defaults against seven additional Individual Defendants at Docket Entries 44 and 45. Because the service-related issues affecting the defaults are interrelated, the Court addresses them all in this Order.

alleges that the Individual Defendants participated in his torture, kidnapping, and unlawful detention in Vietnam.

At Plaintiff's request, the Clerk of Court mailed the summons and complaint to Vietnam's Ministry of Foreign Affairs under 28 U.S.C. § 1608(a)(3), as well as six Individual Defendants abroad under Federal Rule of Civil Procedure 4(f)(2)(C)(ii).  ECF 17; ECF 19.  Vietnam's Central Authority, the Ministry of Justice, returned the documents unexecuted, citing several deficiencies, including the absence of the required model request form; the omission of any translation of the summons; and an inconsistent, unverified Vietnamese translation.  ECF 33 at 1–2.  The Central Authority further stated that it would not execute the request while Plaintiff proceeded under a pseudonym and noted that under U.S. law, a *pro se* plaintiff is not an authorized forwarding authority.  *Id.* at 1.  Because the Central Authority's return of the documents associated with the attempted service did not arrive before Plaintiff requested a default, ECF 20; ECF 24, the Clerk entered default against Vietnam, ECF 22, and certain Individual Defendants, ECF 28; ECF 29. The Clerk also entered default against seven additional Individual Defendants a few months later, ECF 44; ECF 45, based on later-filed affidavits of service, ECF 36; ECF 38.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause."  The decision to set aside a default "lies within the discretion of the trial court." *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980).  "[E]xercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."  *Id.*  A district court has the authority to set aside an entry of default *sua sponte*.  *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008); *see also Patel v. Socialist People's Libyan Arab Jamahiriya*, No. 6-cv-626, 2007 WL 9760177, at *2–3 (D.D.C. Apr. 19, 2007).

"Although default may be entered upon a defendant's failure to plead or otherwise defend, a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint."  *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (internal citation omitted).  Default therefore "cannot be entered where there was insufficient service of process."  *Id.*; *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (without proper service, a federal court "lack[s] the power to assert personal jurisdiction over a defendant").  And, by extension, defective service can constitute good cause to set aside an entry of default.  *See Koerner v. United States*, 246 F.R.D. 45, 47 (D.D.C. 2007).

Before addressing the validity of service, the Court clarifies the scope of the Clerk's entries of default.  ECF 28; ECF 29; ECF 44; ECF 45.  Entries of default can reach only those defendants who have been properly served, so three categories of defendants are not relevant here.  First, the Islamic Republic of Iran is a foreign-state Defendant whose service runs through Section 1608(a), but there is no entry of default against it at this stage of the case.  Second, no return of service appears in the record for the Manastra/IRGC Defendants or for six of the named Vietnamese Individual Defendants.[2]  Third, Defendant Nguyen Van Truc resides in Texas and is therefore governed by Rule 4(e)—not Rule 4(f)—and cannot be served by international mail to Vietnam.  *See* ECF 1 ¶ 13.  To the extent that the defaults at Docket Entries 28, 29, 44, and 45 purport to reach the Islamic Republic of Iran, the Manastra/IRGC Defendants, Nguyen Van Truc, or any

---

[2] The complaint names Mohamed Manastra and Atir Manastra as agents of the Islamic Revolutionary Guard Corps (IRGC) and Hezbollah who allegedly coordinated with Vietnamese intelligence officers in the conduct underlying this action. ECF 1 at 2, 10–11. The six Vietnamese Individual Defendants for whom no return of service appears are Nguyen Van Ha, Do Hoang Viet, Vu The Son, Nguyen Tuan Anh, Le Van Tu, and Nguyen Ngoc Son. *Compare id.* at 1–2 (naming 22 Individual Defendants), *with* ECF 24; ECF 36; ECF 38 (affidavits for default for 13 Individual Defendants).

Individual Defendant other than the thirteen explicitly named in those entries, the defaults cannot stand as to those Defendants.

Turning to the entry of default against Vietnam, service of a foreign state is governed exclusively by the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1608(a), which prescribes a strict hierarchy of methods that a plaintiff must follow in order, *see Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) ("[S]trict adherence to the terms of 1608(a) is required."); *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1054 (2019) (describing Section 1608(a)'s "hierarchical order").  Because Vietnam is a party to the Hague Service Convention, Plaintiff had to attempt service "in accordance with an applicable international convention" under Section 1608(a)(2) before he could resort to mailing the documents "to the head of the ministry of foreign affairs" under Section 1608(a)(3).  *See Est. of Hirshfeld v. Islamic Republic of Iran*, 235 F. Supp. 3d 45, 47 (D.D.C. 2017) ("The clear language of the statute provides that service may be accomplished pursuant to § 1608(a)(3) only if service cannot be made pursuant to subsections (a)(1) and (a)(2).").

The Court need not decide whether a deficiency-based rejection alone satisfies the "cannot be made" predicate of Section 1608(a)(3).  Here, the record simply does not establish that Plaintiff ever submitted a conforming request pursuant to Article 5 of the Convention, including the model request form annexed to the Convention (Form USM-94).[3]  Plaintiff instead argues that service compliant with the method prescribed by Section 1608(a)(3) is sufficient.  *See* ECF 34 at 10

---

[3] Article 5 establishes the Convention's principal channel for service through the receiving state's Central Authority.  Hague Service Convention art. 5.  To invoke this channel, an applicant must submit a model request form, *id.* art. 3, and any required translations, *id.* art. 5.  This procedure ordinarily constitutes service "in accordance with an applicable international convention" under Section 1608(a)(2).  Article 5 is therefore central here:  Plaintiff's failure to submit a conforming request to Vietnam's Central Authority, *see* ECF 33 at 1–2, demonstrates that he failed to attempt the mandatory Section 1608(a)(2) channel before jumping to the subordinate mail method.

4

("Service under §1608(a)(3) is complete upon delivery to the foreign minister in the foreign state. That occurred here . . . . A defendant cannot require a plaintiff to repeat service through a different statutory method once valid."). This assertion, however, ignores the FSIA's "hierarchical order" for service of foreign states, *Republic of Sudan*, 139 S. Ct. at 1054, as service by mail under Section 1608(a)(3) is proper only "if service cannot be made under paragraphs (1) or (2)." Furthermore, Plaintiff cannot rely on the Central Authority's stated preference for diplomatic channels to excuse his noncompliance. *See* ECF 33 at 2. A foreign state's internal-channel preference does not establish that Convention service "cannot be made" where the plaintiff's own request was independently defective. 28 U.S.C. § 1608(a)(3). The remedy for such noncompliance is to cure the deficiencies and attempt service again, not to treat them as making the Convention route unavailable. Given that Plaintiff never made a conforming attempt under Section 1608(a)(2), his resort to Section 1608(a)(3) was premature, and service on Vietnam was defective.

Application of the *Keegel* factors confirms that there is good cause to set aside the entry of default. 627 F.2d at 373. Because Vietnam was never properly served, its obligation to respond to the complaint never arose, and its failure to appear was not willful. *See Scott*, 598 F. Supp. 2d at 36. Nor would setting aside the default prejudice Plaintiff, who must simply complete service in the manner the FSIA prescribes. That such a ruling would delay the potential satisfaction of his claims, should he ultimately prevail, is not cognizable prejudice. *See Keegel*, 627 F.2d at 374. Finally, a defense is meritorious for purposes of *Keegel* if it contains "even a hint of a suggestion" that could constitute a complete defense, *id.* (citation and internal quotation marks omitted), and the insufficiency of service here easily clears that threshold.

Plaintiff's principal responses do not change the analysis.  He contends that the Ministry of Foreign Affairs was the proper recipient and that the Ministry of Justice's letter should be disregarded.  Such an argument inverts the statutory structure.  The Ministry of Justice is Vietnam's designated Central Authority and the required recipient for Convention service under Section 1608(a)(2); the Ministry of Foreign Affairs is the recipient only for the subordinate mail method under Section 1608(a)(3).  *See* 28 U.S.C. § 1608(a)(2)–(3); Hague Service Convention art. 2 (requiring each contracting state to designate a Central Authority to receive requests for service from other contracting states); ECF 33 at 1 (Ministry of Justice identifying itself as "the Central Authority of Viet Nam" under the Convention).  The Ministry of Justice's letter is not extraneous—it illustrates that Plaintiff did not follow Section 1608(a)'s hierarchy.

Plaintiff next relies on the Defendants' actual notice of this action.  But actual notice does not cure defective service.  "[C]ompliance with the Convention is mandatory in all cases to which it applies."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  Section 1608(a) likewise requires strict compliance regardless of a defendant's awareness of the suit.  *See Transaero*, 30 F.3d at 154.  Actual notice may bear on the willfulness of a default once valid service is established; it is not a substitute for service of a foreign sovereign.

The Individual Defendants are in a different position.  Individual foreign officials sued for their own conduct are not a "foreign state" under the FSIA.  *See Samantar v. Yousuf*, 560 U.S. 305, 325 (2010).  Service on foreign individuals is governed instead by Rule 4(f).  Plaintiff proceeded under Rule 4(f)(2)(C)(ii), which authorizes service by clerk-addressed mail requiring a signed receipt unless prohibited by the foreign country's law.  That channel seems to be available here.  The Convention permits, but does not mandate, service by mail where the receiving state has not objected.  *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017).  Vietnam has not

categorically objected to Article 10(a):  its declarations permit service by registered mail with acknowledgement of receipt.  *See* ECF 33 at 2; *Cawthon v. Manh*, No. 1:24-cv-3506, 2024 WL 4263141, at *2 (S.D.N.Y. Sept. 23, 2024).

The validity of service on the Individual Defendants therefore reduces to a single requirement that does double duty under both Rule 4(f)(2)(C)(ii) and Vietnam's Article 10(a) condition:  a signed receipt for each defendant.  In particular, Rule 4(l)(2)(B) directs that service "made under Rule 4(f)(2) or (f)(3)" "must be proved" "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee."  Although Plaintiff purported to submit returns of service for the thirteen Individual Defendants against whom default has been entered, the filings do not appear to establish that a valid signed receipt exists for each of them.  *See* ECF 24; ECF 36; ECF 38.  Plaintiff included photos of return receipts, envelopes, and untranslated screenshots of a website in Vietnamese, but the Court does not see any signed receipts or confirmation of delivery to the particular addressees in those materials.[4]  Because the adequacy of the signatory evidence bears directly on the validity of service, the Court will require Plaintiff to clarify this point before determining whether those defaults may stand.  Should the record fail to establish valid service on any of those Individual Defendants, the *Keegel* factors would support setting aside the corresponding defaults for the same reasons stated above.

Turning to Plaintiff's motions for subpoenas, ECF 9; ECF 18, the Court denies those requests as being filed too early.  Where "not all," if any, "Defendants have been served," "discovery is not yet appropriate and . . . the motion for the issuance of subpoenas is premature at

---

[4] If Plaintiff intends for the screenshots from "Vietnam Post" to serve as evidence, *see, e.g.*, ECF 24 at 5–10, he must provide a certified English translation to allow the Court to evaluate them.

this stage." *Pinson v. U.S. Dep't of Just.*, No. 18-cv-486, 2019 WL 1284595, at *3 (D.D.C. Mar. 20, 2019).  Indeed, Rule 26(d)(1) commands that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Because no such conference has occurred yet and service remains in dispute, the Court denies the requests for subpoenas.

Accordingly, it is hereby

**ORDERED** that the Entry of Default against the Socialist Republic of Vietnam, ECF 22, is **SET ASIDE**; and it is further

**ORDERED** that, on or before July 23, 2026, Plaintiff shall file a memorandum explaining whether a signed receipt or other evidence of delivery to the particular addressee was obtained for each of the thirteen Individual Defendants named in Docket Entries 28, 29, 44, and 45, attaching any such receipts or translated evidence; and it is further

**ORDERED** that the Motions for Subpoenas, ECF 9; ECF 18, are **DENIED**.

DATE:  June 23, 2026

_____

CARL J. NICHOLS
United States District Judge